DUANE MORRIS LLP
Hyman L. Schaffer
Fran M. Jacobs
Gregory P. Gulia
Brian Damiano
1540 Broadway
New York, New York 10036
(212) 692-1000
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SOFTWARE AG, INC. and SOFTWARE AG,     :

                Plaintiffs,     :    08-CV-00389 (CM) (FM)

       -against-     :

           :     **DECLARATION OF**
CONSIST SOFTWARE SOLUTIONS, INC.,    :     **<u>RICARDO DO NASCIMENTO</u>**
f/k/a CONSIST INTERNATIONAL, INC. and   :
NATALIO FRIDMAN,     :

                Defendants.     :

------------------------------------------------------------------x

RICARDO DO NASCIMENTO hereby declares:

     1.     I am a partner in the Brasilian law firm David Do Nascimento Advogados

Associados located at Av. Paulista, 1294 – 16 andar, CEP 01310-915, Sao Paulo/SP. I received

my Bachelor's Degree in Law from Faculdades Metropolitanas Unidas de Sao Paulo in 1994. I

practice in the areas of intellectual property law, unfair competition, consumer law, and software

and domain name conflicts issues.

     2.     I have personal knowledge of the facts and law stated herein and am competent to

testify thereto. I have translated the Brasilian laws quoted herein from Portuguese to English.

     3.     The Brasilian trademark system is a registration based system. The Brasilian

Industrial Property Law ("Brasilian IP Law") has adopted the attributive system, which

prescribes that the ownership of a mark is acquired only by the registration of the mark with the

Brasilian Patent and Trademark Office ("Brasilian Trademark Office").  Article 129 of the

Brasilian IP Law states:

> "Ownership of a mark shall be acquired by a valid registration pursuant,
> to the provisions of this Law; the owner shall have exclusive use of the
> mark throughout the national territory, without prejudice of the provisions
> of Arts. 147 and 148 with respect to collective and certification marks."

Although there is now one exception to the registration only based system, when Consist

Consultoria Sistemas E Representacoes Ltda applied to register and obtained registration for the

ADABAS and NATURAL marks, Brasil's trademark system was solely a registration based

system.

4.    According to records of the Brasilian Trademark Office, the company "CONSIST

CONSULTORIA SISTEMAS E REPRESENTACOES LTDA" owns the following registrations

in Brasil for the trademarks ADABAS and NATURAL:

a) Trademark registration No.: 811798313
Mark:  "ADABAS" (Word mark)
Filing Date: 11/30/1984
Granting Date: 11/25/1986

b) Trademark Registration No. 814447236
Mark:  "ADABAS" (Word mark)
Filing Date: 09/02/1988
Granting Date: 06/12/1990

c) Trademark Registration No. 816316970
Mark: "ADABAS" (Word mark)
Filing Date: 08/28/1991
Granting Date: 05/11/1993

d) Trademark Registration No. 811798283
Mark: "NATURAL" (Word mark)
Filing Date: 11/30/1984
Granting Date: 09/09/1986

e) Trademark Registration No. 811798291
Mark:: "NATURAL" (Word mark)
Filing Date: 11/30/1984
Granting Date: 03/25/1986

f) Trademark Registration No. 811798305
Mark "NATURAL" (Word mark)
Filing Date: 11/30/1984
Granting Date: 03/25/1986

These registrations are all valid and in full force and effect under Brasilian law.

5.     Brasilian IP Law provides and has long provided that all applications to register trademarks with the Brasilian Trademark Office must be published in the Official BPTO Bulletin.  Pursuant to Article 158 of Brasilian IP Law, "[o]nce recorded the application shall be published to enable contestations to be filed within a period of sixty (60) days."  Software AG did not file any opposition to any of the trademarks listed in paragraph four (4) above during the sixty (60) day period after publication.

6.     Article 174 of the Brasilian IP Law provides a statute of limitations of five (5) years from the date of registration of a mark for a party to seek the cancellation of the trademark registration.  Article 174 states that "[p]roceedings to declare the nullity of a registration shall prescribe within a period of five (5) years from the date of registration."  Software AG did not file any cancellation actions against any of the registrations listed in paragraph four (4) above during the five (5) year period after the registrations issued.

7.     Under Brasilian IP Law there is no legal obligation to prove actual use of a mark in order to secure a trademark registration for the mark in Brasil.

8.     Brasilian IP Law protects consumers as well as trademark owners.  The Brasilian Trademark Office always examines an applied-for mark to determine if the mark will cause consumer confusion in Brasil.  To ensure that the interests of Brasilian consumers are thoroughly considered, the Instituto Nacional de Propriedade Industrial (INPI), the equivalent of the United

- 3 -

States Patent and Trademark Office, participates in all actions regarding ownership of trademarks.

9.    The Brasilian IP Code, in effect from December 12, 1971 until May 15, 1997, provided in its Article 90 that a license agreement had to specify the licensor's obligation to exercise quality control over the licensed products. I have reviewed the Distributorship Agreement between Software AG, Software AG of North America and Pan American Computer Systems, Inc. effective from January 1, 1984 to December 31, 1986 (the "Distributorship Agreement") and it does not specify any obligation to exercise quality control.

10.    Article 175 of the Brasilian IP Law provides that any judicial cancellation action, as well as judicial proceeding involving Brasilian intellectual property rights, must be filed before the Brasilian Federal Court of Justice and in those cases in which the Brasilian Trademark Office is not a plaintiff, the Brasilian Trademark Office shall participate in the proceedings. Article 175 states:

> "Nullity proceedings shall be filed before the Federal Courts and in those
> cases in which INPI is not the plaintiff INPI shall participate in the proceedings."

11.    In my opinion the Brasilian Federal Court and the Brasilian Trademark Office would never enforce any decision arising from a foreign court of law regarding a Brasilian trademark registration in light of the Brasilian Federal Court and Brasilian Trademark Office's jurisdiction over all judicial actions regarding Brasilian trademark registrations.

12.    Consist's Brasilian trademark registrations for ADABAS and NATURAL are valid since they were granted under the legal administrative proceeding provided in the Brasilian IP Law, and the judicial cancellation action period has expired, according to the statute of limitations established in Article 174.

- 4 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:    January 22, 2008
                Sao Paulo, Brasil

_____
RICARDO DO NASCIMENTO