UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SOFTWARE A.G., INC. and SOFTWARE AG,

        Plaintiffs,

    -against-                                    08 Civ. 389 (CM)(FM)

CONSIST SOFTWARE SOLUTIONS, INC.,
f/k/a/ CONSIST INTERNATIONAL, INC., and
NATALIO FRIDMAN,

        Defendants.

------------------------------------------------------------x

                                    NOTICE TO COUNSEL

McMahon, J.:

        I have reviewed your submissions.

        I was surprised to see, in plaintiffs' submission, considerable reference to foreign (notably German) law. While Rule 44.1 no longer requires a party to "prove" foreign law by affidavit, it does require that a party who intends to raise an issue concerning the law of a foreign county give notice by pleading or by some other writing. Defendants gave notice of intent to rely on foreign law (the law of Brazil) some time ago. Plaintiffs gave no such notice prior to the hearing.

        However, I am not inclined to stand on ceremony, since that will only lead to further motion practice somewhere down the line. Therefore, by close of business next Thursday, I want further submissions from both sides on German law.

        In discussing German law, you should know that I have already concluded that Software AG was well aware that Consist was registering the trademarks in Brazil and that Mr. Schnell gave Mr. Fridman permission to do so. That being so, the cases cited by Software AG about registrations done without the knowledge or consent of the trademark owner appear to be irrelevant.

        As to German law, Consist needs to respond to the law cited by Software AG to the effect that, even if a third party registers a mark with consent, that consent can be revoked. Obviously, the response needs to address the territoriality issue, because the trademarks were registered in Brazil, not in Germany. Also, does the fact that the parties' relationship was governed by New York law at the time of "revocation" make German law on this point irrelevant?

Both sides need to address another question. The 1984 contract obligated Consist to protect the SYSTEMS and the marks associated with them. That *contractual* obligation was governed, at the time the marks were registered, by German law. As a matter of German law, did the contractual obligation then in existence require Consist to register the marks for the benefit of Software AG, or does the contractual obligation have the effect of creating something like a constructive trust in favor of Software AG, regardless of how the mark was registered? Or is there some German law governing distributorship agreements that speaks to this issue? And does the amount of time that has passed since the registration have anything to do with the enforceability of any such obligation? Under U.S. law, the time for bringing suit for breach of a contractual obligation to register the marks for benefit of Software AG has long since passed, and Software AG's negligence in taking any steps to figure out how Consist was protecting the marks would not incline me to find that the statute of limitations had been tolled.

I will continue working on other aspects of the opinion.

Dated: February 1, 2008

U.S.D.J.

BY ECF AND FAX TO ALL COUNSEL