DUANE MORRIS LLP
Hyman L. Schaffer
Fran M. Jacobs
Gregory P. Gulia
Brian Damiano
1540 Broadway
New York, New York 10036
(212) 692-1000
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SOFTWARE AG, INC. and SOFTWARE AG,

                Plaintiffs,

    -against-

CONSIST SOFTWARE SOLUTIONS, INC.,
f/k/a CONSIST INTERNATIONAL, INC.
and NATALIO FRIDMAN,

                Defendants.

-------------------------------------------------------------------x

08 CV 00389 (CM) (FM)

**DECLARATION OF
GREGORY P. GULIA IN
SUPPORT OF DEFENDANTS'
SUPPLEMENTAL PROPOSED
FINDINGS OF FACT AND
<u>CONCLUSIONS OF LAW</u>**

GREGORY P. GULIA declares:

1.    I am a member of the law firm of Duane Morris LLP, attorneys for defendants

Consist Software Solutions, Inc. f/k/a Consist International, Inc. ("Consist") and Natalio Fridman

in the above-captioned action. I submit this Declaration in support of Consist's Supplemental

Proposed Findings of Fact and Conclusions of Law.

2.    On January 28, 2008, the law firm Montaury Pimenta, Machado & Lioce located

in Sao Paulo, Brazil filed an action in the 13th Civil District Court of Sao Paulo on behalf of

Consist Consultoria Sistemas e Representacoes Ltda. ("Consist Brasil"), the owner of the

Brazilian trademark registrations for the ADABAS and NATURAL marks, against Software AG

Informatica e Servicos Ltda. ("Software AG"), seeking a preliminary injunction compelling Software AG to cease all use and planned use of the ADABAS and NATURAL marks in Brazil.

3.     Consist Brasil's lawsuit also includes claims that Software AG's unauthorized use of Consist Brasil's ADABAS and NATURAL marks constitutes unfair competition and causes the dilution of the distinctiveness of the ADABAS and NATURAL marks.

4.     A true and correct copy of the Complaint filed by Consist Brasil against Software AG is annexed hereto as Exhibit A.

5.     On February 13, 2008, the 13th Civil District Court of Sao Paulo issued a decision granting the preliminary injunction and ordering Software AG to stop using and advertising the brands ADABAS and NATURAL in Brazil.

6.     A true and correct copy of the decision of the 13th Civil District Court of Sao Paulo from the website of the Tribunal de Justica de Estado de Sao Paulo located at http://www.tj.sp.gov.br/PortalTJ/Paginas/Pesquisas/Primeira_Instancia/Por_comarca_civel.aspx is annexed hereto as Exhibit B. The decision translates in pertinent part as follows: "The preliminary injunction is granted ordering Defendants to stop using and advertising the brands ADABAS and NATURAL".

Pursuant to 28 U.S.C. § 1746, I declare under the penalties of perjury that the foregoing is true and correct.

Dated: New York, New York
       February 13, 2008

                                                   /s/Gregory P. Gulia
                                                   Gregory P. Gulia

# EXHIBIT A

## MONTAURY PIMENTA, MACHADO & LIOCE
ADVOGADOS – PROPRIEDADE INTELECTUAL

LUIZ EDGARD MONTAURY PIMENTA
EDUARDO MAGALHÃES MACHADO

ALLINE AMARAL MARTINS
ANA PAULA SILVA JARDIM
BRUNA REGO LINS
CARLA PAIVA PINHEIRO
CARLOS MAX OLIVEIRA DA SILVA
CLARISSA CASTRO JAEGGER
EDUARDO L. DE OTERO

JOANA DE MATTOS SIQUEIRA
MARCELLE F. ESPÍNDOLA
M. LAVINIA MAURELL
MARIANNA FURTADO DE MENDONÇA
SÉRGIO NERY BARBALHO MAIA

CONSULTOR:
CARLOS MONTAURY PIMENTA

**EXMO. SR. DR. JUIZ DE DIREITO DA    VARA CÍVEL DA COMARCA DE SÃO PAULO – SP**

**CONSIST CONSULTORIA SISTEMAS E REPRESENTAÇÕES LTDA.**, sociedade brasileira, com sede na Av. das Nações Unidas, 20727, CEP: 04795-100 - São Paulo - SP, inscrita no CNPJ sob o n.º 43.211.630/0001-18, vem, por seus advogados abaixo assinados **(doc. 01)**, com fundamento nos artigos 5º, XXIX da Constituição Federal; artigos 124, XIX e XXIII; 129; 130, III; 131, 189, I; 190, I; 195, III; 207; 208; 209 e 210 da Lei 9.279/96; artigo 4º, VI, da Lei 8.078/90; artigo 186 e 927, do Código Civil e artigos 273, I, 282, 283, 287 e 461 *caput*, § 3º e § 4º do Código de Processo Civil, propor a presente

### AÇÃO DE ABSTENÇÃO DE USO INDEVIDO DE MARCA
### COM PEDIDO DE TUTELA ANTECIPADA

em face de **SOFTWARE AG INFORMÁTICA E SERVIÇOS LTDA.**, sociedade brasileira, com sede nessa cidade de São Paulo - SP, na Avenida das Nações Unidas, 12551, 9º andar, CEP: 04578-000, inscrita no CNPJ sob o nº **074.556.077/0001-89** , pelos fatos e fundamentos a seguir expostos:

MONTAURY PIMENTA, MACHADO & LIOCE
ADVOGADOS – PROPRIEDADE INTELECTUAL

## I – DA AUTORA

A Autora foi fundada em São Paulo, em 1972, pelo empresário Natalio Fridman. Já em 1974, a empresa americana do grupo empresarial que a Autora faz parte firmou contrato de distribuição de programas de computador com a empresa Software AG, INC, iniciando uma parceria de 33 anos de sucesso.

