James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036-7703
Tel: 212-626-4100
Fax: 212-310-1600

Attorneys for Software AG, Inc.
and Software AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOFTWARE AG, INC. and SOFTWARE
AG,

                Plaintiffs,

      -against-

CONSIST SOFTWARE SOLUTIONS,
INC. f/k/a CONSIST INTERNATIONAL,
INC. and NATALIO FRIDMAN,
                Defendants.

Case No. 08-CV-00389 (CM) (FM)

**DECLARATION OF LUCIA SALAVERRY**

LUCIA SALAVERRY hereby declares:

1.     I am a lawyer in the Uruguayan law firm of FERNANDEZ SECCO &

ASOCIADOS in Montevideo, Uruguay.

2.     I submit this declaration on behalf of plaintiffs Software AG, Inc. ("SAGA")

and Software AG ("SAG") (collectively "Software AG" or "Plaintiffs"). I have personal

knowledge of the facts and law stated herein and am competent to testify thereto. I am

fluent in English and Spanish.

3.     I have translated the Uruguayan laws quoted in this declaration from Spanish

to English.

4.     I have a Doctorate Degree in Law and Social Sciences from the Faculty of

Law and Social Sciences of the University of Republica Oriental del Uruguay ( 1993) and

a Postgraduate Specialization Course in Intellectual and Industrial Property Graduate

Studies jointly organized by Turin University of Italy and the World Intellectual Property

Organization ( 2000). I was the Commercial Law Professor at the University of

Republica Oriental del Uruguay from 1996 until 2006 and published "Trademarks in

Uruguay - Regulatory Framework" in 2000.

5.     I have been practicing intellectual property law and commercial law since

1993.

6.     I am aware of the trademark search conducted in Uruguay that uncovered the

trademarks ADABAS and NATURAL.  The following registrations are on record with

the trademark office in Uruguay:

> - **ADABAS** granted under Registration No 235.306 and filed on February 2, 1990
> in classes 9 and 35 in the name of Edirtel S.A.Consist International, Inc. and later
> renewed under Registration No. 327.003 on November 7, 2000 in the name of
> Consist Teleinformatica S.A.
>
> - **NATURAL** granted under Registration No 235.305 and filed on February 2,
> 1990 in classes 9 and 35 in the name of Edirtel S.A.Consist International, Inc. and
> later renewed under Registration No. 328.344 on December 10, 2000 in the name
> of Consist Teleinformatica S.A.

Copies of our search report and relevant trademark documents are attached as Exhibit A.

7.     I have been asked to opine regarding whether an order from this court

directing a party to execute an assignment document of an Uruguayan trademark conflicts

with any articulated policy of Uruguay.

8.     The answer is that there is no strong public policy in Uruguay, or indeed any

policy, requiring Uruguayan courts, the Uruguay Trademark Office (the "DNPI"), or any

- 2 -

other governmental agency to participate in the assignment of a trademark between parties. Thus an order from a U.S. court directing the assignment of an Uruguayan trademark between parties is valid and is not contrary to any articulated policy in Uruguay.

9.    To the contrary, the assignment of an Uruguayan trademark is a private agreement between the contracting parties that involves no Uruguayan governmental involvement.

10.    The DNPI has the role of simply recording the assignment upon the request of one of the contracting parties. If one of the parties decides to record the assignment with the DNPI, the recording has effect against third parties.

11.    The DNPI, like the United States Patent and Trademark Office, has the ministerial role of recording assignments. *See* Uruguayan Trademark Law No. 17.011, Articles 16 and 17, September 25, 1998 (http://dnpi.gub.uy/en/indice.htm), attached as Exhibit B.

12.    Article 16 of the Uruguayan Trademark Law provides that:

> The ownership of a trademark shall inure to the benefit of the heirs and may be transferred by inter vivos action, last will disposition, writ of execution or by the prosecution of a claim. Total or partial transfer of the ownership of trademarks may be drawn up in private or public documents. For said transfers to be valid against third parties the corresponding registration at the Industrial Property Office and publication in the Industrial Property Gazette, created by article 80 hereof, shall be carried out.

*Id.*

13.    Article 17 of the Uruguayan Trademark Office provides that:

> Notwithstanding the provisions of article 14 hereof, in the event of transfer, the grantor shall have to state if he owns other trademarks equal or similar to the ones he/she transfers. Silence or concealment thereof shall result in the loss of the protection granted through the registration of said trademarks. Said loss shall be decreed ex-officio or on demand from the interested party.

*Id.*

14.    Articles 28 through 31 of Uruguayan Trademarks Decree No. 34/99 set forth

the legal requirements needed to record the assignment before the Uruguayan Trademark

Office. *See* Uruguayan Trademarks Decree No. 34/99, February 3, 1999

(**http://dnpi.gub.uy/en/indice.htm**), attached as Exhibit C.

15.    Article 28 of the Decree provides that:

> For the registration of the contract establishing the total or partial assignment of
> the title to the registration of a trademark, the applicant shall complete the
> corresponding application form.

*Id.*

16.    Article 29 of the Decree provides that:

> The transfer application form shall be filed together with the original version of
> the contract or the corresponding notarial attestation. If the contract is executed by
> a representative, whether said representative is an industrial property attorney or
> not, said representative shall act by virtue of express authorization.

*Id.*

17.    Article 30 of the Decree provides that:

> If the application for the registration of the assignment contract is the object of
> any remark the interested party shall be duly notified and shall be granted a strict
> time limit of thirty days running to make up for said remarks before the issuing of
> the corresponding resolution. Said term shall not be extended.

*Id.*

18.    Article 31 of the Decree provides that:

> If the registration of a trademark is assigned under the provisions of article 70 of
> Law 17.011, the provisions of the previous articles regulating the matter shall be
> complied with.

Id.

19.    Thus, provided that the assignment of the Uruguayan trademarks made

pursuant to a United States court order complies with the requirements of Trademark

Law No. 17.011, Articles 16 and 17, and Uruguayan Trademarks Decree No. 34/99, Articles 28 through 31, the assignment will be duly recorded by the DNPI without further inquiry and does not run afoul of any Uruguayan laws, statutes, or policy.

20.     Furthermore, the Uruguayan law does not require the assignment of the goodwill of the trademark with the assignment deed in order for it to be effective.

21.     In sum, Uruguay has no public policy interest in regulating trademark assignments. Trademark assignments between parties in Uruguay are a private matter regulated only by the free will of the contracting parties. The DNPI has the ministerial role in recording the assignment (not participating in the proceeding), upon the parties' request. There is no interference from the DNPI or any other authority in trademark assignments between parties in Uruguay.


I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  February 13, 2008
              Montevideo, Uruguay

Lucia Salaverry

A

13/02/2008
16:29

# FS&A

# *Fernández Secco & Asociados*
*Propiedad Intelectual, Fiscal, Jurídica y Notarial*

## Resultado de la Búsqueda Fonética

**Marca: ADABAS**
**Clase/s Int.: 9**

| Acta | Marca | Clase | T/D | Present. | Public. | Resol./Fecha | NºResol. | Titular | Pais | Age |
|------|-------|-------|-----|----------|---------|--------------|----------|---------|------|-----|
| 235.306 | ADABAS | 9,35 | T | 02/02/1990 | | VEN 07/11/1990 | 235.306 | EDIRTEL S.A. | UY | 13 |
| 327.003 | ADABAS | 9,35 | T | 17/10/2000 | 30/04/2001 | CON 07/11/2000 | 327.003 | CONSIST TELEFORMATIC A S.A. | UY | 13 |

*Renueva a marca Nº:*  **235.306**

13/02/2008
16:31

# FS&A

## *Fernández Secco & Asociados*
### *Propiedad Intelectual, Fiscal, Jurídica y Notarial*

**Resultado de la Búsqueda Fonética**

**Marca: NATURAL**
**Clase/s Int.: 9,35**

| Acta | Marca | Clase | T/D | Present. | Public. | Resol./Fecha | N°Resol. | Titular | País | Age |
|------|-------|-------|-----|----------|---------|--------------|----------|---------|------|-----|
| 235.305 | NATURAL | 9,35 | T | 02/02/1990 | 05/06/1991 | VEN 10/12/1990 | 235.305 | EDIRTEL S.A. | UY | 13 |
| 328.344 | NATURAL | 9,35 | T | 11/12/2000 | 30/04/2001 | CON 10/12/2000 | 328.344 | CONSIST TELEINFORMATI CA S.A. | UY | 13 |

*Renueva a marca N°:*     **235.305**

Pág  1   de 1

SOLICITUD DE REGISTRO

DE MARCA

2 FEB 1990

1 de 1

"A D A B A S"

SOLICITUD DE REGISTRO

DE MARCA

"NATURAL"

MA/M/1 328344 Marca 11/12/2000 9:40 FERNANDA GIANFAGNA

# DNPI DIRECCION NACIONAL DE LA PROPIEDAD INDUSTRIAL

### Rincón 719 - Montevideo - Uruguay

## SOLICITUD DE RENOVACION

RENOVACION [ XX ]    MODIFICACION [  ]

Nº de SOLICITUD (210)
**328344**

☒ - MARCA DE PRODUCTOS    ☐ - MARCA DE CERTIFICACIÓN
☒ - MARCA DE SERVICIOS         O GARANTÍA (551)
☐ - MARCA COLECTIVA (551)    ☐ - FRASE PUBLICITARIA

