James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036-7703
Tel: 212-626-4100
Fax: 212-310-1600

Attorneys for Software AG, Inc.
and Software AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOFTWARE AG, INC. and SOFTWARE AG,<br><br>                              Plaintiffs,<br><br>-against-<br><br>CONSIST SOFTWARE SOLUTIONS, INC. f/k/a CONSIST INTERNATIONAL, INC. and NATALIO FRIDMAN,<br>                              Defendants. | Case No. 08 CV 00389 (CM) (FM)<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37** |

Plaintiffs Software AG, Inc. ("SAGA") and Software AG ("SAG") (collectively "Software AG" or "Plaintiffs"), by their attorneys Baker & McKenzie LLP, submit this memorandum of law in support of its motion for sanctions against Consist Software Solutions, Inc. and Natalio Fridman (collectively, "Defendants").

### Statement of Facts

On January 15, 2008, one day after filing its Complaint, Software AG moved for a temporary restraining order, a preliminary injunction and expedited discovery in aid of an injunction hearing. The court heard oral argument on the temporary restraining order on January 16, 2008. At the January 16 hearing, the court ordered expedited discovery

and scheduled an evidentiary hearing on the motion for a preliminary injunction on January 24, 2008.

On January 16, 2008, Software AG served its First Request for Production of Documents, Electronically-Stored Information and Things ("First Document Request") on Defendants. The First Document Request defined "Consist" as "Consist Software Solutions, Inc., f/k/a Consist International, Inc. and its affiliate companies, including owners, directors, officers, employees, and agents, and Natalio Fridman." *See* Declaration of Frank M. Gasparo ("Gasparo Declaration") Ex. 1 at 2.

Plaintiff's request No. 15 demanded that Defendants produce "[a]ll documents concerning Consist's ownership of, right to, pursuit of or maintenance of any intellectual property rights in the Territory, including but not limited to the trademarks ADABAS and NATURAL. *Id.* Ex. 1 at 5. The "Territory" is defined as 7 countries in South America and thus it is indisputable the request No. 15 encompasses trademark registrations in Argentina and Uruguay (two of the named countries in the "Territory").

On January 18, 2008, Defendants produced 5 pages, Bates stamped CSS2-00001 to CSS2-00005 which consisted of copies of 6 Brazilian trademark registrations for ADABAS and NATURAL registered in Consist's name. Defendants took the position that these Brazilian registrations comprehensively satisfied their production pursuant to the entire First Document Request. *Id.* Ex. 2: Letter from Michael Turschmann to James D. Jacobs.

On the same day, Defendants unilaterally attempted to dictate the issues in this litigation by declaring in a letter to the court that Software AG's "emergency application is now moot and that the only issue to be determined at the preliminary injunction

hearing scheduled for January 24, 2008 is whether [Software AG] is entitled to a mandatory preliminary injunction compelling Consist's Brazilian affiliate to convey to SAG trademarks that were registered in Brazil under Brazilian law . . ." *Id.* Ex. 3 at 2: Letter from Hyman Schaffer to James D. Jacobs. Software AG immediately responded by requesting the court (1) to hear "all issues set forth in Plaintiffs' Order to Show Cause," and (2) not to permit Defendants to "use [the Schaffer Letter] as a basis for withholding discover[y] pending" the Court's ruling. *Id.* Ex. 4 at 2: Letter from James D. Jacobs to Hon. Judge McMahon.

Recognizing the impropriety of Defendants' attempt to circumvent the litigation of relevant issues, the court determined in a Memo Endorsed Order that it would proceed with all of Software AG's claims. *Id.* Ex. 5. Further, the Court directed Defendants to comply with Software AG's First Discovery Request, instructing in a second Memo Endorsed Order that

> [e]ither Consist complies with the document request or [the Court] will not only draw adverse inferences, [it] will impose monetary sanctions on **counsel** for unilaterally taking the position that they will not produce documents. Defendants **do not** control the content of the hearing. Defendants **will** produce documents. (emphasis in the original)

*Id.* Ex. 6.

Ignoring the instruction of the Court to produce documents requested by the First Document Request, Defendants have withheld documents related to Consist's trademark registrations in the Territory, despite being put on notice that Consist may have registered ADABAS in Uruguay after Fridman's Nov. 28, 2008 deposition. *Id.* Ex. 7 at 70:6-11. Relying on that document production and Defendants' silence regarding other registrations, Plaintiffs did not independently investigate registrations in the Territory.

3

Nonetheless, in preparing Software AG's submission in response to the court's February 1, 2008 Notice to Counsel, Software AG engaged local counsel in the Territory to search for trademarks Consist had registered for Software AG's proprietary software products. *See* Gasparo Decl. ¶ 2.

