James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036-7703
Tel: 212-626-4100
FAX: 212-310-1600

Attorneys for Software AG, Inc.
and Software AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOFTWARE AG, INC. and SOFTWARE
AG,

                          Plaintiffs,

           -against-

CONSIST SOFTWARE SOLUTIONS,
INC. f/k/a CONSIST INTERNATIONAL,
INC. and NATALIO FRIDMAN,
                          Defendants.

Case No. 08-CV-00389 (CM) (FM)

**DECLARATION OF FRANK M.
GASPARO IN SUPPORT OF
MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 37**

Frank M. Gasparo declares and states as follows:

1.       I am an attorney at Baker & McKenzie LLP, and counsel for Plaintiffs

Software AG, Inc. and Software AG.

2.       Relying on Defendants' document production and Defendants' silence

regarding registrations outside Brazil, Plaintiffs had not independently investigated

registrations in the Territory.  In preparing Software AG's submission in response to the

court's February 1, 2008 Notice to Counsel, Software AG engaged local counsel in each

country in the Territory to search for trademarks Consist had registered for Software AG's proprietary software products.

3.    Software AG's local counsel in the Territory searched trademark records, visited the trademark offices, drafted declarations on the trademarks and otherwise provided information that Defendants were ordered to produce well in advance of the January 24 hearing.  In connection with this tedious, costly and unnecessary exercise, Software AG's local counsel discovered that Consist had two registrations on record with the trademark office in Uruguay and sixteen registrations on record with the trademark office in Argentina.  Notably, Consist's most recent application for the registration of the NATURAL trademark occurred on June 9, 2006, well after Software AG had given Defendants notice of its intention not to renew the Distributorship Agreement.

4.    The declarations of Lucia Salaverry (Uruguay) and Bernard Malone (Argentina) are part of the record filed in connection with Software AG's submission in response to the court's February 1, 2008 Notice to Counsel.

5.    Attached as Exhibit 1 is a true copy of Plaintiffs Software AG, Inc.'s and Software AG's First Request for Production of Documents, Electronically-Stored Information and Things served on January 16, 2008.

6.    Attached as Exhibit 2 is a true copy of a letter from Michael Turschmann to James David Jacobs with attached "CSS Production" dated January 18, 2008.

7.    Attached as Exhibit 3 is a true copy of a letter from Hyman Schaffer to Honorable Colleen McMahon dated January 18, 2008.

8.    Attached as Exhibit 4 is a true copy of a letter from James David Jacobs to Honorable Colleen McMahon dated January 18, 2008.

9.    Attached as Exhibit 5 is a true copy of the first memorandum endorsed by Honorable Colleen McMahon dated January 18, 2008.

10.    Attached as Exhibit 6 is a true copy of the second memorandum endorsed by Honorable Colleen McMahon dated January 18, 2008.

11.    Attached as Exhibit 7 is a true copy of page 70 from the transcript of Natalio Fridman's deposition on November 28, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:
February 13, 2008

Frank M. Gasparo

1

James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036

Attorneys for Plaintiffs
Software AG, Inc. and Software AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SOFTWARE AG, INC. and SOFTWARE AG,** | Case No. 08 CV 00389 (CM) (FM) |
| **Plaintiffs,** | |
| -against- | |
| **CONSIST SOFTWARE SOLUTIONS, INC. f/k/a CONSIST INTERNATIONAL, INC. and NATALIO FRIDMAN,** | Plaintiffs Software AG, Inc.'s and Software AG's First Request for Production of Documents, Electronically-Stored Information and Things |
| **Defendants.** | |

Plaintiffs Software AG, Inc. and Software AG serve this their First Request for

Production of Documents, Electronically-Stored Information and Things pursuant to Fed. R. Civ.

P. 34, and request that Defendants produce the following documents by the close of business

Friday, January 16, 2008 at the offices of Baker & McKenzie LLP, 1114 Avenue of the

Americas, New York, NY 10036, attn: Frank M. Gasparo.

## DEFINITIONS

The following definitions apply to each of the requests for documents set forth below and

are deemed to be incorporated in each of those requests.

(a)    **Local Rule 26.3**. All terms defined in Local Rule 26.3 (c) are defined as set forth therein.

(b)    "Agreement" means the Distributorship Agreement between Software AG Americas, Inc. and Consist International, Inc. dated effective January 1, 1998 and expired on December 31, 2007.

(c)    "Consist" or "You" means Consist Software Solutions, Inc., f/k/a Consist International, Inc. and its affiliate companies, including owners, directors, officers, employees, and agents, and Natalio Fridman.

(d)    "Software AG" means and includes Software AG, Software AG, Inc. and their affiliates.

(e)    "SAG Software Products" means software products manufactured in whole or in part by Software AG, including but not limited to ADABAS and NATURAL.

(f)    Terms defined in the Agreement and capitalized in these requests are given the meanings as defined in the Agreement.

## INSTRUCTIONS

1.    **Organization**. In producing documents pursuant to this request, please produce them as they are kept in the ordinary course of business or organize and label them to correspond with the categories in the request, pursuant to Fed. R. Civ. P. 34(b).

2.    **Complete Documents**. All documents shall be produced in the form in which they are maintained. A request for a document shall be deemed to include transmittal sheets, cover letters, exhibits, enclosures or attachments to the document in addition to the document itself.

3.    **Electronically Stored Information; Form**.    Electronically stored information ("ESI") shall be produced in native format.

4.    **Partial Response and Production**.    When a full and complete response to a particular request is not possible, production should be made to the extent possible and a statement should be made indicating why only a partial production is given and what must occur before a complete production may be given.

## REQUESTS FOR DOCUMENTS

1.    All of Consist's agreements that entitle a Consist customer after December 31, 2007 to use, technical assistance, training, maintenance or support of a SAG Software Product, either perpetually or for a limited time, including but not limited to new software releases of a SAG Software Product.

