DUANE MORRIS LLP
Hyman L. Schaffer
Fran M. Jacobs
Gregory P. Gulia
Brian Damiano
1540 Broadway
New York, New York 10036
(212) 692-1000
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SOFTWARE AG, INC. and SOFTWARE AG,    :
                                       :    08 CV 00389 (CM) (FM)
                       Plaintiffs,     :
        -against-                      :
                                       :
CONSIST SOFTWARE SOLUTIONS, INC.,      :
f/k/a CONSIST INTERNATIONAL, INC.      :    **ANSWER**
and NATALIO FRIDMAN,                   :
                                       :
                       Defendants.     :
-----------------------------------------------------------------x

Defendants Consist Software Solutions, Inc. f/k/a Consist International, Inc. ("Consist") and Natalio Fridman ("Fridman") (collectively, "Defendants"), by their attorneys Duane Morris LLP, for their answer to the complaint of plaintiffs Software AG, Inc. and Software AG (together referred to as "Plaintiffs" or "Software AG"), admit, deny, and allege as follows:[1]

1. Deny the allegations of paragraph 1 of the complaint, except admit that the amount in controversy in this lawsuit exceeds $75,000 and that Defendants and Plaintiffs are citizens of different states.

---

[1] Defendants are today moving to dismiss Counts II and VI of the Complaint. In connection with this pending motion, Defendants have indicated "No response required" to identify those paragraphs that are at issue in their motion to dismiss.

2. Deny the allegations of paragraph 2 of the complaint, except admit that Consist and Fridman reside in this district and that the parties' Agreement was governed by New York law.

3. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the complaint.

4. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint.

5. Admit the allegations of paragraph 5 of the complaint.

6. Admit the allegations of paragraph 6 of the complaint, except aver that Fridman does not "direct" and "control" Consist Brazil, which is a foreign entity and a non-party to this lawsuit.

7. Admit the allegations of paragraph 7 of the complaint, except aver that the Agreement's renewal and termination provisions are the subject of an appeal pending before the Second Circuit.

8. Deny the allegations of paragraph 8 of the complaint.

9. Deny the allegations of paragraph 9 of the complaint, except aver that Fridman received an email and letter from Software AG, respectively dated December 16, 2005 and March 30, 2006.

10. Deny the allegations of paragraph 10 of the complaint, except aver that Consist received a letter from SAGA dated April 6, 2006.

11. Admit the allegations of paragraph 11 of the complaint.

12. Admit the allegations of paragraph 12 of the complaint, except deny that the First Litigation was commenced "over 2 years after [Consist] learned that its distributorship would not

be renewed and almost 1 ½ years after receiving formal notice that its distributorship would not be renewed."

     13.     Admit the allegations of paragraph 13 of the complaint.

     14.     Admit the allegations of paragraph 14 of the complaint.

     15.     Admit the allegations of paragraph 15 of the complaint, except aver that Consist appealed the December 17, 2007 Verdict and that such appeal is pending before the Second Circuit.

     16.     Admit the allegations of paragraph 16 of the complaint, except aver that Consist appealed the December 21, 2007 Stipulation and Final Judgment and that such appeal is pending before the Second Circuit.

     17.     Admit the allegations of paragraph 17 of the complaint.

     18.     Admit the allegations of paragraph 18 of the complaint.

     19.     Admit the allegations of paragraph 19 of the complaint, except aver that Paragraph 3 of the Agreement granted Consist the right to grant perpetual or time-limited licenses and/or maintenance agreements prior to December 31, 2007 that extend beyond January 1, 2008.

     20.     Admit the allegations of paragraph 20 of the complaint.

     21.     Deny the allegations of paragraph 21 of the complaint.

     22.     Admit the allegations of paragraph 22 of the complaint.

     23.     Deny the allegations of paragraph 23 of the complaint, and aver that Paragraph 3 of the Agreement granted Consist the right to grant perpetual or time-limited licenses and/or maintenance agreements prior to December 31, 2007 that extend beyond January 1, 2008.

     24.     Deny the allegations of paragraph 24 of the complaint.

25. Deny the allegations of paragraph 25 of the complaint.

26. Deny the allegations of paragraph 26 of the complaint.

27. Deny the allegations of paragraph 27 of the complaint.

28. Deny the allegations of paragraph 28 of the complaint, except aver that Consist Brazil, which is a foreign entity and a non-party to this lawsuit, has made representations through its website with respect to the Agreement.