Em 1980, a CONSIST, visando atender a cultura das empresas brasileiras e a legislação de nosso país, cria o primeiro de uma série de softwares desenvolvidos no Brasil.

Em 1981, a CONSIST cria uma empresa coligada a Teleinformática, com o objetivo de desenvolver soluções em software para o mercado brasileiro, o qual, até então, era dominado por "*pacotes importados*" e tinham que ser customizados à cultura e legislação brasileira, exigindo grandes investimentos das empresas.

Em 1982, a CONSIST abre no Rio de Janeiro, a primeira das 19 filiais espalhadas por todo Brasil e a presença no exterior começa a acontecer em 1985, com a inauguração da CONSIST Argentina, como o primeiro dos 10 países onde a empresa passa a atuar. Uma expansão que ultrapassou fronteiras e aconteceu de forma natural.

Em 1985, o empreendorismo de Natalio Fridman é reconhecido pelo mercado brasileiro, tendo sido eleito "Personalidade Emérita de Informática", pela Associação Nacional de Dirigentes Executivos de Informática, sendo o principal representante de uma nova geração - a dos pioneiros na produção de software totalmente brasileiro.

Trinta e cinco anos de existência representam uma eternidade na dinâmica e competitiva indústria de software e tal sucesso não foi fruto de mero acaso, mas sim de vultosos investimentos, comprometimento, competência e dedicação.

**MONTAURY PIMENTA, MACHADO & LIOCE**
ADVOGADOS – PROPRIEDADE INTELECTUAL

Como conseqüência natural e coerente da cuidadosa administração da Autora, esta logrou proteger as marcas dos produtos que comercializa junto ao Instituto Nacional da Propriedade Industrial - INPI, sendo atualmente titular de diversos registros de marca, abaixo listadas, todos devidamente concedidos pelo INPI:

| REGISTRO | MARCA | CLASSE | DATA DO DEPÓSITO | DATA DA CONCESSÃO |
|---|---|---|---|---|
| 826924751 (doc.02) | "CONSIST" | 09 | 22.12.2004 | 02.10.2007 |
| 826924778 (doc.03) | "CONSIST" | 38 | 22.12.2004 | 02.10.2007 |
| 824315570 (doc.04) | "CONSIST BUSINESS INFORMATION TECHNOLOGY" | 41 | 26.02.2002 | 24.04.2007 |
| 824315588 (doc.05) | "CONSIST BUSINESS INFORMATION TECHNOLOGY" | 16 | 26.02.2002 | 24.04.2007 |
| 824315596 (doc.06) | "CONSIST BUSINESS INFORMATION TECHNOLOGY" | 09 | 26.02.2002 | 24.04.2007 |
| 817756035 (doc.07) | "CONSIST" | 16 | 05.04.1994 | 07.05.1996 |
| 817756043 (doc.08) | "CONSIST" | 41 | 05.04.1994 | 07.05.1996 |
| 824315561 (doc.09) | "CONSIST BUSINESS INFORMATION TECHNOLOGY" | 42 | 26.02.2002 | 24.04.2007 |
| 816316988 (doc.10) | "TELEINFORMATICA" | 41 | 28.08.1991 | 11.05.1993 |

**MONTAURY PIMENTA, MACHADO & LIOCE**
ADVOGADOS – PROPRIEDADE INTELECTUAL

| | | | | |
|---|---|---|---|---|
| 816316996 (doc.11) | "COM-PLETE" | 41 | 28.08.1991 | 11.05.1993 |
| 816317003 (doc.12) | "CONSIST" | 16 | 28.08.1991 | 11.05.1993 |
| 812498763 (doc.13) | "CON-NECT" | 11 | 26.03.1986 | 29.12.1987 |
| 814447236 (doc.14) | "ADABAS" | 09 | 02.09.1988 | 12.06.1990 |
| 816316970 (doc.15) | "ADABAS" | 40 | 28.08.1991 | 11.05.1993 |
| 811798305 (doc.16) | "NATURAL – (BR)" | 09 | 30.11.1984 | 25.03.1986 |
| 811798313 (doc.17) | "ADABAS – (BR)" | 16 | 30.11.1984 | 25.11.1986 |
| 811827887 (doc.18) | "TELEINFORMATICA" | 11 | 19.12.1984 | 25.03.1986 |
| 811448401 (doc.19) | "CONSIST" | 41 | 27.01.1984 | 22.09.1987 |
| 811798283 (doc.20) | "NATURAL – (BR)" | 16 | 30.11.1984 | 09.09.1986 |
| 811798291 (doc.21) | "NATURAL – (BR)" | 40 | 30.11.1984 | 25.03.1986 |
| 006497233 (doc.22) | "CONSIST" | 40 | 30.03.1976 | 10.01.1997 |
| 006948502 (doc.23) | "COM-PLETE" | 40 | 12.05.1978 | 25.06.1979 |
| 811448371 (doc.24) | "CONSIST" | 11 | 27.01.1984 | 21.05.1985 |