Nº 235.305

| NOMBRES Y APELLIDOS O RAZON SOCIAL DEL SOLICITANTE (730) | | | Nº DOCUMENTO |
|---|---|---|---|
| CONSIST TELEINFORMATICA S.A. | | | |

| CALLE Y Nº | PAIS | LOCALIDAD - ESTADO | C. POSTAL |
|---|---|---|---|
| Pza. Caganoha 1335/314 | UY | Montevideo | |

| AGENTE O REPRESENTANTE - MATRICULA (740) | DOMICILIO CONSTITUIDO | TEL/FAX/E-MAIL |
|---|---|---|
| MARGARITA DUBOURG (13) | Juncal 1431 eso. 402 | 9159622 |

☒ Denominativa
☐ Figurativa
☐ Mixta
☐ Tridimensional (554)

TRADUCCION:

## CLASES (511)

| | | | | | |
|---|---|---|---|---|---|
| 1 | | 15 | | 29 | |
| 2 | | 16 | | 30 | |
| 3 | | 17 | | 31 | |
| 4 | | 18 | | 32 | |
| 5 | | 19 | | 33 | |
| 6 | | 20 | | 34 | |
| 7 | | 21 | | 35 | 35 |
| 8 | | 22 | | 36 | |
| 9 | 9 | 23 | | 37 | |
| 10 | | 24 | | 38 | |
| 11 | | 25 | | 39 | |
| 12 | | 26 | | 40 | |
| 13 | | 27 | | 41 | |
| 14 | | 28 | | 42 | |

NOMBRE DE LA MARCA Y/O
REPRODUCCION GRAFICA (540)
(MÁXIMO 6 × 6 CMS.)
(MÍNIMO 3 × 3 CMS.)

N A T U R A L

INFORMACION RELATIVA A LOS COLORES REIVINDICADOS (591)

| CLASE | PRODUCTOS Y/O SERVICIOS A PROTEGER |
|---|---|
| | |

EN CASO DE MARCA MIXTA INDICAR DENOMINACION

ELEMENTOS SOBRE LOS QUE NO SE REIVINDICAN DERECHOS:

OBSERVACIONES/AUTORIZADOS PARA TRAMITAR

Maritza Camacho - Teresita Perdomo.-

Nº 002767

MARGARITA DUBOURG

| FECHA Y HORA DE PRESENTACION (220) FIRMA DEL RECEPTOR | |
|---|---|

FIRMA DEL SOLICITANTE O REPRESENTANTE

DELFO Impresos Telefax: 525 92 14 RUC 214098530014 002.001/007.000 x 1 Via Ord. 060 U00

MAR 26 V. 2

MA/M/1/327003  Marca  17/10/2000 15:22  ROSANA MONTEVERDI

## DIRECCION NACIONAL DE LA PROPIEDAD INDUSTRIAL

**DNPi**

Rincón 719 - Montevideo - Uruguay

## SOLICITUD DE REGISTRO DE MARCAS

RENOVACION [ Ɓ ]     MODIFICACION [    ]

N° de SOLICITUD (210)
**327003**

- [x] · MARCA DE PRODUCTOS
- [x] · MARCA DE SERVICIOS
- [ ] · MARCA COLECTIVA (551)
- [ ] · MARCA DE CERTIFICACION O GARANTIA (551)
- [ ] · FRASE PUBLICITARIA

N° 235306

| NOMBRES Y APELLIDOS O RAZON SOCIAL DEL SOLICITANTE (730) | | | N°. DOCUMENTO |
|---|---|---|---|
| CONSIST TELEINFORMATICA S.A. | | | |
| CALLE Y N°: | NACIO. | LOCALIDAD - ESTADO | C. POSTAL |
| Pza. Cagancha 1335/314 | UY | Montevideo | |
| AGENTE O REPRESENTANTE - MATRICULA (740) | DOMICILIO CONSTITUIDO | | TEL./FAX/E.MAIL |
| MARGARITA DUBOURG (13) | Juncal 1431 ssc. 402 | | 9159622 |

- [x] Denominativa
- [ ] Figurativa
- [ ] Mixta
- [ ] Tridimensional (554)

**CLASES (511)**

| | | |
|---|---|---|
| 1 | 15 | 29 |
| 2 | 16 | 30 |
| 3 | 17 | 31 |
| 4 | 18 | 32 |
| 5 | 19 | 33 |
| 6 | 20 | 34 |
| 7 | 21 | 35  39 |
| 8 | 22 | 36 |
| 9  9 | 23 | 37 |
| 10 | 24 | 38 |
| 11 | 25 | 39 |
| 12 | 26 | 40 |
| 13 | 27 | 41 |
| 14 | 28 | 42 |

NOMBRE DE LA MARCA Y/O REPRODUCCION GRAFICA (540)
(MÁXIMO 6 X 6 CMS.)
(MÍNIMO 3 X 3 CMS.)

**ADABAS**

PRIORIDAD (300)

PAIS (330)

FECHA (320)

N°. (310)

ADJUNTA DOCUMENTO:

TRADUCCION:

INFORMACION RELATIVA A LOS COLORES REIVINDICADOS (591)

| CLASE | PRODUCTOS Y/O SERVICIOS A PROTEGER |
|---|---|
| | |

ELEMENTOS SOBRE LOS QUE NO SE REIVINDICAN DERECHOS:

OBSERVACIONES/AUTORIZADOS PARA TRAMITAR

MARITZA CAMACHO - TERESITA PERDOMO.-

EN CASO DE MARCA MIXTA INDICAR DENOMINACION

N° 001220

FECHA Y HORA DE PRESENTACION (220)
FIRMA DEL RECEPTOR

MARGARITA DUBOURG

FIRMA DEL SOLICITANTE O REPRESENTANTE

B

# LAW 17.011
# REPUBLIC OF URUGUAY

# MINISTRY OF INDUSTRY, ENERGY AND MINING

**The Senate and the Chamber of Representatives of the Republic of Uruguay met in General Assembly DECREE:**

## CHAPTER I

## TRADEMARKS

ARTICLE I - By Trademark it is meant any sign suitable to distinguish those goods and services belonging to a physical or legal person from those ones belonging to another physical or legal person.

ARTICLE 2 - The registration of non visible signs will remain conditional on the availability of the suitable technical means.

The Executive Power will establish the opportunity and regulate the implementation process to the corresponding effects.

ARTICLE 3 - Those advertising sentences complying with the conditions required herein may be used as trademarks.

## CHAPTER II

### SECTION I

Absolute nullity

ARTICLE 4 - According to the provisions hereof, the following will not be considered as trademarks thus giving rise to absolute nullity:

1) The name of the State and the Municipal Governments; those national or municipal symbols; those coats of arms or distinctive elements identifying them, except regarding themselves, the non-official legal persons, the companies with participation of the State and those special cases provided for in articles 73 hereof and following ones.

2) Those signs reproducing or imitating coins, notes or any national or foreign official payment means as well as those official signs or hallmarks indicating control and warranty adopted by the State.

3) Those emblems used by the Red Cross and the International Olympic Committee.

4) Those appellations of origin and any geographical name not original or distinctive enough regarding the goods or services they apply to or whose use is likely to create confusion regarding the origin, qualities or characteristics of the goods or services distinguished by the trademark.

5) The shape given to goods or containers when they meet the requirements to be registered as an invention patent or utility model according to the provisions of the corresponding law.

6) Those names of vegetable varieties already registered with the Register of Crops Properties established by law 16.811 dated February 21, 1997 regarding said varieties in the corresponding class.

7) Those letters or numbers considered individually without any particular shape.

8) Monochromatic colors of goods, containers and labels, although combination of colors for containers and labels may be used as trademarks.

9) Those technical commercial or common names used to express qualities or attributes of goods and services.

10) Those names generally used to indicate goods or services nature or the class, type or kind said goods belong to.

11) Those words or expressions of general use at present and those signs or designs which are not fancy signs, that is to say, which do not present novelty, specialty or distinctness characteristics.

12) Those words or combination of words on a foreign language whose translation into Spanish is comprised within the prohibitions stated in paragraph 9, 10 and 11 hereof.

13) Those drawings or expressions contrary to public order, socially accepted morals or good manners.

14) Those caricatures, portraits, drawings and expressions in connection with ideas, persons or objects worthy of respect and consideration whenever said caricatures, portraits, drawings and expressions may bring them to contempt or disrepute.

**SECTION II**

Relative nullity

ARTICLE 5 - According to the provisions hereof, the following may not be registered as trademarks thus giving rise to relative nullity:

1) Those flags, coats of arms, letters, words and other distinctive elements identifying foreign states or international and intergovernmental entities provided its commercial use is not authorized by a certificate duly issued by the corresponding Office of the State or Entity with an interest thereon.

2) Those literary and artistic works, reproductions thereof and fiction characters or symbolic ones deserving the copyright protection unless the registration is applied for by the proprietor thereof or a third party with the proprietor consent.

3) Those names and portraits of living  persons as long as said persons do not give their express consent therefor.  Those names and portraits of dead persons as long as their legal heirs do not give their express consent therefor. To the effects of this provision, by "name" it is meant the Christian name followed by the patronymic name as well as the sole surname and the pseudonyms or titles whenever the later identifies the person as much as the former do.

4) The surname alone, whenever the opposition thereto filed by the interested party is deemed duly justified by the corresponding administrative authority.

5) Those certification or guarantee marks provided for in the prohibition of article 54 hereof.

6) Those signs or words totally or partially reproducing, imitating or translating any well-known trademark or commercial name.