Software AG's local counsel in the Territory searched trademark records, visited the trademark offices, drafted declarations on the trademarks and otherwise provided information that Defendants were ordered to produce well in advance of the January 24 hearing. *Id.* at ¶ 3. In connection with this tedious, costly and unnecessary exercise, Software AG's local counsel discovered that Consist had 2 registrations on record with the trademark office in Uruguay and 16 registrations on record with the trademark office in Argentina. *See* Salaverry Decl., at ¶ 6; Malone Decl., at ¶¶ 5-6.[1]

Of these 16 registrations, 10 involved either (1) an XML database and associated family of products called Tamino, (2) middleware and associated family of products called "Entire" or "EntireX," (3) an on-line transaction server called "Com-plete," or (4) a data dictionary/repository called "Predict." *See* Kibblewhite Decl., at ¶ 3. "Complete" and "Predict" have been SAGA products since the late 1980s. "Entire" and "EntireX" have been SAGA products since the early 1990s. "Tamino" has been a SAGA product since the late 1990s. *See id.*, at ¶ 4.

Notably, Consist's most recent application for the registration of the NATURAL trademark occurred on June 9, 2006, well after Software AG had given Defendants notice of its intention not to renew the Distributorship Agreement. Compl. Ex. 3. Prior to

---

[1] The declarations of Lucia Salaverry (Uruguay) and Bernard Malone (Argentina) are part of the record filed in connection with Software AG's submission in response to the court's February 1, 2008 Notice to Counsel.

4

January 1, 2008, Consist Software Solutions, Inc. was the exlusive distributor of these SAGA software products in Brazil, Argentina, Chile, Uruguay, Paraguay, Bolivia and Peru. *See* Kibblewhite Decl., at ¶ 5.

## Argument

The discovery provisions of the Federal Rules of Civil Procedure are "designed to achieve disclosure of all the evidence relevant to the merits of a controversy." *Daval Steel Products v. M/V Fakredine, et al.*, 951 F.2d 1357, 1365 (2nd Cir. 1991)(internal citations omitted). "It is intended that this disclosure of evidence proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention." *Id.* "When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (per curiam) (holding that the availability of severe sanctions was necessary both to penalize recalcitrant parties and deter others from similar conduct).

*Fed. R. Civ. P. 37(b)(2)* provides, in pertinent part, that if "a party fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence . . . .
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as contempt of court the failure to obey any orders . . .
>
> ***In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's***

> ***fees, caused by the failure***, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (emphasis added.)

Further, under *Fed. R. Civ. P. 37(c)(1)*, the Court may sanction any "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(2)," and "in addition to requiring the payment of reasonable expenses, including attorneys fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure." *Pastorello v. The City of New York, et al.*, 2003 U.S. Dist. LEXIS 5231 at *20 (S.D.N.Y. March 31, 2003), *citing* Fed. R. Civ. P. 37(c).

Defendants have no justification for withholding information regarding its trademark registrations in Argentina and Uruguay and should therefore be sanctioned, particularly after (a) Software AG specifically requested such documents in its Document Request Number 15, (b) Defendants were put on notice that such registrations existed based on Natalio Fridman's own deposition testimony regarding the existence of such registrations, and (c) the Court's clearly articulated and unambiguous January 18 Memo Endorsed Order expressly directing Defendants to produce the documents requested by Software AG and threatened sanctions on Defendants' counsel "for unilaterally taking the position that they will not produce documents." *Daval Steel Products v. M/V Fakredine, et al.*, 951 F.2d 1357, 1362-63 (2nd Cir. 1991) (prescribing sanctions pursuant to Rule 37(b)(2) upon party that had failed to comply with a "clearly articulated" albeit oral court order to produce an appropriate witness and demanded documents).

The Court may award reasonable expenses relating to this motion pursuant to Rule 37(c), including attorneys' fees. "Like an adverse inference, an award of costs

6

serves both punitive and remedial purposes" and is designed to "compensate[ ] the opposing party for the additional costs incurred." *Pastorello,* 2003 U.S. Dist. LEXIS 5231 at *20-21*. An award of both punitive and remedial costs is warranted in this case. Defendants' refusal to produce documents responsive to Document Request Number 15 and consequent failure to dutifully comply with the Federal Rules of Civil Procedure has resulted in a wasteful and unnecessary expenditure of Software AG's resources.

### Conclusion

For the reasons stated above, Plaintiffs respectfully request that the Court order (1) monetary sanctions upon Defendants for deliberately withholding information and documents regarding the Uruguayan and Argentinean trademark registrations, (2) daily monetary sanctions for each day of continuing contempt, (3) Defendants to pay Software AG's counsel fees and local counsel fees incurred by this motion and in searching for the trademarks registered by Consist in each of the Territories, and (4) an adverse inference concerning the trademarks in Argentina and Uruguay in Plaintiffs' favor that Consist applied for and obtained these registrations without Software AG's permission.

Dated:  New York, New YorkRespectfully submitted,
February 13, 2008

By: */s James David Jacobs*

James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: 212-626-4100
Fax: 212-310-1600

Attorneys for Plaintiffs Software AG, Inc.
and Software AG