2.    All documents that entitle Consist after December 31, 2007 to use a SAG Software Product, including but not limited to new software releases of a SAG Software Product.

3.    All of Consist's agreements between Consist and a customer concerning a SAG Software Product that were actually executed by at least one party on or after December 17, 2007.

4.    All documents concerning entering into or renewing an agreement with Consist for Consist to provide for at least in part technical assistance, training, maintenance or support of a SAG Software Product after December 31, 2007.

5.    All documents concerning Consist's right or inability to provide technical assistance, training, maintenance or support of a SAG Software Product after December 31, 2007.

6. All documents concerning a Consist customer inquiry or request to Consist for providing technical assistance, training, maintenance or support of a SAG Software Product after December 31, 2007, including but not limited to providing new software releases of a Software AG Product.

7. All documents concerning the interpretation of Paragraphs 2, 3 and 4 of the Agreement.

8. All documents concerning litigation or threats of litigation arising out of Consist's inability after December 31, 2007 to provide technical assistance, training, maintenance or support for a SAG Software Product, including but not limited to providing new software releases of a SAG Software Product.

9. All documents concerning the effect or potential effect on Consist's business if Consist cannot provide technical assistance, training, maintenance or support for a SAG Software Product after December 31, 2007, including but not limited to providing new software releases of a SAG Software Product.

10. All source code developed by or for Consist that has been developed to access ADABAS, calls ADABAS or calls an interface to ADABAS and used by Consist after December 31, 2007, including but not limited to direct calls to ADABAS or indirect calls to ADABAS via a wrapper or otherwise, and internal source code comments and any documentation that describes the implementation or functionality of the source code.

11. All source code developed by Consist written in NATURAL after December 31, 2007.

12. All documents concerning the unauthorized use or alleged unauthorized use of:

a. a SAG Software Product;

-4-

2

.

**D**uane**M**orris°

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

MICHAEL A. TURSCHMANN
DIRECT DIAL: 212.692.1043
E-MAIL: MATurschmann@duanemorris.com

*www.duanemorris.com*

January 18, 2008

Via Email

James D. Jacobs
Baker & McKenzie
1114 Avenue of the Americas
New York, NY 10036

Re:    Software AG, Inc. et al. v. Consist Software Solutions  (08 Civ. 0389) (CM)

Dear Jim:

Attached please find documents numbered CSS2-00001 - CSS2-00005 which Consist Software
Solutions ("Consist") is producing in response to Plaintiffs' First Request for Production of
Documents.  As set forth in the correspondence from Hyman Schaffer earlier this afternoon,
Consist has previously produced documents which are responsive to Plaintiffs' document
requests in the previously filed action entitled *Consist Software Solutions, Inc. v. Software AG,
Inc. et al.*, Docket No. 07 Civ. 7047 (CM)(FM), U.S.D.C. S.D.N.Y.  Consist will consent to
the amendment of the confidentiality order entered into in the prior litigation to permit SAG to
use pertinent documents in this litigation.

Please call me if you have any questions concerning the production.

Sincerely,

Michael A. Turschmann

Enclosures

MAT
cc:    Hyman Schaffer, Esq.
       Fran Jacobs, Esq.
       Brian Damiano, Esq.



REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, da Indústria e do Comércio Exte...
Instituto Nacional da Propriedade Industrial

Certificado de Registro de Marca No.   811798313

ADABAS - (BR)

O Instituto Nacional da Propriedade Industrial, para garantia da propriedade
e do uso exclusivo , certifica que , nos termos das normas legais e
regularmente em vigor , efetuou a PRORROGAÇÃO do registro da marca acima
reproduzida, mediante as seguintes características e condições :

\* 3o.DECÊNIO \*

Especificação dos Produtos/Serviços :

Livros, álbuns, moldes de papel e impressos em geral.

Classe Produtos/Serviços :  16.20

Observações : Marca Nominativa.

PRORROGADA

Registro Anterior: Número  811798313

Prazo de Validade: 10(dez) anos a partir de 25/11/2006

Data da Concessão :   25/11/1986

Titular : CONSIST CONSULTORIA SISTEMAS E REPRESENTAÇÕES LTDA

CGC/CPF/No. INPI : 43211630000118

Endereço : AV DAS NAÇÕES UNIDAS 20727

SÃO PAULO

CEP : 04795-100  -  SP  -  BR

Rio de Janeiro, 22 de maio de 2007.

Diretor de Marcas

CONFIDENTIAL
CSS2-00001



REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, indústria e Comércio Exterior
Instituto Nacional da Propriedade Industrial.

## Certificado de Registro de Marca No.  816316970

### ADABAS

O Instituto Nacional da Propriedade Industrial, para garantia da propriedade
e do uso exclusivo , certifica que , nos termos das normas legais e
regularmente em vigor , efetuou a PRORROGAÇÃO do registro da marca acima
reproduzida, mediante as seguintes características e condições :

* 2o.DECÊNIO *

Especificação dos Produtos/Serviços :

Serviços auxiliares ao comércio de mercadorias, inclusive à importação e à exportação.
Serviços de agenciamento, treinamento e fornecimento de mão-de-obra em geral. Serviços de
análise e processamento de dados.

Classe Produtos/Serviços :  40.15 e 25 e 34

Observações : Marca Nominativa.

Registro Anterior: Número  816316970

Prazo de Validade: 10(dez) anos a partir de 11/05/2003

Data da Concessão :   11/05/1993

Titular : CONSIST CONSULTORIA SISTEMAS E REPRESENTACOES LTDA

CGC/CPF/No. INPI : 43211630000118

Endereço : AV  DAS NAÇOES UNIDAS    20727

   SANTO AMARO - SÃO PAULO

   CEP : 04795  -  SP  -  BR

Rio de Janeiro, 2 de maio de 2006.