29. Deny the allegations of paragraph 29 of the complaint.

30. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the complaint.

31. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint.

32. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the complaint.

33. Admit the allegations of paragraph 33 of the complaint.

34. Admit the allegations of paragraph 34 of the complaint, except deny that Consist "cannot legitimately offer Level 2 Support."

35. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the complaint.

36. Admit the allegations of paragraph 36 of the complaint.

37. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the complaint.

38. Deny the allegations of paragraph 38 of the complaint.

39. Deny the allegations of paragraph 39 of the complaint.

40. Deny the allegations of paragraph 40 of the complaint.

41. Admit the allegations of paragraph 41 of the complaint, and aver that after this action was commenced, Consist Brazil, which is a foreign entity and a non-party to this lawsuit, voluntarily amended the Notices on its website so as to clarify any statements characterized by Software AG as misrepresentations. These amended Notices both complied with, and indeed went beyond, the scope of the *de minimis* temporary restraining order issued by this Court on January 16, 2008.

42. Admit the allegations of paragraph 42 of the complaint, and aver that after this action was commenced, Consist Brazil, which is a foreign entity and a non-party to this lawsuit, voluntarily amended the Notices on its website so as to clarify any statements characterized by Software AG as misrepresentations. These amended Notices both complied with, and indeed went beyond, the scope of the *de minimis* temporary restraining order issued by this Court on January 16, 2008.

43. Deny the allegations of paragraph 43 of the complaint, and aver that after this action was commenced, Consist Brazil, which is a foreign entity and a non-party to this lawsuit, voluntarily amended the Notices on its website so as to clarify any statements characterized by Software AG as misrepresentations. These amended Notices both complied with, and indeed went beyond, the scope of the *de minimis* temporary restraining order issued by this Court on January 16, 2008.

44. Admit the allegations of paragraph 44 of the complaint, and aver that after this action was commenced, Consist Brazil, which is a foreign entity and a non-party to this lawsuit, voluntarily amended the Notices on its website so as to clarify any statements characterized by Software AG as misrepresentations. These amended Notices both complied with, and indeed

went beyond, the scope of the *de minimis* temporary restraining order issued by this Court on January 16, 2008.

45. Deny the allegations of paragraph 45 of the complaint, and aver that after this action was commenced, Consist Brazil, which is a foreign entity and a non-party to this lawsuit, voluntarily amended the Notices on its website so as to clarify any statements characterized by Software AG as misrepresentations. These amended Notices both complied with, and indeed went beyond, the scope of the *de minimis* temporary restraining order issued by this Court on January 16, 2008.

46. Admit the allegations of paragraph 46 of the complaint, and aver that after this action was commenced, Consist Brazil, which is a foreign entity and a non-party to this lawsuit, voluntarily amended the Notices on its website so as to clarify any statements characterized by Software AG as misrepresentations. These amended Notices both complied with, and indeed went beyond, the scope of the *de minimis* temporary restraining order issued by this Court on January 16, 2008.

47. Deny the allegations of paragraph 47 of the complaint, and aver that after this action was commenced, Consist Brazil, which is a foreign entity and a non-party to this lawsuit, voluntarily amended the Notices on its website so as to clarify any statements characterized by Software AG as misrepresentations. These amended Notices both complied with, and indeed went beyond, the scope of the *de minimis* temporary restraining order issued by this Court on January 16, 2008.

48. Admit the allegations of paragraph 48 of the complaint, except aver that Notice # 2 was posted on the website of Consist Brazil. Defendants further aver that after this action was commenced, Consist Brazil, which is a foreign entity and a non-party to this lawsuit, voluntarily

amended the Notices on its website so as to clarify any statements characterized by Software AG as misrepresentations. These amended Notices both complied with, and indeed went beyond, the scope of the *de minimis* temporary restraining order issued by this Court on January 16, 2008.

49. Admit the allegations of paragraph 49 of the complaint, and aver that after this action was commenced, Consist Brazil, which is a foreign entity and a non-party to this lawsuit, voluntarily amended the Notices on its website so as to clarify any statements characterized by Software AG as misrepresentations. These amended Notices both complied with, and indeed went beyond, the scope of the *de minimis* temporary restraining order issued by this Court on January 16, 2008.