## II – DOS FATOS

Como já informado, a empresa norte-americana do grupo empresarial que a Autora faz parte firmou contrato de distribuição com a empresa Software AG, INC para comercializar seus softwares em todo o território brasileiro. Ocorre que sem qualquer motivo justificado, a empresa Software AG, INC decidiu por rescindir o contrato e estabelecer no Brasil a Empresa-Ré, SOFTWARE AG INFORMÁTICA E SERVIÇOS LTDA., para a distribuição de seus produtos causando sérios prejuízos à Autora, rescisão essa que é objeto de discussão judicial na Corte de Nova York, E.U.A.

Como se já não bastassem os prejuízos causados à Autora em virtude da proposta de rescisão do contrato de distribuição com a empresa Software AG, INC. e, não obstante os registros das marcas **"ADABAS"** e **"NATURAL"** serem de titularidade da Autora, a Empresa-Ré, SOFTWARE AG INFORMÁTICA E SERVIÇOS LTDA., vem utilizando indevidamente tais marcas na divulgação e comercialização de seus produtos e serviços no Brasil.

A Ré ao utilizar indevidamente marcas de propriedade da Autora (**doc. 25**), vem **vulgarizando** e **diluindo** dia a dia as marcas **"ADABAS"** e **"NATURAL"**, devida e regularmente registradas pela Autora perante o INPI, há mais de 23 anos.

Sem outra alternativa, a Autora socorre-se do Poder Judiciário para inibir, inclusive liminarmente, flagrante violação a seu direito marcário.

MONTAURY PIMENTA, MACHADO & LIOCE
ADVOGADOS – PROPRIEDADE INTELECTUAL

## III – DO DIREITO

### III.a - DA VIOLAÇÃO DAS MARCAS DA AUTORA

A Ré incorre em nítida violação ao direito marcário da Autora.

Como acima mencionado, a Autora é titular de registros para as marcas **"ADABAS"**, **"COM-PLETE"** e **"NATURAL"**, visando assinalar programas de computador e serviços de consultoria empresarial, implementação, treinamento e manutenção, o que lhe confere o direito de **uso exclusivo** sobre os referidos signos distintivos, a teor do que dispõe o artigo 129 da Lei de Propriedade Industrial (Lei nº 9.279/96)[1]:

> *Art. 129. A propriedade da marca adquire-se pelo registro validamente expedido, conforme as disposições desta Lei, **sendo assegurado ao titular seu uso exclusivo em todo o território nacional**, (...)*. Grifamos.

A Lei nº 9.279/96, em seu art. 130, inciso III, também assegura ao titular e ao depositante da marca o direito de zelar pela sua integridade material e reputação:

> *Art. 130. Ao titular da marca ou ao depositante é ainda assegurado o direito de:*
>
> *(...) III - zelar pela sua integridade material ou reputação.*

---

[1] O artigo 5º, XXIX, da Constituição Federal de 1988, assegura proteção legal à propriedade das marcas:
"Art. 5º: (...)
XXIX – a lei assegurará aos autores de inventos industriais privilégio temporário para sua utilização, bem como proteção às criações industriais, à propriedade das marcas, aos nomes de empresas e a outros signos distintivos, tendo em vista o interesse social e o desenvolvimento tecnológico e econômico do País; (...)"

Como conseqüência dos dispositivos acima mencionados, o uso indevido e não autorizado das marcas da Autora é **crime contra registro de marca**, conforme dispõe o artigo 189 da Lei da Propriedade Industrial:

> *Art. 189. Comete crime contra registro de marca quem:*
>
> *I – reproduz, sem autorização do titular, no todo ou em parte, marca registrada, **ou imita-a de modo que possa induzir confusão**; ou (...)".* Grifamos.

A Ré incorre, ainda, na proibição contida no artigo 190, I[2], da Lei de Propriedade Industrial, que tipifica como ilícito penal a comercialização de produto assinalado com marca ilicitamente imitada.

A Lei nº 9.279/96, em seu artigo 124, XIX, veda a imitação marcária perpetrada pela Ré:

> *Art. 124 - Não são registráveis como marca:*
>
> *(....)*
>
> *XIX - reprodução ou **imitação, no todo ou em parte**, ainda que com acréscimo, de marca alheia registrada, **para distinguir ou certificar produto ou serviço** idêntico, semelhante ou **afim, suscetível de causar confusão ou associação com marca alheia.** Grifamos.*

Como já ressaltado, a identidade entre as marcas em questão é inquestionável, assim como a identidade dos produtos e serviços oferecidos por ambas as empresas sob a mesma marca é cristalina: Programas de computador e serviços de consultoria empresarial, implantação, treinamento e manutenção.