7) Those words, signs or distinctive elements supposed to imply the purpose of an unfair behavior.

## CHAPTER III

### CONDITIONS FOR THE REGISTRATION OF A TRADEMARK

ARTICLE 6 - Trademarks sought to be registered should be clearly different from those already registered or whose registration is being prosecuted,  so as to avoid confusion regarding the same goods or services or regarding concurrent goods or services.

ARTICLE 7 - Those signs under the prohibition of paragraphs 9, 10,11 and 12 of Article 4 hereof may nevertheless be part of a combined trademark, but without exclusive rights over the same.

ARTICLE 8 - When a word or group of words under the prohibition of paragraphs 9, 10, 11 and 12 of Article 4 hereof has acquired proved distinctive character regarding a good or service associated to a certain physical or legal person,  said word or group of words would be allowed as trademark for said physical or legal person and regarding said goods and services.

Once the register granted under the provisions of the previous paragraph expires, the same shall not be registered again by third parties.

The first paragraph of this article shall apply also to those trademarks already registered before the entry into force of this law, provided said registered trademarks meet the requirements provided herein.

## CHAPTER IV

### RIGHTS GRANTED BY THE REGISTRATION OF A TRADEMARK

ARTICLE 9 - The right to use a trademark is acquired through the corresponding registration made pursuant to the provisions hereof.

The registration of a trademark involves the presumption that the physical or legal person under whose name the registration was verified is the trademark legitimate proprietor.

ARTICLE 10 - The registration of a trademark already registered in a foreign country shall be applied for only by the legitimate proprietors thereof or their duly authorized agents or anyone certifying to be duly authorized to register the trademark under the legitimate proprietor's name.

ARTICLE 11 - The exclusive ownership of a trademark is only granted in connection with those goods and services said trademark was duly applied to cover.

Trademarks including the name of a good or service shall only be registered to distinguish the good or service mentioned therein.

ARTICLE 12 - Free circulation of marked goods, legitimately introduced in the market by the owner thereof or by duly authorized agents shall not be obstructed or impeded on the grounds of the registration of said trademarks, provided said goods and their presentation as well as the containers or packing of the same in direct contact therewith are not significantly altered, modified or damaged.

ARTICLE 13 - Once a trademark registration is duly granted, the proprietor thereof acquires the protection granted by said registration and said proprietor shall not have the right to apply for a new total or partial registration of an equal trademark, regarding the same classes, if he does not previously or concomitantly waive his rights to the previous total or partial register, as the case may be.

ARTICLE 14 - The right to file oppositions against the use or the registration of any trademark likely to create confusion between goods and services shall be vested on the physical or legal person who has complied with the requisites provided hereof.

ARTICLE 15 - The change of name or domicile as well as the modification of the social type or any other modification affecting the title to the registration shall be registered in the Industrial Property Office and shall be published in the Industrial Property Gazette.

ARTICLE 16 - The ownership of a trademark shall inure to the benefit of the heirs and may be transferred by inter vivos action, last will disposition, writ of execution or by the prosecution of a claim.

Total or partial transfer of the ownership of trademarks may be drawn up in private or public documents. For said transfers to be valid against third parties the corresponding registration at the Industrial Property Office and publication in the Industrial Property Gazette, created by article 80 hereof, shall be carried out .

ARTICLE 17 - Notwithstanding the provisions of article 14 hereof, in the event of transfer, the grantor shall have to state if he owns other trademarks equal or similar to the ones he/she transfers. Silence or concealment thereof shall result in the loss of the protection granted through the registration of said trademarks. Said loss shall be decreed ex-officio or on demand from the interested party.

ARTICLE 18 - The registration of a trademark shall grant a period of protection of ten years, always renewable for further ten years at the request of the proprietor thereof or said proprietor's representative.

The renewal shall be applied for within the term of six months prior to the expiration of the term of protection, although a grace period of six months will be granted, as from the day following the expiration date, in which case it will be published in the Industrial Property Gazette.

The renewal of a trademark registration will imply the waiver as regards those classes, goods and services comprised in the previous registration but not claimed in the application for renewal.

ARTICLE 19 - The use of a trademark is optional.The use of a trademark shall be compulsory on the grounds of public utility decreed by the Executive Power.

## CHAPTER V

### OPPOSITIONS TO THE REGISTRATION OF TRADEMARKS, PETITIONS TO CANCEL ALREADY REGISTERED TRADEMARKS AND PROSECUTION OF CLAIMS

ARTICLE 20 - Any individual personally and lawfully entitled to a right thereto or direct interest thereon, shall be entitled to file an opposition against applied registrations or to apply for the cancellation of those already registered trademarks on the grounds provided for in articles 4 and 5 hereof.

ARTICLE 21 - The Industrial Property Office shall be entitled to oppose to or dismiss applied registrations or cancel a trademark registration on the grounds provided for in article 4 and 5 hereof.

ARTICLE 22 - The Industrial Property Office shall be entitled to oppose to or dismiss applied registrations violating the provisions of article 6 hereof, in defense of the consumers' rights.

ARTICLE 23 - Those proprietors of already registered trademarks or trademarks whose registrations is being prosecuted shall have the right to file an opposition against applied registrations of trademarks similar or equal to the ones they own or request the cancellation of said registrations when they have been already carried out.

The opposition to the registrations shall be filed within the term of thirty days running as from the day following the publication date in the Industrial Property Gazette, created by article 80 hereof.

ARTICLE 24 - Notwithstanding the provisions of article 14 hereof, those proprietors of trademarks in use whose registration has not been prosecuted shall have the right to file an opposition to the applied registration of trademarks similar or equal to the ones they own within the term provided for in the previous article, provided the party who files the opposition on the grounds of previous use certifies that said use have been peaceful, public and continuous during a minimum term of one year.

When the opposition is filed by the proprietor of a trademark which had been registered but whose registration was not renewed in due time, use thereof shall be considered as duly proved by the time during which such trademark has been duly registered.

The party who files the opposition mentioned in the previous article shall apply for the registration of the corresponding trademark within a term of ten days as from the date of the filing of said opposition. Failure in filing said application within the mentioned term shall be considered substantial grant to dismiss the opposition by operation of law.

The fact of the term to file the opposition being due and the resolution granting the registration of a trademark being ratified and confirmed excludes the possibility of a further claim on the same grounds against said trademark.

ARTICLE 25 - In the event of the petition to cancel the registration of a trademark being filed on the grounds of the provisions of paragraphs 6 and 7 of article 5 hereof by the proprietor of a trademark whose registration was not prosecuted in the country, said registration is to be duly applied for within the term of ninety days as from the date when said action was brought. Failure in filing said application within the mentioned term shall be considered substantial grant to dismiss the petition to cancel the registration by operation of law.

ARTICLE 26 - The filing of an opposition to the registration of a trademark excludes the possibility of a further petition to cancel said registration on the same grounds.

ARTICLE 27 - The petition to cancel the registration of a trademark on the grounds of the provisions of article 4 hereof may be applied for at any time.

After the term of fifteen years as from the date when the registration of a trademark was duly granted, the right to file a petition to cancel said registration on the grounds of the provisions of article 5 hereof shall forfeit with the exception of those petitions filed on the grounds of "well-know usage" of the corresponding trademark when this trademark was registered through dishonest behavior. In the mentioned event, the petition to cancel the registration may be applied for at any time.

ARTICLE 28 - When the registration of a trademark has been applied for or obtained by the agent, representative, importer, dealer, licensee or franchisee of said trademark under his/her own name and without the authorization of the lawful proprietor, the latter shall be entitled to claim before the Industrial Property Office -in addition to the filing of the opposition or petition to cancel said registration- his/her right to be acknowledged as the legitimate applicant to or proprietor of said right and that the title to the application being prosecuted or the already granted registration be conveyed to him/her.

The right to file the above mentioned claim shall expire after the term of five years as from the date when the trademark registration was duly granted.

## CHAPTER VI

### STEPS TO BE TAKEN FOR THE REGISTRATION OF A TRADEMARK

ARTICLE 29 - Those applications for the registration of trademarks shall be filed with the Industrial Property Office together with the vouchers required to these effects and the payment of the publications charge.

ARTICLE 30 - Priority in the registration of a trademark shall be granted by the date and time when the corresponding application is filed.

ARTICLE 31 - Once the application for the registration of a trademark is duly filed no modification to the trademark sign will be allowed. Any application for the modification of a trademark shall imply a new application for registration.

ARTICLE 32 - Once the application for the registration of a trademark is duly filed the number of goods and services sought to be protected shall not be increased, not even in the same class, although the object to be protected may be limited through the removal of classes, goods and services from said protection.

ARTICLE 33 - The petition to cancel the registration of a trademark on the grounds of the provisions of paragraphs 6 and 7 or article 5 hereof shall be filed together with the corresponding evidences. Said evidence shall consist in a suitable means which proves the corresponding contentions in a reasonable manner, subject to common sense and to the regulations hereof.

The party filing the opposition, legal remedy or petition to cancel a registration may be exempted from submitting the well-known usage evidence provided said party filing the opposition, legal remedy or petition to cancel a registration proves that the applicant or proprietor knew the existence of the trademark at the moment he/she filed the corresponding application.

ARTICLE 34 - The Industrial Property Office shall issue the corresponding resolutions granting or dismissing the applications for the registration of trademarks totally or partially, as the case may be, taking into account the classes said applications refer to.