Diretor de Marcas

CONFIDENTIAL
CSS2-00002



REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, da Indústria e do Comércio Exte...
Instituto Nacional da Propriedade Industrial

**Certificado de Registro de Marca No. 811798283**

**NATURAL - (BR)**

O Instituto Nacional da Propriedade Industrial, para garantia da propriedade e do uso exclusivo, certifica que, nos termos das normas legais e regularmente em vigor, efetuou a PRORROGAÇÃO do registro da marca acima reproduzida, mediante as seguintes características e condições:

\* 3o.DECÊNIO \*

Especificação dos Produtos/Serviços :

Livros, álbuns, moldes de papel e impressos em geral.

Classe Produtos/Serviços : 16.20

Observações : Marca Nominativa.

PRORROGADA

Registro Anterior: Número 811798283

Prazo de Validade: 10{dez} anos a partir de 09/09/2006

Data da Concessão : 09/09/1986

Titular : CONSIST CONSULTORIA SISTEMAS E REPRESENTAÇÕES LTDA

CGC/CPF/No. INPI : 43211630000118

Endereço : AV DAS NAÇÕES UNIDAS 20727

SÃO PAULO

CEP : 04795-100 - SP - BR

Rio de Janeiro, 22 de maio de 2007.

Diretor de Marcas

CONFIDENTIAL
CSS2-00003



REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, da Indústria e do Comércio Exter...
Instituto Nacional da Propriedade Industrial

## Certificado de Registro de Marca No.  811798291

### NATURAL - (BR)

O Instituto Nacional da Propriedade Industrial, para garantia da propriedade e do uso exclusivo , certifica que , nos termos das normas legais e regularmente em vigor , efetuou a PRORROGAÇÃO do registro da marca acima reproduzida, mediante as seguintes características e condições :

\* 3o.DECÊNIO \*

Especificação dos Produtos/Serviços :

Serviços auxiliares ao comércio de mercadorias, inclusive à importação e à exportação. Serviços de agenciamento, treinamento e fornecimento de mão-de-obra em geral. Serviços de análise e processamento de dados.

Classe Produtos/Serviços :  40.15 e 25 e 34

Observações : Marca Nominativa.

PRORROGADA

Registro Anterior: Número  811798291

Prazo de Validade: 10{dez) anos a partir de 25/03/2006

Data da Concessão :    25/03/1986

Titular : CONSIST CONSULTORIA SISTEMAS E REPRESENTAÇÕES LTDA

CGC/CPF/No. INPI : 43211630000118

Endereço : AV DAS NAÇÕES UNIDAS 20727

SÃO PAULO

CEP : 04795-100  -  SP  -  BR

Rio de Janeiro, 22 de maio de 2007.

Diretor de Marcas

CONFIDENTIAL
CSS2-00004



REPÚBLICA FEDERATIVA DO BRASIL
Ministério do Desenvolvimento, da Indústria e do Comércio Exter...
Instituto Nacional da Propriedade Industrial

Certificado de Registro de Marca No.  811798305


**NATURAL - (BR)**


O Instituto Nacional da Propriedade Industrial, para garantia da propriedade
e do uso exclusivo, certifica que, nos termos das normas legais e
regularmente em vigor, efetuou a PRORROGAÇÃO do registro da marca acima
reproduzida, mediante as seguintes características e condições :


* 3o.DECÊNIO *

Especificação dos Produtos/Serviços :

Discos e fitas em geral. Aparelhos e instrumentos de reprodução, fotográficos,
cinematográficos, óticos e de ensino. Máquinas de calcular, contar, registrar, escrever,
grampear, computar e equipamentos periféricos.

Classe Produtos/Serviços :  09.40 e 45 e 55

Observações : Marca Nominativa.

PRORROGADA

Registro Anterior: Número  811798305

Prazo de Validade: 10(dez) anos a partir de 25/03/2006

Data da Concessão :   25/03/1986

Titular : CONSIST CONSULTORIA SISTEMAS E REPRESENTAÇÕES LTDA

CGC/CPF/No. INPI : 43211630000118

Endereço : AV DAS NAÇÕES UNIDAS 20727

   SÃO PAULO

   CEP : 04795-100  -  SP  -  BR


Rio de Janeiro, 22 de maio de 2007.

Diretor de Marcas

**CONFIDENTIAL
CSS2-00005**

3

**DuaneMorris®**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

HYMAN L. SCHAFFER
DIRECT DIAL: 212.692.1078
PERSONAL FAX: 212.208.4330
E-MAIL: hlschaffer@duanemorris.com

www.duanemorris.com

January 18, 2008

BY FACSIMILE

Hon. Colleen McMahon
United States District Court for the Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

   Re: Software AG, Inc. et ano. v. Consist Software Solutions  (08 Civ. 0389) (CM) (FM)

Dear Judge McMahon:

      As Your Honor knows, we represent Consist Software Solutions, Inc. ("Consist") and Natalio Fridman, defendants ("Defendants") in this action.  When we appeared in Court on Wednesday morning, counsel for plaintiffs Software AG  and Software AG, Inc. (together referred to as "SAG") stated that SAG intended to seek preliminary injunctive relief under the Lanham Act and New York's General Business Law enjoining Defendants from making statements that SAG considered literally false in what SAG characterized as advertising about Consist's rights.  Your Honor directed that Defendants include a statement on the website of Consist's affiliate in Brazil stating that SAG "has challenged this view in a New York court and the matter is currently in litigation."  (January 16, 2008 Transcript at p. 37.)  Such a statement was promptly included on the website.

      After making the statement that Your Honor directed, Consist Brazil amended the announcements that SAG had complained about.  As amended, the announcements make it entirely clear that Consist was expressing its own views concerning SAG's post December 31, 2007 obligations to Consist and its customers, and are disputed by SAG.  The first announcement, as amended, removes any assertions about (1) retroactively reinstating the Distributorship Agreement to January 1, 2008 and (2) ongoing obligations by SAG with respect to maintenance.  A copy of the first announcement, as amended, is annexed hereto as Exhibit A, along with a translation into English, and a copy of the second announcement, as amended, is annexed hereto as Exhibit B, along with a translation.