50. Deny the allegations of paragraph 50 of the complaint, except aver that Consist has not entered into any maintenance agreements with end-users of SAG Software Products since December 31, 2007.

51. Admit the allegations of paragraph 51 of the complaint, except aver that PRODESP is a longstanding client of Consist and that these contracts served to continue that business relationship.

52. Admit the allegations of paragraph 52 of the complaint.

53. Deny the allegations of paragraph 53 of the complaint.

54. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the complaint, but deny the substance of those allegations.

55. Aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the complaint.

56. Deny the allegations of paragraph 56 of the complaint.

57. Admit the allegations of paragraph 57 of the complaint.

58. Deny the allegations of paragraph 58 of the complaint.

59. Admit the allegations of paragraph 59 of the complaint.

60. Admit the allegations of paragraph 60 of the complaint.

61. Deny the allegations of paragraph 61 of the complaint.

62. Deny the allegations of paragraph 62 of the complaint.

63. Deny the allegations of paragraph 63 of the complaint, and aver that Software AG has known since 1986 that Consist Brazil registered the trademarks for "Adabas" and "Natural" in Brazil, and that Peter Schnell explicitly authorized Consist Brazil to register those trademarks.

64. Deny the allegations of paragraph 64 of the complaint.

65. Admit the allegations of paragraph 65 of the complaint.

66. Admit the allegations of paragraph 66 of the complaint.

67. Deny the allegations of paragraph 67 of the complaint.

68. Deny the allegations of paragraph 68 of the complaint.

69. Admit the allegations of paragraph 69 of the complaint to the extent that they cite to Paragraph 5(1) of the Agreement, but deny that "Consist agreed to protect SAG's intellectual property" where Software AG has no ownership rights in such intellectual property.

70. Deny the allegations of paragraph 70 of the complaint.

71. Deny the allegations of paragraph 71 of the complaint, and aver that Consist cannot "assign back to [Software AG] the trademarks for ADABAS and NATURAL" because Software AG never owned those trademarks.

72. Deny the allegations of paragraph 72 of the complaint.

73. Deny the allegations of paragraph 73 of the complaint.

74. Deny the allegations of paragraph 74 of the complaint.

75. Deny the allegations of paragraph 75 of the complaint.

76. Deny the allegations of paragraph 76 of the complaint, and aver that any "goodwill associated with [the] software products" in the Territory is associated with Consist Brazil and not Software AG.

77. Deny the allegations of paragraph 77 of the complaint.

78. Deny the allegations of paragraph 78 of the complaint.

79. Deny the allegations of paragraph 79 of the complaint.

80. Deny the allegations of paragraph 80 of the complaint.

## AS TO THE FIRST CAUSE OF ACTION

81. With respect to paragraph 81 of the complaint, Defendants repeat and reallege their responses to paragraphs 1 through 80 of the complaint herein.

82. Deny the allegations of paragraph 82 of the complaint.

## AS TO THE SECOND CAUSE OF ACTION

83. No response required.

84. No response required.

85. No response required.

86. No response required.

87. No response required.

88. No response required.

89. No response required.

## AS TO THE THIRD CAUSE OF ACTION

90. With respect to paragraph 90 of the complaint, Defendants repeat and reallege their responses to paragraphs 1 through 89 of the complaint.

91. Deny the allegations of paragraph 91 of the complaint.

92. Admit the allegations of paragraph 92 of the complaint.

93. Deny the allegations of paragraph 93 of the complaint.

94. Deny the allegations of paragraph 94 of the complaint.

95. Deny the allegations of paragraph 95 of the complaint.

96. Deny the allegations of paragraph 96 of the complaint.

97. Deny the allegations of paragraph 97 of the complaint.

98. Deny the allegations of paragraph 98 of the complaint.

## AS TO THE FOURTH CAUSE OF ACTION

99. With respect to paragraph 99 of the complaint, Defendants repeat and reallege their responses to paragraphs 1 through 98 of the complaint.

100. Deny the allegations of paragraph 100 of the complaint, and aver that the "representations" referenced in this lawsuit were posted on the website of Consist Brazil, which is a foreign entity and a non-party to this lawsuit.