---

[2] "Art. 190 – Comete crime contra o registro de marca quem importa, exporta, vende, oferece ou expõe à venda, oculta ou tem em estoque:
I - produto assinalado com marca ilicitamente reproduzida ou imitada, de outrem, no todo ou em parte; ou (...)"

# MONTAURY PIMENTA, MACHADO & LIOCE
### ADVOGADOS – PROPRIEDADE INTELECTUAL

Portanto, a partir das normas citadas acima, é possível concluir que a Autora está amplamente amparada pela legislação pátria que foi desrespeitada pela Ré. Busca-se, portanto, a tutela judiciária para impedir que a Ré continue a utilizar as marcas da Autora para identificar os mesmíssimos produtos e serviços.

A jurisprudência é pacífica acerca da proibição da utilização de marca registrada por terceiro, vejamos:

"EMENTA:
CONCORRÊNCIA DESLEAL. EMPRESAS COM A MESMA ATIVIDADE COM NOMES IDÊNTICOS I 9 E I NOVE. IMPOSSIBILIDADE DO USO DO NOME COM A FINALIDADE DE EVITAR CONFUSÃO. SENTENÇA QUE RECONHECEU MANTIDA. RECURSO PROVIDO EM PARTE PARA ACERTO DA INDENIZAÇÃO A SER APURADA POR ARBITRAMENTO.

(...)

A r. sentença (fls.95/104), em razão da identidade fonética entre os nomes I Nove e I 9, julgou procedente ação cominatória ajuizada pela I nove, que pretende uso exclusivo de seu nome e marca registrada, e, ainda, indenização pelos danos que lhe causou a concorrente I 9, que foi condenada a retirar de seu nome a expressão I 9 e a utilizá-lo, bem como ao pagamento de indenização por perdas e danos em valor a ser apurado em liquidação de sentença.
(...)
Por outro lado, atuar ou não atuar no Estado de São Paulo é totalmente irrelevante no caso em questão, pois a I 9 está autorizada a praticar suas atividades, com sua marca devidamente registrada em todo o território nacional (fls.19/22) já que o órgão que a autorizou, em 1990, é o Instituto Nacional de Propriedade Industrial. Ademais, esse registro existe justamente para proteger as marcas de um possível uso indevido das mesmas, inclusive por concorrentes.

E, sobre marca, José Henrique Pierangeli bem define: "Quanto à sua apresentação e forma, a marca pode ser: marca nominativa, que é aquela que está representada por inscrições convencionais do mundo ocidental, caracterizada por letras latinas e algarismos arábicos ou romanos, os quais permitem a combinação de palavras, ou formem uma única palavra, capazes de serem lidas e enunciadas fluentemente, mesmo que formem nomes de fantasias, isto é, nomes ou palavras que não constem no vernáculo" (Crimes de Concorrência Desleal, Editora Revista dos Tribunais).

E, conforme leciona Newton Silveira: "Ao mesmo tempo em que o empresário organiza os meios de que dispõe para o exercício da empresa conjugando-os a fim de otimizar os resultados, destinação essa que dá unidade ao estabelecimento e que decorre de uma atividade criadora, aplica ao próprio estabelecimento e aos produtos de sua atividade sinais (nomes e/ou símbolos) que possam ser reconhecidos pela clientela e pelos consumidores.

# MONTAURY PIMENTA, MACHADO & LIOCE
### ADVOGADOS – PROPRIEDADE INTELECTUAL

Muito embora esses sinais não constituam obras do espírito (como as invenções e as obras artísticas), eles estão em estreita ligação com tal atividade, sendo por isso tutelados. Assim sendo, todos os sinais usados pelo empresário devem receber a mesma tutela contra a concorrência desleal. (Propriedade Intelectual, Editora Manole)

Conclui-se, portanto, que não é permitido que a apelada, que se estabeleceu no mercado e registrou sua marca, tenha seu nome usado pela concorrente, a apelante, pois esse fato gera confusão nos consumidores e desvio de clientela, caracterizando concorrência desleal. (...)
(Apelação Civel n.º 154.670.4/0-00 – Quarta Câmara de Direito Privado do Tribunal de Justiça do Estado de São Paulo)

"EMENTA:
PROPRIEDADE INDUSTRIAL – Decisão pela qual procedente pedido para que a ora apelante, em três meses, sobrestasse o uso de marcas e nome de domínio na Internet, sob pena de multa diária, além de condenação dessa recorrente por dano moral e a reparar lucro cessante – Admissibilidade – Apelada que providenciara depósito do respectivo nome comercial a título de marca e obtivera registro no INPI – Garantia ao exclusivo uso da marca no território brasileiro, conforme o artigo 129 "caput", da Lei 9.279/1996 – Outrossim, não bastasse essa apelante exercer atividade distinta das descritas no respectivo estatuto social, mesmo em parte, ela atua no ramo da ora recorrida – Risco de confusão e dúvida para consumidores e clientes dessa apelada – Além disso, pela aglutinação da abreviatura de instituto (Instit) e da palavra "ser", forma-se a expressão composta " Instser", realidade a consubstanciar imitação por semelhança ortográfica da marca nominativa "Instituto Ser", nos termos do artigo 124, XIX, do diploma sobredito – Ademais, essas utilizações de marcas e nome de domínio deram-se por aproximadamente uma no – Suficiente comprovação do fato a caracterizar dano moral e ser caso de reparação por lucros cessantes – Recurso não provido."
(APELAÇÃO Nº 497.238.4/1-00– Sexta Câmara de Direito Privado do Tribunal de Justiça do Estado de São Paulo)

Considerando, portanto, a **reprodução** marcária perpetrada pela Ré, bem como o fato de as marcas em tela identificarem **os mesmos produtos e serviços**, conclui-se, inevitavelmente, que a convivência entre ambas é passível de causar **confusão e associação indevida** por parte do mercado em geral, especialmente entre a clientela.