ARTICLE 35 - Once the registration of a trademark is duly granted the Industrial Property Office shall issue the corresponding certificate of trademark registration.

ARTICLE 36 - Terms granted to the parties shall consist in strict time limits and shall not be extended except as otherwise provided in the corresponding regulations.

ARTICLE 37 - At the request of the interested party, the Industrial Property Office shall be entitled to issue a second certificate of trademark registration in the manner provided for by the Decree regulating this law.

## CHAPTER VII

### COLLECTIVE MARKS

ARTICLE 38 - Collective marks are those used to identify goods or services belonging to members of a specific group of individuals.

Associations of producers, industrialists, merchants, or service providers shall be entitled to apply for the registration of collective marks so as to differentiate in the market those goods or services belonging to their members from those belonging to individuals who are not members of said associations.

ARTICLE 39 - The application for the registration of a collective mark shall include the corresponding usage regulations with the identification of the association filing the application together with the persons authorized to use the mark, the requirements to become a member of the association, the conditions for the usage of the corresponding mark and the reasons why the usage of the mark may be prohibited to one of its members.

ARTICLE 40 - The proprietor of a collective mark shall communicate to the Industrial Property Office any and all modification to the corresponding usage regulations. Said modifications shall be published on the Industrial Property Gazette.

Any and all modifications to the usage regulations will be valid and in force as from the filing thereof before the Industrial Property Office.

ARTICLE 41 - Collective marks may be cancelled ex-officio or at the request of the interested party in the following cases:

1) When the collective mark is used by the proprietor against the provisions of the usage regulations.

2) When the collective mark is used only by the proprietor thereof or only by one of the authorized persons.

ARTICLE 42 - The title to a collective mark shall not be transferred to third parties and use thereof shall not be allowed to those persons who are not officially authorized by the association.

ARTICLE 43 - Collective marks are governed by all the provisions hereof unless otherwise provided in this Chapter.

## CHAPTER VIII

### CERTIFICATION OR GUARANTEE MARKS

ARTICLE 44 - Certification or Guarantee marks are the signs certifying common characteristics, particularly regarding quality, components, nature, methodology employed and any other appropriate data, at the proprietor discretion, of the goods or services elaborated or provided by persons duly authorized and controlled by said proprietor.

Ownership of certification or guarantee marks shall only be granted to official or semi-official entities, competent to carry out quality certifications in representation of the State and according to the State commitments, or to private institutions duly authorized by the mentioned competent official or semi-official entity.

ARTICLE 45 - Those names commonly used to state the origin of goods, as regulated herein, shall not be registered as guarantee marks. In any case, they shall be governed by the corresponding specific regulations.

ARTICLE 46 - The application for the registration of a certification or guarantee mark shall include the corresponding usage regulations which shall indicate the quality, components, nature and methodology employed and any other

appropriate data concerning the goods and services elaborated, distributed or provided, at the proprietor discretion.

The usage regulations shall likewise establish the control measures whose implementation is mandatory for the proprietor of the certification or guarantee mark as well as the corresponding penalties system.

ARTICLE 47 - The usage regulations shall be elaborated by the official or semi-official entity or the private individual referred to in article 44 hereof within the scope of their competence and it shall be presented before the Industrial Property Office, in the manner provided for in article 46. The Industrial Property Office will verify if said usage regulations comply with the provisions this law and its corresponding regulations.

ARTICLE 48 - Default in the fulfillment of the usage regulation on the part of the users may be sanctioned by the proprietor with the cancellation of the authorization to use the mark or with other penalties established in the mentioned usage regulations.

ARTICLE 49 - The proprietor of the certification or guarantee mark shall notify the Industrial Property Office any and all modifications to the usage regulations. Said modifications shall be published in the Industrial Property Gazette created by article 80 hereof.

The modifications to the usage regulations shall be valid and in force as from the filing thereof with the Industrial Property Office.

ARTICLE 50 - The registration of a certification or guarantee mark shall be indefinitely valid and in force, and it shall be extinguished by cancellation, and in the event of termination or death of the proprietor thereof the provisions of paragraph 2 of article 54 hereof shall be complied with.

The registration may be cancelled at any time at the request of the proprietor thereof.

ARTICLE 51 - The usage of a certification or guarantee mark by any person whose good or service complies with the conditions established in the mark usage regulations shall require the authorization of the proprietor of said certification or guarantee mark.

ARTICLE 52 - The certification or guarantee mark shall not be used for goods or services produced, lent or traded by the mark proprietor.

ARTICLE 53 - The certification or guarantee mark is inalienable. Likewise, it shall not be the object of assessments, liens or seizures or any other security measure or writ of execution.

ARTICLE 54 - Upon termination or death of the proprietor of a certification or guarantee mark the same shall be hold unto the official or semi-official entity or the private individual referred to in article 44 hereof duly acknowledged as

holding the competence of the terminated entity or deceased individual, pursuant to the legal provisions in force, and upon the corresponding notification to the Industrial Property Office.

In the event that the quality certification activity to be carried out by the State through the terminated entity or deceased individual  is not assigned to another entity the registration of the certification or guarantee mark shall forfeit by operation of law.

ARTICLE 55 - The certification or guarantee mark whose registration is cancelled or whose use is stopped because of the termination or death of the proprietor thereof shall not be adopted, used or registered as trademark or as another distinctive commercial sign until the term of ten years as from the corresponding cancellation, termination or death of the proprietor thereof is elapsed, with the exception provided for in paragraph one of article 54.

ARTICLE 56 - Certification or guarantee marks are governed by all the provisions of this law unless otherwise provided in this Chapter.

## CHAPTER IX

RIGHTS AFFECTING TRADEMARKS;

LICENSE, PLEDGE, SEIZURES AND PROHIBITION TO INNOVATE

SECTION I

Licenses

ARTICLE 57 - Let the Register of Trademark Licenses be hereby created.  The Industrial Property Office shall be in charge of said Register.

ARTICLE 58 - To the effects of this law, a license is an agreement supplementary to the trademark registration granting the right to a total or partial use of already registered trademarks or trademarks whose registration is being prosecuted. Said right is granted for a strict time limit, and the corresponding use may be exclusive or non-exclusive.

If the agreement lacks the exclusive right clause it shall be construed as not granting exclusive rights to the licensee.

ARTICLE 59 - The license agreement shall be valid and in force against third parties upon registration thereof at the Industrial Property Office.

ARTICLE 60 - An excerpt with the substantial parts of the license agreement shall be published in the Industrial Property Gazette.

ARTICLE 61 - The licensee shall not be entitled to transfer his/her rights, neither totally nor partially, without express consent from the licensor.

ARTICLE 62 - Any modification made to the license or sub-license agreement shall be duly notified to the Industrial Property Office and it shall be governed by the provisions of articles 58, 59, 60 and 61 hereof.

ARTICLE 63 - Those franchise agreements including a trademark license shall be governed by the provisions of this Section, when deemed proper.

SECTION II

Industrial Pledge

ARTICLE 64 - Let the competence regarding registration of pledges without displacement of trademark registers established in paragraph 2 of article 2 or law N° 8.292 dated September 24, 1928 and concordant, supplementary and modifying provisions, be transferred to the Industrial Property Office as from the enactment of this law

SECTION III

Seizures and Prohibitions to Innovate

ARTICLE 65 - The Industrial Property Office shall keep a register of the seizures and prohibitions to innovate notified to the Judicial Power and affecting already registered trademarks or trademarks whose registration is being prosecuted.

# CHAPTER X

**EXPIRATION OF TRADEMARK REGISTRATIONS**

ARTICLE 66 - The registration of a trademark expires:

1) Upon expiration of the term provided in article 18 hereof, unless renewed.

2) Upon written application thereof filed by the proprietor with the Industrial Property Office. In the event of a license agreement being registered, the proprietor of the licensed trademark shall prove delivery of clear notification to the licensee of his/her will to waive the registration before the corresponding waiver registration.

3) Upon declaration of nullity issued by the competent authority.

4) On the grounds provided for in article 18 hereof.

5) In the event of the State ceasing its participation in the corporations mentioned in paragraph 1 of article 4 hereof.

# CHAPTER XI

**TRADE NAMES**

ARTICLE 67 - Trade names are considered industrial property to the effects hereof.

ARTICLE 68 - If a physical or legal person wants to develop, with commercial purposes, an activity already exploited by another person with the same name or with the same conventional appellation, said physical or legal person shall make a clear modification to the name or appellation for said name or appellation be notoriously different from the previously existing one.

ARTICLE 69 - The legal action of the proprietor of the exclusive right to the use of a trade name shall forfeit after the term of five years as from the day when the other party started the use of said trade name.

ARTICLE 70 - The assignment or selling of business involves the assignment or selling of the corresponding trademark unless otherwise provided, and the assignee is entitled to make use of the trademark, even if it is a trade name, as well as the grantor did, without any restriction apart from those expressly provided for in the corresponding Bill of Sale or Transfer Agreement.

ARTICLE 71 - The exclusive right to the use of a trade name as industrial property shall expire upon termination of the activity with commercial purposes distinguished with said trade name.

ARTICLE 72 - The registration of the trade name is not a requirement to exercise the rights granted hereof, unless said trade name is part of the trademark.

## CHAPTER XII

**GEOGRAPHICAL INDICATIONS**

ARTICLE 73 - Indications of source and appellations of origin are deemed geographical indications.

ARTICLE 74 - The indication of source is the use of a geographical name for goods or services identifying the place where an specific good was extracted, produced or manufactured or an specific service was provided, considered as the source location.