      The second announcement, as amended, also states that further information concerning SAG's views is available on SAG's website.  A copy of the statement SAG made on its website about Consist is annexed hereto as Exhibit C, along with our translation.

**D**uane**M**orris

Hon. Colleen McMahon
January 18, 2008
Page 2

We will stipulate to keep the annexed announcements on Consist's Brazilian affiliate's website during the pendency of this proceeding. Consist has not made any offers to provide licenses for SAG products or maintenance subsequent to December 31, 2007, and it recognizes that it may not do so absent appellate relief. Defendants have thus done voluntarily what SAG wanted the Court to direct them to do.

In the face of these amended announcements –certainly when combined with the reference to SAG's own website statement-- SAG cannot claim that it needs Your Honor to issue a preliminary injunction to prevent what it claimed were literally false statements from being made on the Brazilian website. Accordingly, we respectfully submit that one of the issues raised in SAG's emergency application is now moot and that the only issue to be determined at the preliminary injunction hearing scheduled for January 24, 2008 is whether SAG is entitled to a mandatory preliminary injunction compelling Consist's Brazilian affiliate to convey to SAG trademarks that were registered in Brazil under Brazilian law more than two decades ago, at a time when the parties' relationship was not even governed by New York law.

Respectfully,

Hyman L. Schaffer

Enclosures
cc:    James David Jacobs, Esq. (by e-mail and w/encl.)
       John Basinger, Esq. (by e-mail and w/encl.)
       Marcella Ballard, Esq. (by e-mail and w/encl.)
       Frank Gasparo, Esq. (by e-mail and w/encl.)

# EXHIBIT A



🖶 imprimir

18 de Janeiro de 2008

# Notícias

## CONSIST ESCLARECE Nro. 1 (CORRIGIDO)

**Compromissos da CONSIST**

Como provavelmente seja de conhecimento de V.Sa., foi encerrado na primeira instância o processo judicial que tramitou na Corte de Nova York - Estados Unidos, a qual interpretou que o contrato assinado entre CONSIST e Software AG Americas (SAGA), referente à distribuição exclusiva dos softwares da SAGA pela CONSIST, se daria por rescindido em 31/12/2007, após 33 anos de relacionamento entre as partes.

Como a CONSIST está convicta de que essa interpretação está equivocada, a CONSIST entrou com recurso judicial de segunda instância nos Estados Unidos perante o Tribunal de Apelações, na expectativa de reverter esse entendimento, visando dar assim continuidade à relação de mais de 33 anos de sucesso.

O contrato em questão assinado entre a CONSIST e a Software AG foi redigido em 1997 pelo Assessor Jurídico da SAGA, e assinado pelo mesmo na qualidade de Vice Presidente Internacional da SAGA naquela ocasião. Na sua trajetória como advogado, ele já havia elaborado mais de 500 contratos, o que avaliza sua larga experiência na matéria.

O referido contrato indica que o mesmo poderá ser rescindido por qualquer uma das partes, mediante notificação prévia não inferior a 18 meses. O contrato também estabelece que, em caso de rescisão, a parte rescindente deverá notificar por escrito a outra parte detalhando quais condições fundamentais do contrato a outra parte não executou. Esta, por sua vez, tem um prazo de 60 dias para cumprir as obrigações não atendidas, antes de lhe ser aplicada qualquer penalidade.

De fato, a SAGA comunicou a CONSIST a intenção de rescindir o contrato; porém, não apontou nenhuma condição contratual não cumprida pela CONSIST. Não obstante a cláusula contratual que exige que a parte rescindente dê a oportunidade a outra parte de sanar a quebra de cláusula contratual, a Corte de primeira instância interpretou que tal requerimento não se aplica à cláusula que trata da notificação prévia de 18 meses.

A Corte da primeira instância e os demais participantes das audiências constataram, todavia, que a CONSIST queria na verdade que o contrato fosse perpétuo ou, alternativamente, por um prazo bastante extenso. Ademais, sabiam que a CONSIST não teve, em momento algum, a intenção de rescindir o contrato. Apesar disto, a SAGA admitiu que houve uma fundamental e inexplicável alteração de última hora no texto da referida cláusula contratual, somente porque a CONSIST queria ter os mesmos direitos da SAGA para rescindir o contrato por eventual inadimplência da contra-parte, após 60 dias sem ter regularizado a inadimplência oportunamente notificada.

A CONSIST acredita que a decisão da Corte com relação ao término do contrato foi equivocada, e também que ignorou alguns pontos fundamentais do contrato.

Assim, a CONSIST está convicta que pode e deve fazer valer seus direitos, com o objetivo de manter a continuidade do contrato de distribuição exclusiva dos softwares da Software AG.

Agradecemos o apoio e a confiança que sempre temos de nossos clientes.

**Natalio S. Fridman**
*Presidente*
Grupo CONSIST do Brasil
natalio.fridman@consist.com.br

**CONSIST CLARIFICATIONS No. 1 ( Corrected)**

As you may know, the judicial proceeding that was filed in the NY Court in the United States has been extinguished in the first instance. The court decided that the exclusive Software Distributorship Agreement between CONSIST and Software AG Americas (SAGA) was to be terminated in December 31, 2007, after 33 years of relationship between the parties.

Because CONSIST vehemently believes that such court interpretation of the agreement is mistaken, CONSIST filed an appeal in the second instance before the Court of Appeals the United States. CONSIST hopes and expects to reverse the judgment and therefore be able to give continuance to this successful relationship of over 33 years.

The agreement signed between CONSIST and Software AG and that is the subject of the above-mentioned litigation was drafted in 1997 by SAGA's legal consultant and signed by the same person, as SAGA's International Vice-President at the time. Over the years as an attorney, he had already drafted over 500 agreements, which reassures his large experience with the subject.