101. Deny the allegations of paragraph 101 of the complaint.

102. Deny the allegations of paragraph 102 of the complaint.

103. Deny the allegations of paragraph 103 of the complaint.

104. Deny the allegations of paragraph 104 of the complaint.

## AS TO THE FIFTH CAUSE OF ACTION

105.  With respect to paragraph 105 of the complaint, Defendants repeat and reallege their responses to paragraphs 1 through 104 of the complaint.

106.  Deny the allegations of paragraph 106 of the complaint, and aver that the allegedly "false and deceptive statements" were posted on the website of Consist Brazil, which is a foreign entity and a non-party to this lawsuit.

107.  Deny the allegations of paragraph 107 of the complaint.

108.  Deny the allegations of paragraph 108 of the complaint.

109.  Deny the allegations of paragraph 109 of the complaint.

110.  Deny the allegations of paragraph 110 of the complaint.

111.  Deny the allegations of paragraph 111 of the complaint.

## AS TO THE SIXTH CAUSE OF ACTION

112.  No response required.

113.  No response required.

114.  No response required.

115.  No response required.

116.  No response required.

117.  No response required.

118.  No response required.

119.  No response required.

120.  No response required.

## AS TO THE SEVENTH CAUSE OF ACTION

121. With respect to paragraph 121 of the complaint, Defendants repeat and reallege their responses to paragraphs 1 through 120 of the complaint.

122. Admit the allegations of paragraph 122 of the complaint.

123. Admit the allegations of paragraph 123 of the complaint, except aver that Consist appealed the December 17, 2007 Verdict and that such appeal is pending before the Second Circuit.

124. Admit the allegations of paragraph 124 of the complaint.

125. Deny the allegations of paragraph 125 of the complaint, and aver that Consist appealed the December 17, 2007 Verdict and that such appeal is pending before the Second Circuit.

126. Deny the allegations of paragraph 126 of the complaint.

127. Deny the allegations of paragraph 127 of the complaint.

128. Deny the allegations of paragraph 128 of the complaint.

129. Deny the allegations of paragraph 129 of the complaint.

130. Deny the allegations of paragraph 130 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

131. Plaintiffs' claims are barred because this Court lacks subject matter jurisdiction over the claims alleged in this lawsuit.

## SECOND AFFIRMATIVE DEFENSE

132. The Complaint fails to state any claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

133.    Plaintiffs' claims are barred because this Court does not have personal jurisdiction over an indispensable party to this lawsuit.

## FOURTH AFFIRMATIVE DEFENSE

134.    Plaintiffs have not sustained any injury or damages as a result of any act or conduct by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

135.    Plaintiffs have failed to take any appropriate and necessary steps to mitigate the damages they allegedly suffered as a result of any act or conduct by Defendants.

## SIXTH AFFIRMATIVE DEFENSE

136.    Plaintiffs' claims are barred because the Lanham Act does not have jurisdiction over the Defendants' purportedly infringing activities, all of which were conducted by a foreign non-party entity outside of the United States.

## SEVENTH AFFIRMATIVE DEFENSE

137.    Plaintiffs' Lanham Act claims must fail because the territorial application of the Lanham Act is generally limited to commercial activity within the United States and no extraterritorial application of the Lanham Act is warranted in light of the fact that the alleged acts complained of herein by Plaintiffs were conducted by a foreign non-party entity outside of the United States, and the acts complained of herein do not and will not have a substantial impact upon United States commerce.

## EIGHTH AFFIRMATIVE DEFENSE

138.    Plaintiffs' claims are barred by the relevant statutes of limitations.

NINTH AFFIRMATIVE DEFENSE

139.   Plaintiffs' Lanham Act claims are precluded by the doctrine of laches.

TENTH AFFIRMATIVE DEFENSE

140.   Plaintiffs' claims are barred because Plaintiffs are not the owners of any of the trademarks at issue in this litigation.

WHEREFORE Consist demands judgment as follows:

(1)   dismissing plaintiff's complaint in its entirety with prejudice, and

(2)   awarding to Consist the costs and disbursements of this action; and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 26, 2008

DUANE MORRIS LLP

By: /s Hyman L. Schaffer
    Hyman L. Schaffer
    Fran M. Jacobs
    Gregory P. Gulia
    Brian Damiano
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
*Attorneys for Defendants*

TO:   BAKER & McKENZIE LLP
    1114 Avenue of the Americas
    New York, New York 10036
    Telephone: (212) 626-4100
    Facsimile: (212) 310-1600
    *Attorneys for Plaintiffs*