Não resta qualquer dúvida, portanto, de que a Ré vem praticando evidente **violação marcária**, motivo pelo qual a aplicação dos artigos 189, I, e 190, I, da Lei da Propriedade Industrial é imperiosa.

# MONTAURY PIMENTA, MACHADO & LIOCE
ADVOGADOS – PROPRIEDADE INTELECTUAL

## III.b – DA REPARAÇÃO DOS DANOS

A Ré deverá compor os prejuízos causados à Autora pela prática dos atos ilícitos acima mencionados.

Inicialmente, cumpre ressaltar que é princípio geral do direito a proibição de lesão a direito de outrem. Inspirado nessas premissas, o legislador impôs, nos artigos 186 e 927, *caput*, do Código Civil de 2002, a obrigatoriedade de indenização no caso de prática de atos ilícitos:

> *Art. 186. Aquele que, por ação ou omissão voluntária, negligência ou imprudência, violar direito e causar dano a outrem, ainda que exclusivamente moral, comete ato ilícito."*

> *Art. 927. Aquele que, por ato ilícito (art. 186 e 187), causar dano a outrem, fica obrigado a repará-lo."*

Como demonstrado, ocorreu crime contra registro de marca e de concorrência desleal que, conforme os artigos 189, I, 190, I; e 195, III, respectivamente, da Lei nº 9.279/96, caracterizam ilícitos penais.

A concorrência desleal é também considerada ilícito civil, conforme o artigo 209 do mesmo diploma legal. Este dispositivo prevê, ainda, o direito do prejudicado de haver perdas e danos em ressarcimento de prejuízos causados por atos de violação de direitos de propriedade industrial e atos de concorrência desleal[3].

No caso de violação de propriedade industrial e prática de concorrência desleal, a indenização pelos danos acarretados é devida independentemente de comprovação.

---

[3] Outrossim, o art. 207 da Lei nº 9.279/96 prevê o cabimento das ações cíveis (incluindo-se o pedido de indenização por perdas e danos) na forma do Código de Processo Civil.

MONTAURY PIMENTA, MACHADO & LIOCE
ADVOGADOS – PROPRIEDADE INTELECTUAL

Nesse sentido são as lições do saudoso Gama Cerqueira[4]:

> *A simples violação do direito obriga à satisfação do dano*, na forma do art. 159 do CC, não sendo, pois, necessário, a nosso ver, que o autor faça a prova dos prejuízos no curso da ação. *Verificada a infração, a ação deve ser julgada procedente, condenando-se o réu a indenizar os danos emergentes e os lucros cessantes* (CC, art. 1.059), que se apurarem na execução. E não havendo elementos que bastem para se fixar o *quantum* dos prejuízos sofridos, a indenização deverá ser fixada por meio de arbitramento, de acordo com o art. 1.553 do CC. Grifamos.

A moderna jurisprudência também se manifesta no mesmo sentido:

> No caso, a imitação dos produtos REEBOK e a atitude da Suplicada com a pura e simples comercialização dos produtos contrafeitos, assumindo o risco da venda dos mesmos, causou danos materiais e morais passíveis de indenização, pouco importando se a venda dos produtos contrafeitos se deu em pequena ou larga escala, eis que o *evento, por si só, gera a presunção de prejuízo, não logrando a parte ré elidir tal presunção de veracidade, nos termos do art. 159 do C. Civil*, eis que presentes a conduta da Ré, o dano sofrido pelas Autoras e o nexo causal entre a conduta e o resultado." (grifos nossos) (Tribunal de Justiça do Rio de Janeiro - Apelação Cível nº 2414/99, Rel. Des. Jorge Luiz Habib, 18ª Câmara Cível, j. 11.03.1999).

> Direito de propriedade industrial. Uso indevido de marca registrada. **Perdas e danos. Presunção. Dispensa de prévia prova do prejuízo.** O simples uso indevido de marca comercial registrada, constituindo violação do direito de propriedade industrial, obriga, só por si, à satisfação de perdas e danos, cujo valor será apurado em liqüidação. O mero fato do uso indevido já está causando prejuízo, posto colocar em risco, no mercado, a credibilidade da marca registrada. *Embargos acolhidos.*" (grifos nossos) (Embargos Infringentes na Apelação Cível 81/97 – Reg. 03/09/97, fls. 2380/2384, Rel. Des. Gustavo Kuhl Leite, j. 16/07/97, Tribunal de Justiça do Rio de Janeiro, Partes: Dow Corning Corporation e outra x Molycote do Brasil Indústria e Comércio Ltda.).