Protection is granted to indications of source without any need of previous registration.

ARTICLE 75 - Appellation of origin is the geographical name of a country, city, region or location used to call a good or service whose qualities or

characteristics are exclusively or essentially due to the geographical environment, including natural and human factors.

ARTICLE 76 - Let the Register of Appellations of Origin be hereby created at the Industrial Property Office.

ARTICLE 77 - The use of an indication of source is limited to those producers and service providers set in the corresponding place. Fulfillment of quality requirements is mandatory as far as appellations of origin are concerned.

ARTICLE 78 - Those geographical names constituting neither an indication of source nor an appellation of origin shall nevertheless be registered as trademarks provided they do not lead into error regarding the true place of origin.

ARTICLE 79 - The prohibition to use a geographical indication to identify wines or spirituous beverages does not apply to those that have using said geographical indication on a continuous basis during a minimum term of ten years as from April 15, 1994.

## CHAPTER XIII

### INDUSTRIAL PROPERTY GAZETTE

ARTICLE 80 - Let the Industrial Property Gazette be hereby created. The following issues shall be published therein:

1) The application for the registration of trademarks and usage regulations, when applicable, in the manner provided for in the regulations hereof.

2) All resolutions issued regarding trademarks.

3) Excerpts from license and sub-license agreements and modifications thereof, according to the provisions of articles 58, 59, 60, 62 hereof.

4) Those notifications that should have been delivered personally but were not duly complied with due to a cause imputable to the person in charge of carrying out the corresponding steps, with the exception provided for in article 317 of the Constitution of the Republic.

5) Services of process

6) Registrations at the Register of Industrial Property Attorneys

7) All other actions established in the regulations or in the events thus provided by the Industrial Property Office.

## CHAPTER XIV

CIVIL AND PENAL ACTIONS

ARTICLE 81 - Those wanting to profit or cause damage by manufacturing, falsifying, adulterating or imitating someone else's registered trademark will be punished with six months in prison to three years under penitentiary arrest.

ARTICLE 82 - Those refilling with spurious goods containers with someone else's trademark will be punished with six months in prison to three years under penitentiary arrest

ARTICLE 83 - Those knowingly manufacturing, storing, delivering or trading goods distinguished with the trademarks mentioned in the previous articles will be punished with three months in prison to six years under penitentiary arrest.

ARTICLE 84 - Those trademarks mentioned in the previous articles as well as those tools used to the execution thereof shall be destroyed or made unusable.

Those goods infringing the law that have been confiscated shall be seized and destroyed unless, because of their nature, they can be assigned to state or private charity institutions.

ARTICLE 85 - The provisions of this Chapter shall apply to those making use of the appellations of origin provided for in article 75 hereof , without being entitled to said use.

ARTICLE 86 - Those offences provided for herein shall be liable to prosecution, at the request of the interested party, according to the provisions of articles 11 and following ones of the Code of Penal Proceedings.

ARTICLE 87 - Those persons damaged by the infringement of the provisions of articles 81 to 85 hereof shall be entitled to file the corresponding action for damages against the authors and co-authors of the penalized activities.

ARTICLE 88 - Those proprietors of registered trademarks shall be entitled to request to the Judicial Power the prohibition to use a non-registered trademark similar or equal to the one they own.

ARTICLE 89 - After four years of the offence having been committed once or twice or after one year of it coming to the knowledge of the proprietor of the trademark, neither the penal nor the civil action can be filed.

The acts that interrupt the term for prescription are those established by the non-specific legal provisions.

## CHAPTER XV

STEPS TO BE TAKEN BEFORE THE INDUSTRIAL PROPERTY OFFICE

ARTICLE 90 - The following persons are entitled to take the steps concerning those proceedings provided herein:

1) Interested parties by themselves, with or without having granted representation therefor.

2) The industrial property attorneys registered in the corresponding register, with duly certified direct authority.

3) Agents authorized by the required power of attorney

ARTICLE 91 - Industrial property attorneys shall have the same obligations and responsibilities than agents according to the provisions of the Second Part of Book 4th of Title VIII of the Civil Code.

## CHAPTER XVI

### INDUSTRIAL PROPERTY ATTORNEYS

ARTICLE 92 - The Industrial Property Office shall keep the Register of Industrial Property Attorneys created by Decree N° 685/968 dated November 14, 1968.

ARTICLE 93 - To be registered as industrial property attorneys, interested parties shall comply with the following requirements, in addition to those ones established in the regulations hereof:

1) Full legal age.

2) Duly constituted legal domicile.

3) Duly certified rightness and good behavior.

4) Duly approved higher secondary education.

5) Approval of the capability test, although lawyers are exempted from this requirement.

Interested parties shall be issued a certificate of registration on demand and at his/her own cost.

ARTICLE 94 - The capability test required by paragraph 5 of the previous article shall be taken by a Tribunal made up by three members appointed by the Industrial Property Office Director.

ARTICLE 95 - Let those registrations granted to the industrial property attorneys before the enactment of this law be hereby ratified.

ARTICLE 96 - Advertising or offering of services by industrial property attorneys or their employees within the premises of the Industrial Property Office shall be deemed serious offences.

ARTICLE 97 - Industrial Property Attorneys shall be responsible for their employees acts, according to the provisions of paragraph 1 of article 1324 of the Civil Code.

ARTICLE 98 - Industrial Property Attorneys shall be supervised by the Industrial Property Office Director who will be entitled to apply the following sanctions:

1) Banns

2) Fines, which will vary from 10 (ten) to 100 (one hundred) UR's   according to the seriousness of the offence.

3) Suspension for a maximum term of two years

4) Removal from the Industrial Property Attorneys Register

Sanctions shall be applied taking into account the corresponding regulations.


**CHAPTER XVII**

**FEES**

ARTICLE 99 - The Industrial Property Office shall collect fees for the following proceedings:

1) Application for the Registration of Trademarks:

| | | |
|---|---|---|
| Verbal | 1 class | U.R. 5 |
| Verbal | each additional class | U.R. 3 |
| Figurative or complex | 1 class | U.R. 7 |
| Figurative or complex | each additional class | U.R. 4 |

2) Search for Anteriorities:

| | | |
|---|---|---|
| Verbal | 1 class | U.R. 1 |
| Figurative | 1 class | U.R. 2 |

3) Certification of Guarantee Marks:

| | | |
|---|---|---|
| Verbal | 1 class | U.R.12 |
| Verbal | each additional class | U.R. 6 |
| Figurative or complex | 1 class | U.R. 15 |
| Figurative or complex | each additional class | U.R. 7 |
| Modifications to usage regulations | | U.R. 3 |

4) Collective Marks:

| | | |
|---|---|---|
| Verbal | 1 class | U.R.12 |
| Verbal | each additional class | U.R. 6 |
| Figurative or complex | 1 class | U.R. 15 |
| Figurative or complex | each additional class | U.R. 7 |
| Modifications to usage regulations | | U.R. 3 |

5) Appellations of Origin:

| | | |
|---|---|---|
| | 1 class | U.R.12 |
| | Each additional class | U.R. 7 |

6) Opposition:

| | | |
|---|---|---|
| | 1 class | U.R. 7 |
| | Each additional class | U.R. 3 |

7) Legal Remedies:                                              U.R. 4

8) Petitions to Cancel  Registered Trademarks                   U.R. 6

9) Renewals

| | | |
|---|---|---|
| Verbal | 1 class | U.R. 5 |
| Verbal | Each additional class | U.R. 3 |
| Figurative or complex | 1 class | U.R. 7 |
| Figurative or complex | Each additional class | U.R. 4 |

10) Prosecution of claims:

| | | |
|---|---|---|
| | 1 class | U.R. 5 |
| | Each additional class | U.R. 3 |

11) Transfers:

| | | |
|---|---|---|
| | 1 class | U.R. 5 |
| | Each additional class | U.R. 3 |

12) Change of domicile        U.R. 2

13) Change of name        U.R. 2

14) Agreements:

| | |
|---|---|
| Franchise (with license agreement to use the trademark) | U.R. 7 |
| Licenses and Sub-licenses | U.R. 7 |
| Modifications | U.R. 3 |
| Pledges | U.R. 3 |
| Pledge Cancellation | U.R. 3 |

15) Seizures and Prohibitions to Innovate      U.R. 3

Releases of seizures and prohibitions to      U.R. 3

innovate

16) Seizures and Prohibitions to Innovate Decreed in Labor    Exempted
Proceedings

    Releases of Seizures and Prohibitions to Innovate Decreed    Exempted
    in Labor Proceedings

17) Certificate of Trademark Registration    U.R. 2

18) Second Certificate of Trademark Registration    U.R. 10

19) Application for Faithful Copy    U.R. 2,5

20) Application for Certification    U.R. 1,25

21) Certificate of Registration in the Industrial Property Attorneys'    U.R. 50
Register

## CHAPTER XVIII

### PROVISIONAL CLAUSES

ARTICLE 100 - Those proprietors of trademarks in use but whose registration has not been prosecuted before the Industrial Property Office and those proprietors of registered trademark whose registration has not been renewed according to the provisions of paragraph 2 of article 11 of Law N° 9.956 dated October 4, 1949 shall have a grace period of two years as from the enactment of this law to make use of the trademark proceedings provided herein, notwithstanding the provisions of article 24 hereof.