Such agreement states that it may be terminated by any of the parties, upon 18 months notice. The agreement also establishes, in the case of termination, the terminating party must notify by writing the other party, stating in details what substantial part of the agreement was not performed. The other party has 60 days to cure the alleged breach, before any other penalties may apply.

It is true, SAGA communicated CONSIST of its intention to terminate the agreement; however SAGA did not state any breach by CONSIST. Despite of such contractual requirement, the Court understood that such requirement was not necessary under the 18 months notice.

The District Court and the other hearing participants understood that CONSIST wanted to have a perpetual agreement or, in the alternative, a long-term agreement. They knew that CONSIST had no intentions of terminating the agreement. However, SAGA admitted that many inexplicable and substantial alterations were made to the agreement, pointing that CONSIST would want to have the same termination rights for breach of the agreement as SAGA; and giving CONSIST the same 60 day notice of termination for breach of the agreement, if such breach would not be cured.

CONSIST believes that the court interpretations of the agreement are mistaken and that the court ignored some fundamental points of the agreement.

Therefore, CONSIST is convinced to its rights to maintain the exclusive software distributorship agreement with Software AG.

Thank you for your support and trust.

Natalio Friedman.

2

# EXHIBIT B



 Imprimir

18 de Janeiro de 2008

# Notícias

## CONSIST ESCLARECE Nro. 2 (CORRIGIDO)

### Continuidade da Atualização Técnica e Suporte

É nossa firme opinião que todas as obrigações contratuais assumidas pela CONSIST com seus clientes, incluindo a continuidade da Atualização Técnica e a prestação dos serviços de suporte de produtos da Software AG, devem ser plenamente cumpridas, independentemente da nossa expectativa de reverter a decisão da primeira instância.

Nesse sentido, tais obrigações estão claramente respaldadas pelo contrato assinado entre a CONSIST e a SAGA/Software AG, o qual autoriza a CONSIST a outorgar tanto Licenças de Uso de softwares quanto Atualização Técnica por prazos temporários ou perpétuos (parágrafo 3 do contrato: *"... to grant perpetual or time-limited licenses, and/or maintenance agreements ..."* ).

Dessa forma, todas as atualizações dos softwares que sejam liberadas internacionalmente pela Software AG, esta deverá disponibilizá-las à CONSIST para atender nossos clientes de Atualização Técnica, tal como tem sido feito ao longo dos 33 anos de distribuição exclusiva dos softwares da Software AG.

Assim sendo, solicitamos a todos nossos clientes que, se eventualmente receberem informações divergentes do acima exposto, que me comuniquem por escrito, ou ao Sr. Pablo A. Kipersmit ( vpe@consist.com.br ), indicando também sua origem com todas as informações necessárias para sua identificação, para que possamos tomar as providências necessárias.

Esclarecemos ainda, que a Software AG diverge da interpretação da CONSIST quanto ao parágrafo 3 do contrato mencionado, fato este que está em litígio na Corte de Nova York. O entendimento da Software AG pode ser lido em seu site.

Novamente agradecemos a nossos clientes pelo apoio e confiança que sempre nos depositam.

**Natalio S. Fridman**
*Presidente*
Grupo CONSIST do Brasil
natalio.fridman@consist.com.br

Business Information Technology                    

## CONSIST CLARIFIES No. 2

**Technical Updates and Support Continue Performance**

It is our strong understanding that all our contractual obligations with our clients, including the Technical Updates and the performance of support services for Software AG products, will still be performed regardless of our expectations with the appeal.

Such obligations are guaranteed by the agreement between CONSIST and Software AG, which authorizes CONSIST to give both software licenses and technical support for a limited period of time or perpetually (clause 3 of the agreement: ... to grant perpetual or time-limited licenses, and/or maintenance agreements...).

As such, all software updates released internationally by Software AG, must be available to CONSIST in order for CONSIST to able to help our technical update clients, in the same manner as we have done for the past 33 years of exclusive distributorship of the software of Software AG.

Therefore, we kindly request all our client if they receive any contradicting information, to communicate me by writing, or to Mr. Pablo A. Kipersmit (vpe@consist.com.br), informing of the origin of such information and all other information necessary to its identification, so we can take the necessary steps.

We further clarify that Software AG disagrees with CONSIST's interpretation of paragraph 3 of the agreement, which has been subject of their judicial dispute before the New York court.  Software AG's position is available at its website.

Again, we thank you for all the trust and support always given.

Natalio Friedman.

3

# EXHIBIT C

A Software AG, proprietária do Adabas e Natural, começou a distribuição
na América Latina a partir de 1° de Janeiro de 2008

Caros clientes,

Como já devem saber, a Software AG é a distribuidora exclusiva de sua
tecnologia na América Latina desde 1° de Janeiro de 2008.   Tivemos uma
disputa judicial com a Consist a respeito de nossa entrada no mercado. A Juíza
da Corte Distrital norte-americana do Distrito Sul de Nova Iorque chegou a uma
decisão em 17 de dezembro de 2007, após também ter ouvido o Sr. Natalio
Fridman como testemunha. Na sentença final, datada de 21 de dezembro de
2007, a Corte declara:
"Em 17 de dezembro de 2007, a Corte concluiu, através de Avaliação dos Fatos
e das Resoluções das Leis, entre outras coisas, que a notificação de 6 de Abril
de 2006 de não renovação foi válida e irá encerrar o Contrato, de acordo com o
parágrafo I, a partir de 31 de dezembro de 2007."

A Consist anunciou que irá apelar, mas consideramos essa uma questão sem
chances de ser alterada. Se estiver interessado em mais detalhes jurídicos,
ficaremos satisfeitos em lhe enviar, a pedido, uma sinopse preparada por nossos
conselheiros jurídicos. Enquanto isso, sem nenhum apelo, a decisão da Corte se
mantém e a Software AG é, de agora em diante, a única distribuidora de sua
tecnologia no Brasil.  Como tal, a Software AG Brasil é também a única
fornecedora de diversos serviços específicos relacionados a suporte e
manutenção de produtos da Software AG, incluindo: novas versões de produtos,
correções de erros desses produtos, acesso a Rede de Suporte Global e
organização ReiD da Software AG.