---

[4] GAMA CERQUEIRA, João da, Tratado da Propriedade Industrial, 2ª ed. ver. e atual. Por Luiz Gonzaga do Rio Verde e João Casimiro Costa Neto, Revista dos Tribunais, 1982, pp. 916-918.

MONTAURY PIMENTA, MACHADO & LIOCE
ADVOGADOS – PROPRIEDADE INTELECTUAL

> *Assinale-se que o ramo de atividade das apeladas é a fabricação e venda de relógios, talvez a exploração de maior destaque da apelante, "Cartier", mundialmente conhecida com este tipo de indústria e comércio.*
>
> *(...)*
>
> *Destarte, não resta dúvida que cometeram o ilícito civil, restando prejuízos à apelante, presente o nexo causal, que obriga à indenização por perdas e danos.*
> *Sobre não estar definido o valor desse prejuízo, nada importa para que seja devido, **bastando a ocorrência do ilícito sendo desnecessária a prova do prejuízo em concreto, de acordo com a tendência atual sobre o assunto, conferindo-se ao Juiz amplos poderes para determinar a extensão da reparação, apurados em liquidação de sentença.** (grifamos) (Apelação Cível no. 256.737-1/0, São Paulo, rel. Linneu Carvalho, Tribunal de Justiça de São Paulo, julgamento de 11/06/96).*

Registre-se que a marca tem grande valor econômico, o qual se mantém enquanto houver distintividade. Se uma marca deixa de ser distintiva em razão de imitações, como a perpetrada pela Ré, todo o investimento realizado pelos seus titulares terá sido em vão, sendo necessária a devida restituição dos gastos realizados, a fim de possibilitar o fortalecimento da marca que sofreu ataques ao seu poder atrativo.

Impõe-se, assim, o pagamento de perdas e danos causados à Autora pela Ré, em montante que lhe confira caráter sancionatório, a serem apurados em liquidação de sentença, nos moldes do disposto nos artigos 208 e 210 da Lei da Propriedade Industrial.

MONTAURY PIMENTA, MACHADO & LIOCE
ADVOGADOS – PROPRIEDADE INTELECTUAL

## IV - DA NECESSIDADE DE CONCESSÃO DE ANTECIPAÇÃO DE TUTELA INIBITÓRIA

Há, no caso em tela, necessidade de concessão de tutela antecipada, consubstanciada em uma obrigação de não fazer, qual seja a imediata abstenção, por parte da Ré, de utilizar e divulgar, sobre qualquer forma, as marcas "**ADABAS**" e **"NATURAL"** ou qualquer outro sinal que possa induzir a falsa associação com as marcas de titularidade da Autora.

O requisito da fundamentação relevante, exigido pela lei para a antecipação dos efeitos da tutela (artigos 273, I e 461, § 3°, do Código de Processo Civil), já restou terminantemente demonstrado, quer pela narrativa dos fatos acima, quer pela demonstração da gama de direitos que amparam a pretensão da Autora ou, ainda, pela farta documentação carreada à presente, que comprova plenamente a violação de direito marcário perpetrada pela Ré.

**Portanto, há elementos neste processo de prova inequívoca (reprodução), apta a convencer o Juízo da verossimilhança das alegações da Autora. Atendido este requisito legal, vejamos o requisito do perigo de dano irreparável.**

O *periculum in mora* está configurado, tendo em vista os atos de violação marcária e de concorrência desleal praticados pela Ré.

**MONTAURY PIMENTA, MACHADO & LIOCE**
ADVOGADOS – PROPRIEDADE INTELECTUAL

Se ao longo de todo o processo judicial, a Autora tiver de conviver com a violação à sua marca, **esta, ao final do processo, já estará enfraquecida e desgastada**[5].

Com efeito, o uso indevido das marcas da Autora está a enfraquecer progressivamente o seu poder distintivo, bem como a sua atratividade e exclusividade, motivo pelo qual se impõe, **de imediato**, a concessão da tutela antecipada, para que seja cessada essa inadmissível violação a um dos mais valiosos bens da Autora.

O perigo na demora do provimento judicial, além de contribuir para o aumento dos nefastos danos causados pela diluição, favorece, também, a prática de atos de concorrência desleal e parasitária pela Ré.

Discorrendo justamente sobre a necessidade da concessão de tutela antecipada em ações versando sobre propriedade industrial, o professor Humberto Theodoro Jr.[6] assim se manifestou:

> *"No caso das ações em torno da propriedade industrial, por exemplo, de nada valeria, ou pouco valeria proibir o uso do invento patenteado ou da marca registrada, se ao longo do demorado prazo da marcha processual o réu pudesse impunemente continuar a fazer o uso criminoso e a dispor livremente do produto de seu delito."*

---

[5] Eis o ensinamento claro e simples de Filipe Fonteles CABRAL a respeito: "Diluição de marca é uma ofensa à integridade de um signo distintivo, seja moral ou material, por um agente que não necessariamente compete com o titular do sinal. O efeito da diluição de marca é a diminuição do poder de venda do sinal distintivo, seja pela lesão à sua unicidade, seja pela ofensa à sua reputação". (CABRAL, Filipe Fonteles, Diluição de marca: uma teoria defensiva ou ofensiva?, Revista da ABPI – nº 58 – Maio/Junho 2002).
[6] "Painel sobre marcas – Tutela Jurisdicional da Propriedade Industrial", in Anais do V Seminário Nacional de Propriedade Industrial, Belo Horizonte, ABPI, 7 e 8 de outubro de 1985.