The party who files the mentioned action shall have to apply for the registration of the corresponding trademark within the term of ten days as from the filing of said action. Failure in filing said application shall be considered substantial grant to dismiss the opposition by operation of law.

ARTICLE 101 - Publications provided for in Law N° 10.089 dated December 12, 1941 and in Decree-Law N° 14.549, dated July 29, 1976 and regulations thereof shall be made in the Industrial Property Gazette created by this law.

All publications provided for herein shall be made only once.

## CHAPTER XIX

**FINAL PROVISIONS**

ARTICLE 102 - The Industrial Property Office belonging to the Minister of Industry, Energy and Mining, is the competent authority in all matters provided for herein.

ARTICLE 103 - All registers provided for herein are public registers.

ARTICLE 104 - Those proceedings established herein constitute a particular system because of their specialty characteristics and as such they are regulated by the provisions hereof and corresponding regulations; only on a supplementary basis they would be governed by those general provisions regulating the administrative proceedings.

ARTICLE 105 - The Executive Power shall decree the regulations of this law within the term of one hundred and twenty days as from the day following the publication hereof in the Official Gazette.

ARTICLE 106 - Let Law N° 9.956 dated October 4, 1940, Law N° 10.089 dated December 12, 1941 where relevant and article 226 of Law N° 16.320 dated November 1st 1992 be derogated as from the entry into force of this Law.

ARTICLE 107 - The Executive Power shall authorize the required resources for the implementation hereof.

ARTICLE 108 - Those incomes generated through the execution of this Law shall be applied to the improvement of the service.

Sala     de     Sesiones     de     la     Cámara     de     Representantes
En Montevideo, a 15 de setiembre de 1998.

JAIME     MARIO     TROBO,     Presidente
MARTIN GARCIA NIN, Secretario

MINISTERIO     DE     INDUSTRIA,     ENERGIA     Y     MINERIA
MINISTERIO     DE     RELACIONES     EXTERIORES
MINISTERIO DE EDUCACION Y CULTURA

Montevideo, 25 de setiembre de 1998.

Cúmplase,     acúsese,     recibo,     comuniquese,     publíquese
e insértese en el Registro Nacional de Leyes y Decretos.

SANGUINETTI                    -            JULIO              HERRERA
ROBERTO RODRIGUEZ PIOLI - YAMANDU FAU

C

# DECREE 34/999
## Regulating Law 17.011
## Ministry of Industry, Energy and Mining

Montevideo, February 3, 1999

---

**IN VIEW OF:**

The provisions of Law N° 17.011, dated September 25, 1998;

**WHEREAS:**

I) that the formulation of said Law was motivated by the Executive Power purpose to update and modernize trademarks legislation;

II) that taking into account what was above mentioned, those modifications introduced allow the adaptation of said subject to the new conditions of trade development and market internationalization as well as to the existence of new hiring techniques and the thrust of the service sector, circumstances that the previous Law could not possible contemplate or foresee;

III) that said modifications have adapted our national system to the different international agreements signed by our country;

IV) that, likewise, the mentioned modifications have contemplated some issues not regulated by the previous laws since said issues were later in time.

**WHEREAS:**

I) that Decree regulating Law 17.011 fits within the frame of the national provisions in force and of international agreements of outstanding importance such as the Paris Convention in the Stockholm Act version, dated July 14, 1967 and ratified by Decree Law N° 14.910, dated July 10, 1979 through which our country entered to the World Intellectual Property Organization (WIPO), and the Agreement on Trade Related Aspects of Industrial Property Rights (TRIPS) attached to the Agreement establishing the World Trade Organization (WTO) ratified by Uruguay through Law 16.671, dated December 13, 1994.

II) that Decree regulating Law 17.011 not only contemplates the development and regulation of the new issues but also organizes those registers created by said Law;

III) that once the corresponding studies were duly carried out with those sectors involved, Industrial Property Attorneys and INAVI (National Institute of Wine Growing), and once the corresponding conclusions were obtained, there are no further impediments to the issuing of the Decree regulating Law 17.011, dated December 25, 1998.

**IN VIEW OF:**

the above and the provisions of Law 17.011, dated September 25, 1998.

# THE PRESIDENT OF THE REPUBLIC DECREES:

## CHAPTER I

### REGISTRATION OF TRADEMARKS

SECTION I
Formalities to obtain the registration of a trademark

ARTICLE 1 - Those wanting to obtain the registration of a trademark shall complete the corresponding application form.

ARTICLE 2 - Once the application for the registration of a trademark is duly filed together with the vouchers attesting for the payment of the corresponding fee, date and time shall be assigned thereto to the effects of the right of priority provided for in article 30 of Law 17.011.

ARTICLE 3 - Upon failure to comply with the formalities prescribed in the Law or in these regulations a strict time limit of thirty days running shall be granted to comply with said formalities with the admonition that the non-fulfillment of the corresponding requirements within said term shall be deemed as the applicant's abandonment of the proceedings. Said term shall not be extended.

If the voucher certifying the right of priority is not filed the same shall be added within the strict time limit of ninety days running with the admonition that if this requirement is not fulfilled within said term the claim for the right of priority shall be deemed as not filed.

ARTICLE 4 - In the event of filing the limitation of the object to be protected, said filing shall be made together with a new set of descriptions.

This right shall only be exercised until the corresponding resolution is issued.

ARTICLE 5 - In the event of applications for the registration of complex marks, packages or volumes the only elements to be mentioned are those claimed as trademarks.

ARTICLE 6 - Once an application is duly filed with the corresponding vouchers the Industrial Property Office shall make one publication of an excerpt of the same in the Industrial Property Gazette.

ARTICLE 7 - Those oppositions from third interested parties provided for in Law 17.011 shall be filed within the strict time limit of thirty days running as from the

day following the publication in the Industrial Property Gazette. Said term shall not be extended.

ARTICLE 8 - Once the publication is duly made, the Industrial Property Office shall carry out the formal examination of the application.

If the formal examination result in any remarks, the applicant shall be granted a strict time limit of ten working days to make up for said remarks with the admonition that the non-fulfillment of the corresponding requirements within said term shall be deemed as the applicant's abandonment of the proceedings. Said        term        shall        not        be        extended.

ARTICLE 9 - The Industrial Property Office shall likewise carry out a thorough examination of the application studying if the sign violates the provisions of Law 17.011. In this event, there may be an opposition ex-officio by the Industrial Property Office until final resolution is duly issued.

ARTICLE 10 - To the effects of the application of the provisions of articles 4 and 5 of Law 17.011, the following issues shall be taken into account:

1) The Industrial Property Office shall consult the National Institute of Seeds to the effects of the provisions of paragraph 6 of article 4. Failure to answer within the term of thirty days running shall entail that the sign can be registered. 2) The Industrial Property Office shall make a technical consultation to the National Institute of Wine Growing prior to the granting of those trademarks including the claiming of wine products. Failure to answer within the term of thirty days running shall entail that the sign can be registered. 3) The filing of a sign including some of the elements mentioned in paragraph 1 of article 5, provided said sign is already registered in the corresponding foreign state, shall be deemed as enough authorization, notwithstanding the exception provided in subparagraph c) of paragraph 1 of article 6ter of the Paris Convention ratified by Decree-Law 14.910, dated June 19, 1979. 4) Consent required by paragraphs 2 and 3 of article 5 shall be filed in public document or private document with certified signature, duly legalized and translated, if applicable.

ARTICLE 11 - To the effects of the provisions of paragraph 1 of article 8 of Law 17.011, by distinctive character it is meant that the sign has lost its literal meaning on the public mind and it is immediately associated with the product or service owned by the applicant on account of its public use during a long period or because said sign has been used intensively and exclusively enough so as to confirm said hypothesis. In both cases said facts shall be properly proved.

ARTICLE 12 - Once the registration granted under the provisions of paragraph first of article 8 of Law 17.011 expires, a third interested party shall be entitled to apply for the registration of the same sign provided said third interested party files irrefutable proof of the existence of the facts mentioned in said paragraph.

SECTION II
Oppositions against the registration of a trademark

ARTICLE 13 - In the event of an opposition ex-officio or opposition from a third interested party being filed against the registration of a trademark, pursuant to the legal provisions in force, the applicant to said registration shall be duly notified and shall be granted a strict time limit of thirty days running to answer the opposition. The Industrial Property Office may grant an extension upon well-founded application from the interested party. Said extension shall not exceed the time equivalent to half of the term provided for herein.

ARTICLE 14 - If any element arises that requires to be duly proved, or at the request of any of the interested parties, a term shall be granted for said proofs to be added, if deemed proper. Said term shall consist on the strict time limit of sixty days running and shall not be extended. Interested parties shall collaborate when proper.

ARTICLE 15 - In the event of the opposition being filed on the grounds provided for in paragraphs 6 and 7 of article 5 of Law 17.011, the Industrial Property Office shall be entitled to grant priority to the corresponding proceedings.

ARTICLE 16 - Once the proof is duly filed all interested parties shall be duly notified during a strict time limit of ten working days before the corresponding resolution is taken. Said term shall not be extended.

SECTION III
Resolution

ARTICLE 17 - If no opposition is filed and once the formal and the thorough examinations are duly carried out the registration shall be granted according to the                         provisions                    in                    force.
If an opposition is filed, the Industrial Property Office shall issue the corresponding final resolution granting the registration of the trademark totally or partially or dismissing it.

ARTICLE 18 - In the event provided for in article 13 of Law 17.011, the Industrial Property Office shall issue both, the resolution concerning the waiving and the resolution concerning the new application, simultaneously.