Em breve, entraremos em contato para discutir com você todas as questões a
respeito de nossas relações comerciais.  Caso receba da Consist alguma
mensagem conflitante, gostaríamos de solicitar que nos encaminhe
imediatamente, para que possamos lidar com a questão e solucioná-la.
Esperamos manter uma relação comercial recíproca e gratificante.

Atenciosamente,
Software AG
Karl-Heinz Streibich
CEO Dave Powell
Senior VP Latin America

Software AG, the owner of Adabas and Natural, started it's distribution in Latin America on January 1, 2008.

Dear Clients,

As you may know, Software AG is the exclusive distributor of its technology in Latin America since January 1, 2008. We had a judicial proceeding against Consist regarding our entrance in the market. After hearing Mr. Natalio Friedman as a witness, the judge of the North-American District Court for the South District of New York gave judgement on December 17, 2007. On its final decision, of December 21, 2007, the court stated:
" On December 17, 2007, the Court decided, after analysis of the facts and regulations, among others, that the notice of termination given on April 6, 2006, was proper and it will terminate the Agreement on December 31, 2007, in accordance to paragraph I.

Consist has announced that it will appeal, but we don't believe there is a possibility for the decision to be modified. If you are interested in more legal details, we will be pleased to send you, upon request, a synopsis drafted by our legal consultants. In the mean time, without any appeals, the decision from the court is maintained and Software AG is, from now on, the only distributor of its technology in Brazil. Therefore, Sotware AG Brasil is also the only distributor of various Software AG's specific services related to technical support and product maintenance, including:
products' new versions; repair of such products; access to the Global Web Support and Software AG's ReiD organization.

Soon, we will be contacting you to discuss all matters regarding our commercial relationship. If you receive from Consist any conflicting message, we would like to ask you to kindly send us such message, in order for us to solve the conflict. We hope to maintain a reciprocal and satisfying commercial relationship with you.

Sincerely,
Software AG
Karl-Heinz Streibich
CEO Dave Powell
Senior VP Latin America

4



**BAKER & McKENZIE**

Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036, USA

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakernet.com
James David Jacobs
Tel: +1 212 891 3951
James.D.Jacobs@bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

BY FACSIMILE

January 18, 2008

The Honorable Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 640
New York, NY 10007

RE:    *Software AG, Inc. v. Consist Software Solutions, Inc.*
Case No. 08 CV 00389

Dear Judge McMahon:

We are in receipt of the letter sent today by Consist Software Solutions, Inc. and Natalio Fridman ("Defendants") to Your Honor. Defendants' willingness to stipulate to the removal of various misrepresentations on their web site addresses only a small, albeit important, part of Defendants' misrepresentations and other wrongful acts that required expedited relief. Defendants' offer entirely omits reference to all their other written and oral misrepresentations, often made directly to end-users, and that they can provide SAG Software Products Level 2 Support, Level 3 Support, System Maintenance Releases, New Software Releases, or New Software Versions.

Furthermore, our contract claims and claims of false statements are not limited to Consist's web publications, but include Consist's representations to customers orally, in person and in agreements in which Consist offers to provide post-expiration maintenance services. *Register.com, Inc. v. Domain Registry of America*, 2002 U.S. Dist. LEXIS 24795, at *43-44 (S.D.N.Y. Dec. 27, 2002) (Lanham Act § 43(a) misrepresentations include "informal type 'promotion', such as the *mailer*, emails, and telephone calls....").

If Defendants' position is that all issues in Plaintiffs' Order to Show Cause are moot except for conveying to SAG the trademarks that Consist wrongfully registered, Defendants should have no objection to this Court entering a preliminary injunction proposed in our Order to Show Cause with the exception of the trademark issues, *i.e.*, enjoining Defendants, their employees, their agents, their attorneys and all others acting in concert with them from:

(i) Representing or implying that Consist has continuing rights pursuant to the Agreement or that Defendants' rights under the Agreement may be or will be reinstated;

(ii) Offering or representing that Defendants can provide for SAG Software Products Level 2 Support, Level 3 Support, System Maintenance Releases; New Software Releases; or New Software Versions;

**BAKER & MᶜKENZIE**

(iii) Representing, promoting, advertising, or implying that Plaintiffs have authorized or otherwise falsely designating that Plaintiffs have authorized Consist to provide maintenance services for SAG Software Products, including Level 2 Support, Level 3 Support, System Maintenance Releases; New Software Releases; or New Software Versions;

(iv) Asserting any rights in Software AG's SAG Software Products;

and ordering Defendants to:

(i) Include in any offers, advertisements, promotions or agreements to render to customers or potential customers maintenance services for SAG Software Products in type no less prominent in face and in size than the type in which offers or statements of service are made the disclaimer that "Software Ag Does Not Authorize Consist's Maintenance Services And In No Event Can Consist Provide Level 3 Support, Software Updates Or New Software Releases".

If Defendants, however, are not willing to stipulate to such a preliminary injunction, the hearing scheduled for next Thursday should proceed on all issues set forth in Plaintiffs' Order to Show Cause. Nor should Defendants use their letter as a basis for withholding discover pending Your Honor's ruling.

Very truly yours,

James David Jacobs

cc: Hyman Schaffer (By e-mail)

The Honorable Colleen McMahon
Very truly yours,

5

## FAX COVER SHEET

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**500 PEARL STREET**
**NEW YORK, NEW YORK 10007**
**PHONE: 212-805-6325**
**FAX : 212-805-6326**

**JUDGE MCMAHON**
**DISTRICT JUDGE**

TO: All Counsel in 08CV389     FROM: _____

PAGES (INCLUDING THIS COVER SHEET): 7

THE INFORMATION IN THIS FACSIMILE TRANSMISSION IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, CONTACT THE NUMBER ABOVE AND EITHER DESTROY THE ORIGINAL OR RETURN IT BY MAIL. ANY USE OF THIS FACSIMILE BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED.