MONTAURY PIMENTA, MACHADO & LIOCE
ADVOGADOS – PROPRIEDADE INTELECTUAL

Por esse motivo, a Lei da Propriedade Industrial, no § 1º do artigo 209, autoriza o juiz a determinar liminarmente a suspensão da violação ou ato que a enseje, na forma abaixo:

> Artigo 209 – (...)
> **§1º - _Poderá o juiz, nos autos da própria ação, para evitar dano irreparável ou de difícil reparação, determinar liminarmente a sustação da violação_** ou de ato que a enseje, antes da citação, mediante, caso julgue necessário, caução em dinheiro ou garantia fidujussória. Grifamos.

Este é também o entendimento do E. Tribunal de Justiça do Estado do Rio Grande do Sul, em caso análogo ao presente, em que se tratou da utilização indevida de marca de propriedade de terceiro:

> _AGRAVO DE INSTRUMENTO. ANTECIPAÇÃO DE TUTELA._ **Considerando que os subsídios probatórios e o próprio teor das manifestações das partes indicam que a ré, aqui recorrente, está a utilizar marca pertencente à autora, ora recorrida, e em mesmo ramo comercial, mostra-se correta a decisão que deferiu o pedido de antecipação de tutela para determinar que a recorrente se abstenha de vender, oferecer e expor à venda, fabricar e comercializar produtos que utilizem a marca.** _Exegese dos artigos 5º, XXIX, da Constituição da República, 129, 130 e 131 da Lei nº 9.279/96 e 273 do Código de Processo Civil. Concessão, contudo, de prazo de trinta dias a contar desta decisão para que a recorrente possa cumprir as determinações judiciais, como forma de evitar que o cumprimento das medidas se dê de forma demasiadamente drástica. AGRAVO PROVIDO EM PARTE._
> (TJRS. Agravo de Instrumento nº 70020864484, Décima Sexta Câmara Cível, Relatora: Ana Maria Nedel Scalzilli, julgado em 12/12/2007). Grifamos.

**Frise-se, por fim, que <u>não há que se falar em irreversibilidade na antecipação do provimento, uma vez que a Ré não estará impedida de exercer suas atividades</u>. Pelo contrário, poderá continuá-las, <u>devendo, todavia, adotar outro signo para identificar seus produtos e serviços, que não se assemelhe, nem se confunda, com as marcas de titularidade da Autora.</u>**

MONTAURY PIMENTA, MACHADO & LIOCE

ADVOGADOS – PROPRIEDADE INTELECTUAL

Em vista do todo o exposto, resta clara a necessidade de que seja concedida a antecipação dos efeitos da tutela, *inaudita altera parte*, para determinar que **a Ré se abstenha de utilizar e divulgar, sobre qualquer forma, marca que reproduza as marcas "ADABAS" e "NATURAL", de titularidade da Autora para distinguir softwares e serviços de consultoria empresarial, implantação, treinamento e manutenção.**

### V - DO PEDIDO

Por todo o exposto, a Autora requer:

a) seja concedida, liminarmente, *inaudita altera parte*, a antecipação dos efeitos da tutela, para que a Ré se abstenha, imediatamente, de utilizar e divulgar, sob qualquer forma, marca que imite/reproduza as marcas **"ADABAS"** e **"NATURAL"**, de titularidade da Autora, para distinguir seus produtos e serviços, fixando-se multa diária de R$ 1.000,00 (mil reais), em caso de descumprimento da ordem judicial;

b) seja determinada a citação e a intimação da Ré, <u>por oficial de justiça</u>, no endereço indicado na inicial, para, querendo, contestar a presente demanda, sob pena de revelia;

c) seja confirmada a antecipação de tutela para condenar a Ré a abster-se, definitivamente, de utilizar e divulgar sob qualquer forma, as marcas **"ADABAS"** e **"NATURAL"** ou qualquer outro sinal que possa induzir falsa associação com as marcas de titularidade da Autora para distinguir seus produtos e serviços;

d) seja condenada a Ré a compor as perdas e danos patrimoniais decorrentes da prática de atos de concorrência desleal e violação de propriedade industrial, em montante que lhe confira caráter sancionatório, a ser apurado em liquidação de sentença, nos moldes do disposto nos artigos 208 a 210 da Lei da Propriedade Industrial;

**MONTAURY PIMENTA, MACHADO & LIOCE**
ADVOGADOS – PROPRIEDADE INTELECTUAL

e) seja condenada a Ré a pagar as custas e despesas judiciais, bem como os honorários advocatícios, na base de 20% (vinte por cento) do valor da condenação, sendo os valores também corrigidos pelo índice aplicável.

Por fim, protesta a Autora provar o alegado por todos os meios em direito admitidos, inclusive perícia técnica e contábil, documental suplementar, testemunhal e depoimento pessoal dos representantes legais da Ré, sob pena de confissão.