SECTION IV
Issuing of the Second Certificate of Trademark Registration

ARTICLE 19 - Applications for the issuing of a second certificate of trademark registration shall be filed in writing, together with the summary evidence proving requirement thereof to the effects of the resolution.

SECTION                                                                              V
Petitions to cancel registered trademarks and prosecution of claims.

ARTICLE 20 - Those proprietors of trademarks in use that have not been registered shall not be entitled to apply for the cancellation of already registered trademarks equal or similar to the ones they own.

ARTICLE 21 - According to the provisions of article 26 of Law 17.011, the filing of an opposition to the registration of a trademark excludes the possibility of a further petition to cancel said registration on the same grounds.

ARTICLE 22 - The petitions to cancel registered trademarks shall be prosecuted following the same proceedings established for the opposition.

ARTICLE 23 - If the cancellation is filed on the grounds provided for in paragraphs 6 and 7 of article 5 of Law 17.011, the Industrial Property Office shall be entitled to grant priority to the corresponding proceedings.

ARTICLE 24 - Prosecution of claims provided for in article 28 of Law 17.011 shall be prosecuted following the same proceedings established for the opposition.

Once the administrative act granting the rights claimed is duly ratified and confirmed, title to the registration shall change and rights thereon held by the previous owner shall be vested on claimant.

SECTION VI
Change of name and domicile

ARTICLE 25 - Application for change of name or domicile or modification of the social type or any other circumstance affecting the title to the registration shall include the following:

1)       The       number       of       the       registration.
2)   The   name   and   domicile   of   the   proprietor   thereof.
3) The new name and domicile.

SECTION VII
Change of the title to the registration

ARTICLE 26 - Change of the title to the registration on death of the previous owner shall be certified by the filing of the certification of the Court's decision on the corresponding successio proceedings or the filing of notarial attestation by exhibition thereof.

ARTICLE 27 - Change of title to the registration by specific performance shall be registered by Court's decision.

ARTICLE 28 - For the registration of the contract establishing the total or partial assignment of the title to the registration of a trademark, the applicant shall complete the corresponding application form.

ARTICLE 29 - The transfer application form shall be filed together with the original version of the contract or the corresponding notarial attestation. If the contract is executed by a representative, whether said representative is an industrial property attorney or not, said representative shall act by virtue of express authorization.

ARTICLE 30 - If the application for the registration of the assignment contract is the object of any remark the interested party shall be duly notified and shall be granted a strict time limit of thirty days running to make up for said remarks before the issuing of the corresponding resolution. Said term shall not be extended.

ARTICLE 31 - If the registration of a trademark is assigned under the provisions of article 70 of Law 17.011, the provisions of the previous articles regulating the matter shall be complied with.

SECTION VIII
Renewal of the registration of a trademark

ARTICLE 32 - The renewal of the registration of a trademark shall be applied for by the owner thereof in the corresponding form.

In the event of said renewal being applied for within the grace period of six months as from the date following the expiration date, the proprietor of the trademark registration shall also file the voucher certifying the payment of the corresponding publication charge. Within the mentioned term the registration shall remain valid and in force.

ARTICLE 33 - Applications for renewal of a trademark registration shall not introduce any change in the trademark nor extend the list of products or services covered by said registration.

ARTICLE 34 - Once an application for the renewal of a trademark registration is duly filed, the Industrial Property Office shall grant the same which shall be valid and in force as from the expiration date of the previous registration or renewal.

SECTION IX
Expiration of a trademark registration

ARTICLE 35 - The proprietor of a registered trademark shall be entitled to waive totally or partially said registration, at any time, pursuant to the provisions of paragraph 2 of article 66 of Law 17.011.

ARTICLE 36 - In the event of the expiration of a trademark registration granted under the provisions of paragraph 1 of article 4 of Law 17.011, the state entity involved shall properly communicate said expiration to the Industrial Property Office.

## CHAPTER II

**REGISTRATION OF ADVERTISING PHRASES**

ARTICLE 37 - The registration of advertising phrases shall be prosecuted pursuant to the provisions of the previous articles expressly stating that the element sought to be registered is an advertising phrase.


**CHAPTER III**

**REGISTRATION OF COLLECTIVE MARKS AND**
**REGISTRATION OF CERTIFICATION OR GUARANTEE MARKS**

---

ARTICLE 38 - The applicant for the registration of a collective mark or a certification or guarantee mark shall complete the corresponding application form.

ARTICLE 39 - Those data mentioned in articles 39 or 46 of Law 17.011, as deemed proper, shall be filed together with two copies of the usage regulations. In the event of collective marks the following data shall be stated:

1) Common characteristics or qualities of the products or services to be distinguished by the mark
2) Provisions taken to guarantee and control that the mark is used according to the corresponding usage regulations.
3) Reasons why the use of the mark may be prohibited to one member of the Association as well as sanctions to be applied upon non-fulfillment of said prohibition.

ARTICLE 40 - If from the usage regulations or later modifications thereto arise any remark from the Industrial Property Office the applicant for or the proprietor of the mark registration shall be duly notified and shall be granted a strict time limit of thirty days running to file those discharges he/she may deem proper.

ARTICLE 41 - The applicant for the registration of a collective mark shall file the corresponding application together with a copy of the association bylaws with the corresponding notarial attestation. Incorporation of said association shall be duly certified, according to its nature, if deemed proper.

ARTICLE 42 - Collective marks shall not be the object of licenses to the benefit of any person different from the ones authorized by the proprietor of the mark registration unless otherwise provided in the usage regulations.

ARTICLE 43 - Those actions derived from the registration of a collective mark or a certification or guarantee mark shall be exercised only by the proprietor thereof unless otherwise provided in the usage regulations.

ARTICLE 44 - Those registrations of collective marks and certification or guarantee marks shall be substantiated pursuant to the proceedings established for marks, when deemed proper.

## CHAPTER IV

### REGISTRATION OF LICENSES

ARTICLE 45 - The applicant for the registration of a trademark license shall complete the corresponding application form.

ARTICLE 46 - The application form shall be filed together with the original contract or a copy of the same with the corresponding notarial attestation.

If from the application for the license registration arises any remark from the Industrial Property Office the interested party shall be duly notified and shall be granted a strict time limit of thirty days running to make up for said remarks with the admonition that the non-fulfillment of the corresponding requirements within said term shall be deemed as the applicant's abandonment of the proceedings. Said term shall not be extended.

ARTICLE 47 - Once the application for the registration of a trademark is duly filed the Industrial Property Office shall make one publication of the same in the Industrial Property Gazette.

ARTICLE 48 - Once the formal requirements of the application for the registration are duly complied with the license agreement shall be registered.

ARTICLE 49 - Any person with title to a license agreement shall communicate to the Industrial Property Register any modification related to the attached document pursuant to the provisions of the previous articles.

ARTICLE 50 - The registration of the license agreement may be cancelled at the request of any of the parties thereto certifying the early termination of the same.

ARTICLE 51 - The cancellation referred to above shall be published once in the Industrial Property Gazette.

## CHAPTER V

### REGISTRATION OF TRADEMARK PLEDGES

ARTICLE 52 - The registration of trademark pledges shall include the following:

1)    Constitution    of    the    trademark    registration    pledge.
2) Endorsements, extensions and novations and new registrations made within

the             pledge           term             of            validity.
3) Cancellations.

ARTICLE 53 - The applicant for the registration of documents related to trademark pledges shall complete the corresponding application form.

Said application form shall be filed together with the original document certifying the trademark registration pledge and two copies. The original document and the copies shall be signed by the parties thereto or their representatives with handwritten signatures duly certified by a Notary Public. Said certification must mention, at least, those elements required in the application statement as well as the specification of the proprietor of the affected right.

ARTICLE 54 - Those applicants for the registration of modifications, endorsements, novations and partial releases of guarantee shall file the following: an application signed by the pledgee; the original document certifying the registered pledge and one signed copy of the document to be registered.

In the event of an application for a new registration, the original agreement registered and a note signed by the pledgee shall be filed with the Industrial Property Office.

ARTICLE 55 - Once the pledge is totally cancelled the original agreement shall be filed with the Industrial Property Office together with a writ stating the registration or registrations to be cancelled. Said writ shall be signed by the pledgee.

ARTICLE 56 - An excerpt of the resolution authorizing the registration, modification or new registration and cancellation or trademark pledges shall be published in the Industrial Property Gazette.

ARTICLE 57 - In the event that the original pledge agreement already registered is lost or missed the pledgee shall be entitled to apply for a certificate of registration.

ARTICLE 58 - Registrations of pledge agreements referred to in article 64 of Law 17.011 shall forfeit in five years.

## CHAPTER VI

### REGISTER OF SEIZURES AND PROHIBITIONS TO INNOVATE

ARTICLE 59 - The following shall be registered in the Register of Seizures and Prohibitions to Innovate:

1) Specific seizures and prohibitions to innovate decreed by the acting judges provided they are related to trademarks already registered or whose registration

is                              being                              prosecuted
2) Cancellations of the registration of the measures decreed.

ARTICLE 60 - The Industrial Property Office shall dismiss those applications for the registration of the measures provided for in the previous article whenever they do not include the following data regarding the trademarks already registered or whose registration is being prosecuted:

1) Denomination of the trademark already registered or whose registration is being                                                                          prosecuted.
2)        Number        of        the        application        or        registration.
3) Proprietor of the trademark.