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1|8|08____

**MEMO ENDORSED**

Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036, USA

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakernet.com

James David Jacobs
Tel: +1 212 891 3951
James.D.Jacobs@bakernet.com

BY FACSIMILE

January 18, 2008

The Honorable Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 640
New York, NY 10007

RE:    *Software AG, Inc. v. Consist Software Solutions, Inc.*
       Case No. 08 CV 00389

Dear Judge McMahon:

We are in receipt of the letter sent today by Consist Software Solutions, Inc. and Natalio Fridman ("Defendants") to Your Honor. Defendants' willingness to stipulate to the removal of various misrepresentations on their web site addresses only a small, albeit important, part of Defendants' misrepresentations and other wrongful acts that required expedited relief. Defendants' offer entirely omits reference to all their other written and oral misrepresentations, often made directly to end-users, and that they can provide SAG Software Products Level 2 Support, Level 3 Support, System Maintenance Releases, New Software Releases, or New Software Versions.

Furthermore, our contract claims and claims of false statements are not limited to Consist's web publications, but include Consist's representations to customers orally, in person and in agreements in which Consist offers to provide post-expiration maintenance services. *Register.com, Inc. v. Domain Registry of America*, 2002 U.S. Dist. LEXIS 24795, at *43-44 (S.D.N.Y. Dec. 27, 2002) (Lanham Act § 43(a) misrepresentations include "informal type 'promotion', such as the *mailer*, emails, and telephone calls....").

If Defendants' position is that all issues in Plaintiffs' Order to Show Cause are moot except for conveying to SAG the trademarks that Consist wrongfully registered, Defendants should have no objection to this Court entering a preliminary injunction proposed in our Order to Show Cause with the exception of the trademark issues, *i.e.*, enjoining Defendants, their employees, their agents, their attorneys and all others acting in concert with them from:

    (i) Representing or implying that Consist has continuing rights pursuant to the Agreement or that Defendants' rights under the Agreement may be or will be reinstated;

    (ii) Offering or representing that Defendants can provide for SAG Software Products Level 2 Support, Level 3 Support, System Maintenance Releases, New Software Releases, or New Software Versions;

*[Handwritten note:]* 1/28/08 I have no intention of starting this letter writing thing all over again. We will have a hearing as scheduled on plaintiff's claim for injunctive relief & will decide at the hearing if plaintiff is entitled to the relief sought.

Case 1:08-cv-00389-CM    Document 36-6    Filed 02/13/2008    Page 4 of 5
DIST EXEC SDNY        Fax:212-805-0383       Jan 18 2008 04:38pm  P003/007

JAN.18'2008 16:04 12126264163            BAKER & McKENZIE              #0700 P.003/003

**BAKER & McKENZIE**

(iii) Representing, promoting, advertising, or implying that Plaintiffs have authorized or otherwise falsely designating that Plaintiffs have authorized Consist to provide maintenance services for SAG Software Products, including Level 2 Support, Level 3 Support, System Maintenance Releases; New Software Releases; or New Software Versions;

(iv) Asserting any rights in Software AG's SAG Software Products;

and ordering Defendants to:

(i) Include in any offers, advertisements, promotions or agreements to render to customers or potential customers maintenance services for SAG Software Products in type no less prominent in face and in size than the type in which offers or statements of service are made the disclaimer that "Software Ag Does Not Authorize Consist's Maintenance Services And In No Event Can Consist Provide Level 3 Support, Software Updates Or New Software Releases".

If Defendants, however, are not willing to stipulate to such a preliminary injunction, the hearing scheduled for next Thursday should proceed on all issues set forth in Plaintiffs' Order to Show Cause. Nor should Defendants use their letter as a basis for withholding discovery pending Your Honor's ruling.

Very truly yours,

James David Jacobs

cc: Hyman Schaffer (By e-mail)

Case 1:08-cv-00389-CM    Document 36-6    Filed 02/13/2008    Page 5 of 5
DIST EXEC SDNY              Fax:212-805-0383        Jan 18 2008 04:38pm P004/007

JAN.18'2008 16:04 12126264143          BAKER & McKENZIE                    #0700 P.001/003

BAKER & McKENZIE

**Facsimile Transmission**

Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036, USA

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakernet.com

| | | | |
|---|---|---|---|
| **Date** | January 18, 2008 | **Phone** | **Fax** |
| **To** | Honorable Judge Colleen McMahon, Southern District Court, New York, New York | 212 805 6325 | 212 805 6326 |
| **From** | James David Jacobs | +1 212 891 3951 | +1 212 310 1651 |
| **Client/Matter No.** | 56142904-000002 | | |
| **Re** | *Software AG, Inc. v. Consist Computer Solutions* 08 CV 00389 | | |
| **Pages (w/cover)** | 3 | | |

**Privacy And Confidentiality Notice**

The information contained in this facsimile is intended for the named recipients only. It may contain privileged and confidential information and if you are not an intended recipient, you must not copy, distribute or take any action in reliance on it. If you have received this facsimile in error, please notify us immediately by a collect telephone call to Office Services at +1 212 626 4100 and return the original to the sender by mail. We will reimburse you for the postage.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

6

JAN.18'2008 16:20 12126264143          BAKER & McKENZIE          #0701 P.001/003

**BAKER & McKENZIE**

**Facsimile Transmission**

Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036, USA

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakernet.com

# MEMO ENDORSED

| | | | |
|---|---|---|---|
| **Date** | January 18, 2008 | **Phone** | |
| **To** | Honorable Judge Colleen McMahon, Southern District Court, New York, New York | | 212 805 6325 | **Fax** | 212 805 6326 |
| **From** | James David Jacobs | | +1 212 891 3951 | | +1 212 310 1651 |
| **Client/Matter No.** | 56142904-000002 | | | |
| **Re** | *Software AG, Inc. v. Consist Computer Solutions*  08 CV 00389 | | |
| **Pages (w/cover)** | 3 | | |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/08

Dear Judge McMahon:

Literally minutes after we faxed our letter to you we received the enclosed letter from counsel for Consist. We would like to speak to Your Honor this afternoon if possible. Defendants' unilateral attempts to determine what will and will not be heard next Thursday are prejudicing our ability to prepare for the hearing.