Para os fins do inciso I, do artigo 39 do CPC, informa que receberá intimações em nome do **Dr. Luiz Edgard Montaury Pimenta advogado inscrito na OAB/SP sob o n.º 252.082, com escritório na Avenida Paulista, nº 37, 4.º andar, Bela Vista, CEP: 01311-902 - São Paulo – SP, s**ob pena de nulidade, bem como seja determinada a anotação de seu nome da capa dos autos.

Dá-se à causa o valor de R$ 200.000,00 (duzentos mil reais) para efeitos fiscais.

Termos em que,
Pede deferimento.

São Paulo, 28 de janeiro de 2008.

Marianna Furtado de Mendonça
OAB/RJ - 114.172

Carla Paiva Pinheiro
OAB/RJ – 108.962

Luiz Edgard Montaury Pimenta
OAB/SP - 252.082

# EXHIBIT B

Tribunal de Justiça do Estado de São Paulo



PORTAL DO
# Tribunal de Justiça do Estado de SÃO PAULO

Processos - 1ª Instância - Comarcas da Capital - Cível

Pág. Principal    Voltar    Imprimir

13/02/2008 19:05:05

Fórum Central Cível João Mendes Júnior - Processo nº: 583.00.2008.108530-6

parte(s) do processo    local físico    andamentos

| | |
|---|---|
| Processo | CÍVEL |
| Comarca/Fórum | Fórum Central Cível João Mendes Júnior |
| Processo Nº | 583.00.2008.108530-6 |
| Cartório/Vara | 13ª. Vara Cível |
| Competência | Cível |
| Nº de Ordem/Controle | 132/2008 |
| Grupo | Cível |
| Ação | Procedimento Ordinário (em geral) |
| Tipo de Distribuição | Livre |
| Distribuído em | 28/01/2008 às 17h 45m 54s |
| Moeda | Real |
| Valor da Causa | R$ 200.000,00 |
| Qtde. Autor(s) | 1 |
| Qtde. Réu(s) | 1 |

## PARTE(S) DO PROCESSO                                [Topo]

| | |
|---|---|
| Requerente | CONSIST CONSULTORIA SISTEMAS E REPRESENTAÇÕES LTDA |
| | CNPJ  43.211.630/0001-18 |
| | Advogado: 114172/R3  MARIANNA FURTADO DE MENDONÇA |
| | Advogado: 108962/R3  CARLA PAIVA PINHEIRO |
| | Advogado: 252082/SP  LUIZ EDGARD MONTAURY PIMENTA |
| Requerido | SOFTWARE AG INFORMÁTICA E SERVIÇOS LTDA |

### LOCAL FÍSICO                                [Topo]

| | |
|---|---|
| 13/02/2008 | Imprensa |

### ANDAMENTO(S) DO PROCESSO                                [Topo]

Existe(m) 10 andamento(s) cadastrado(s).

| | |
|---|---|
| 13/02/2008 | Aguardando Providências |
| | CERTIFICO que remeto à publicação do Diário da Justiça Eletrônico, nos termos do artigo |
| | 162, parágrafo 4º do C.P.C.: "providencie o autor: cópia da inicial e emenda (fls 73-75) |

Tribunal de Justiça do Estado de São Paulo

| | |
|---|---|
| | **para expedição do mandado de citação e intimação da tutela "** |
| 13/02/2008 | **Despacho Proferido**<br>Comprovada a utilização indevida das marcas da autora pela ré (fls. 95/108) defiro a liminar para que a ré se abstenha de utilizar e divulgar as marcas "ADABAS" e "NATURAL", sob pena de multa diária de mil reais. Cite-se. |
| 12/02/2008 | **Conclusos 13/02/08** |
| 12/02/2008 | **Aguardando Remessa** |
| 31/01/2008 | **Aguardando Prazo 19** |
| 29/01/2008 | **Despacho Proferido**<br>Emende a autora a inicial especificando quais os produtos da ré que imitam as marcas "ADABAS" e "Natural" da autora; juntando fotos ilustrativas da suposta imitação (fotos dos produtos da ré e da autora que mostrem a imitação) e, ainda, esclarecendo desde quando o fato ocorre e se os produtos da ré que imitam a autora têm algum tipo de registro no INPI. Finalmente, especifique os parâmetros para a apuração das perdas e danos, pois a exigência deve ser cumprida nesta fase e não na fase de liquidação. Prazo: 05 dias. |
| 28/01/2008 | **Conclusos para Despacho inicial em 28/01/2008** |
| 28/01/2008 | **Recebimento de Carga sob nº 433427** |
| 28/01/2008 | **Carga à Vara Interna sob nº 433427** |
| 28/01/2008 | **Processo Distribuído por Sorteio p/ 13ª. Vara Cível** |
| | **SÚMULA(S) DA(S) SENTENÇA(S) DO PROCESSO**    [Topo] |
| | Nenhuma súmula cadastrada. |

As informações contidas no Portal do TJ/SP não têm efeito legal. A contagem dos prazos somente é válida a partir da publicação no Diário Oficial do Estado de São Paulo - Poder Judiciário - Tribunal de Justiça.

**Pág. Principal    Voltar    Imprimir**

Tribunal de Justiça do Estado de São Paulo - Palácio da Justiça - Praça da Sé, s/n - São Paulo - SP - CEP 01018.010