ARTICLE 61 - The Industrial Property Office shall not admit those documents not including all data referred to in paragraph 3 of article 36 of Law 16.871, unless there is an express resolution issued by the acting Judge. Said resolution shall be certified in the corresponding official letter.

ARTICLE 62 - Those cancellations of registrations of seizures and prohibitions to innovate in force are only valid when the competent judge notifies them by official letter. Said official letter must mention the number of the official letter which decreed the registration of the measure sought to be cancelled.

ARTICLE 63 - Those registration of specific seizures and prohibitions to innovate shall forfeit in five years, with the exception of those having their own term decreed by the acting judge pursuant to the provisions of articles 313 and 316 of the General Code of Court Proceedings.


## CHAPTER VII

REGISTER OF APPELLATIONS OF ORIGIN

ARTICLE 64 - Applications for the registration of appellations of origin, created by article 76 or Law 17.011, may be filed by one or several of the producers, manufacturers, craftsmen, or service providers established in the region or place where the use of the appellation of origin corresponds. Applications for the registration of appellations of origin may also be filed at the request of any competent public authority with a legitimate interest thereon and established in the corresponding territory.

ARTICLE 65 - Foreign producers, manufacturers, craftsmen or service providers as well as competent public authorities from foreign countries shall be entitled to register foreign appellations of origin corresponding to them according to those International Agreements signed by the Republic.

ARTICLE 66 - Those appellations of origin sought to be registered shall comply with the provisions of articles 75, 76, 77 and 78 of Law 17.011. The corresponding applications form shall be duly completed.

ARTICLE 67 - Those applications for the registration of Uruguayan appellations of origin shall be filed in the application form together with a voucher certifying that said appellations were duly granted by the competent authority. If the appellation refers to national wine growing matters the voucher shall be issued by the National Institute of Wine Growing.

In the event of foreign appellations of origin already acknowledged in the original country, said acknowledgement shall be certified with the application form, notwithstanding the provisions of Decree 283/93 regulating the wine growing matter.

ARTICLE 68 - Once an application is duly filed, the Industrial Property Office shall make one publication thereof in the Industrial Property Gazette.

ARTICLE 69 - In the event of opposition from third interested parties with a direct, personal and legitimate interest thereon, or opposition ex-officio from the Industrial Property Office, based on the fact that the corresponding appellations of origin are not in agreement with the legal provisions in force, the applicant shall be duly notified and shall be granted a strict time limit of thirty days to answer the opposition. Said term shall not be extended. The provisions of Section II of Chapter I hereof shall be complied with regarding the matter.

ARTICLE 70 - If no opposition is filed the registration shall be granted pursuant to the provisions in force.

If an opposition is filed the Industrial Property Office shall issue the final resolution granting the registration or dismissing the application.

ARTICLE 71 - Registration of denominations of origin shall be granted without term.

ARTICLE 72 - The Industrial Property Office shall publish the resolution granting the appellation of origin in the Industrial Property Gazette.


## CHAPTER VIII

### INDUSTRIAL PROPERTY ATTORNEYS

ARTICLE 73 - Applications for the registration in the Industrial Property Attorneys Register shall be filed in writing together with the corresponding vouchers certifying the fulfillment of the requirements provided for in paragraphs 1 to 4 of article 93 of Law 17.011 as well as the payment of the corresponding fee.

ARTICLE 74 - Once the application is duly filed with all the corresponding vouchers and once the capability test is duly approved, when the case may be, the Industrial Property Office shall carry out the registration and shall issue the corresponding certificate at the request of the interested party.

ARTICLE 75 - Industrial Property Attorneys shall be governed by a special statute in the practice of their profession and they shall adjust their behavior to the principles of respect, good faith and loyalty.

ARTICLE 76 - Industrial Property Attorneys shall act in the name of third parties appearing personally in the prosecution of all steps concerning industrial property through the filing of a private document signed by the grantor.

In the event of abandonment of applications, waiver to registrations or assignment of applications for registrations, express authorization shall be required for these acts to be deemed valid.

As from the entry into force of this Decree those authorizations and powers of attorney granted to the industrial property attorneys shall be valid and in force for ten years. Upon expiration of said term said authorizations and powers of attorney shall forfeit by operation of law.

ARTICLE 77 - The Industrial Property Office shall determine those sanctions to be applied if the industrial property attorneys incur in any of the infringements established in Law 17.011 or in this Decree, notwithstanding the civil or penal actions that may be deemed proper.

ARTICLE 78 - The Industrial Property Attorney condition shall forfeit:

1)                                By                                death.
2)                                By                                waiver.
3) By ratified and confirmed administrative act concerning the removal from the Industrial             Property             Attorneys             register             .
4) By Court Decree.

ARTICLE 79 - The Industrial Property Attorney's profession is incompatible with any contractual or budgetary position in the Ministry of Industry , Energy and Mining.


## CHAPTER IX

### GENERAL PROVISIONS

Section I

ARTICLE 80 - Those written forms to be filed with the Industrial Property Office shall be signed by the applicant(s) or the corresponding representatives and shall be completed clearly with all emendations and corrections duly certified.

ARTICLE 81 - All forms and writs filed with the Industrial Property Office shall be presented together with all documents required for the corresponding prosecution.

ARTICLE 82 - Those documents certifying direct authority, with the exception of the ones provided for in article 76 hereof, as well as those documents filed as evidences, shall be filed in its original version, in notarial attestation by exhibition of the same or in simple photocopy with exhibition of the original so that the employee receiving said documents can certify them in the corresponding proceedings.

Those public documents and those powers of attorney coming from abroad shall be duly legalized, notwithstanding the provisions of paragraph A. - (1) of article 6 quinques of the Paris Convention, ratified by Decree Law N° 14.910, dated July 19, 1979.

If the public documents are written in a foreign language they shall be filed together with the corresponding translation made by a Public Translator.

ARTICLE 83 - The Industrial Property Office shall regulate by the issuing of resolutions, those formalities that may be deemed proper for the documents to be filed and that are not provided herein.

Section II

ARTICLE 84 - The following shall be personally notified to the interested parties: those notifications of formal or substantial faults in the applications for registrations granting a strict time limit to make up for them; oppositions ex-officio and oppositions filed by third interested parties; notification of remedies, petitions to cancel registrations and prosecution of claims; openings of the terms for probation and results of the same, when deemed proper; resolutions granting, dismissing, maintaining, revoking, canceling, claiming or renewing registrations.

ARTICLE 85 - Personal notification shall be made at the Office and the interested parties are responsible to appear thereat, personally or by proxy.

ARTICLE 86 - If the applicant is not represented by an industrial property attorney and is not notified at the Office, certification of the communication of the                                    corresponding resolution at the legal domicile of said applicant shall be deemed as enough personal notification.

ARTICLE 87 - Those notifications that must be done personally but cannot be complied with by cause imputable to the applicant shall be made in the Industrial Property Gazette and the non-appearance of the interested party

once the term of three working days as from said publication is due shall be deemed as enough notification.

ARTICLE 88 - Proprietors of distinctive signs may announce in the Official Gazette those resolutions granting the corresponding registers.

Section III

ARTICLE 89 - The Industrial Property Office shall issue the resolution establishing the valid manner and conditions to send telefacsimile communications to the Office.

Section IV

ARTICLE 90 - The applicant shall be entitled to withdraw his/her application at any moment during the prosecution of the same. The withdrawal of the application shall not entail the right to the reimbursement of those fees already paid.

ARTICLE 91 - The Industrial Property Office shall not entry any application if the vouchers certifying the payment of the corresponding fee and publication charge are not duly filed when deemed proper.

ARTICLE 92 - Those applications not filed in pursuance of the provisions of Law 17.011 or of this Decree shall be dismissed, without further requirements.

Likewise, the fact of the proceedings remaining paralyzed during thirty days running by any cause imputable to the applicant, shall be deemed as the applicant's abandonment of the proceedings, without further requirements.

## CHAPTER X

**Provisional Clauses**

ARTICLE 93 - Let Decree 649/67, dated September 28, 1967, Decree 685/68, dated November 14, 1968, Decree 149/80, dated March 12, 1980, Decree 352/80, dated June 18, 1989, Decree 224/86, dated April 23, 1986, Decree 51/93, dated January 27, 1993 as well as all other provisions opposed to these presents be hereby derogated.

ARTICLE 94 - The fact that the interested party in those proceedings initiated previously to the entry into force of Law 17.011, dated September 25, 1998, has not fulfilled the requirements of Law 9.956 within the granted period, in spite of being duly notified thereof, shall be deemed as said applicant's abandonment of the proceedings, without further requirements.

ARTICLE 95 - As from the entry into force of this Decree a strict time limit of thirty days running shall be granted to the interested parties that have initiated the prosecution of their applications after the entry into force of Law 17.011, dated September 25, 1998, for them to adapt said prosecution to the provisions hereof with the admonition that, upon non-fulfillment of this requirement, the provisions of article 94 hereof shall be applied. Said term shall not be extended.

ARTICLE 96 - As from the entry into force of this Decree a strict time limit of fifteen working days shall be granted to the interested parties that have initiated the prosecution of their applications after the entry into force of Law 17.011, dated September 25, 1998, for them to file the voucher certifying the publication charge, with the admonition that the non-fulfillment of said requirement shall be deemed as said interested party's abandonment of the proceedings, without further requirements. Said term shall not be extended.

ARTICLE 97 - Let these presents be duly communicated, published, etc.