Respectfully,

James D. Jacobs

cc: Hyman L. Schaffer

*[handwritten endorsement:]* 1/18/2008 Either Consist complies with the discovery request or I need not only draw adverse inferences, I will impose monetary sanctions on counsel for unilaterally taking the position that they will not produce documents Defendants do not control the content of the hearing. Defendant will produce documents. Colleen McMahon

**Privacy And Confidentiality Notice**

The information contained in this facsimile is intended for the named recipients only. It may contain privileged and confidential information and if you are not an intended recipient, you must not copy, distribute or take any action in reliance on it. If you have received this facsimile in error, please notify us immediately by a collect telephone call to Office Services at +1 212 626 4100 and return the original to the sender by mail. We will reimburse you for the postage.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

DuaneMorris

HYMAN L. SCHAFFER
DIRECT DIAL: 212.692.1078
PERSONAL FAX: 212.208.4330
E-MAIL: hlschaffer@duanemorris.com

www.duanemorris.com

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

January 18, 2008

## BY ELECTRONIC MAIL

James D. Jacobs, Esquire
Baker & McKenzie LLP
1114 Avenue of the Americas
New York NY 10036-7703

Re: Software AG, Inc. et ano. v. Consist Software Solutions  (08 Civ. 0389) (CM) (FM)

Dear Jim:

By now, I am sure you have read the letter I sent to Judge McMahon earlier today and reviewed the attachments. In light of Consist's immediate and voluntary efforts to address SAG's claim that the statements on the Brazilian website were literally false, we believe that the only possible matter that could be determined at Thursday's hearing is whether SAG could somehow be entitled to an order requiring a Brazilian court or the Brazilian trademark office to order cancellation of the Brazilian trademark registrations owned by our clients' affiliates in Brazil. It is our view that the Court clearly lacks jurisdiction to grant the relief SAG seeks and that, in any event, there is no need for emergency relief. Accordingly, we request that you agree to withdraw your clients' request for a preliminary injunction.

Since SAG no longer requires the Court to compel Consist to change the disclosure on the Brazilian website, expedited discovery should be limited accordingly. If you do not agree to withdraw your clients' request for a preliminary injunction, we therefore intend to provide and take expedited discovery only on the narrow trademark issue that SAG raised in its motion. To the extent that we have not already done so, we will produce today responsive documents in our clients' possession pertaining to this issue, including any registration materials and certificates for the trademarks. We will also stipulate to amend the confidentiality order entered into in the prior litigation to permit SAG to use any pertinent documents previously produced which are relevant to the current trademark issue. For this reason, we will not re-produce such materials in this action.

JAN.18'2008 16:20 12126264143                BAKER & McKENZIE                    #0701 P.003/003

**Duane Morris**

James D. Jacobs, Esquire
January 18, 2008
Page 2

   With respect to depositions, the elimination of the false advertising claim makes it
unnecessary to depose Mr. MacSwain or Mr. Daly.  While we will proceed with the SAG
30(b)(6) deposition on January 22, we will confine the examination to the trademark issue.

                                    Very truly yours,

                                    *Hyman Schaffer / SD*

                                    Hyman L. Schaffer

cc:    Frank M. Gasparo, Esq.
       Marcella Ballard, Esq.
       John Basinger, Esq.

7

1

2    UNITED STATES DISTRICT COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    ---------------------------------------x

5    CONSIST SOFTWARE SOLUTIONS, INC.,

6                              Plaintiff,

7          vs.

8    SOFTWARE AG, INC. and SOFTWARE AG

9                              Defendant.

10   ---------------------------------------x

11

12                    November 28, 2007

13                    11:00 a.m.

14

15       H I G H L Y    C O N F I D E N T I A L

16              ATTORNEYS' EYES ONLY

17

18       Deposition of NATALIO S. FRIDMAN, held

19   at the offices of Baker & McKenzie, 1114

20   Avenue of the Americas, New York, New York

21   10036, before David Henry, a Certified

22   Shorthand Reporter and Notary Public of the

23   State of New York.

24

25

HIGHLY CONFIDENTIAL

LISA DREIER
REPORTING CORP.    780 Third Avenue          Telephone: 212-557-5558
                   New York, New York 10017   Fax: 212-557-0050
                   Email:production@courtreportingedrc.com

1  Fridman - CONFIDENTIAL - ATTORNEYS' EYES ONLY

2      Q.    Has Consist registered the

3  trademark Adabas?

4      A.    I think so.  I think from

5  somewhere.

6      Q.    Has Consist registered the

7  trademark Adabas with any country other

8  than Brazil?

9      A.    I don't recall it.

10     Q.    Okay.

11     A.    Maybe Uruguay, I don't know.  Let

12 me explain why we registered the name.

13     Q.    Go ahead.  Why don't you go ahead

14 and explain why Consist registered the

15 names Adabas and Natural.

16     A.    Software AG never was interested

17 in any registration.  But we knew that we

18 cannot use the name Adabas, if some pirate

19 over there uses Adabas for something else.

20 So you cannot register the copyright in

21 somebody's name, and Software AG was not

22 interested in doing, in spending any money

23 on that, so we did it to protect our

24 market, our market in the territory.  So I

25 would like -- I checked after maybe