DUANE MORRIS LLP
Hyman L. Schaffer
Fran M. Jacobs
Gregory P. Gulia
Brian Damiano
1540 Broadway
New York, New York 10036
(212) 692-1000
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SOFTWARE AG, INC. and SOFTWARE AG,     :
                                        :    08 CV 00389 (CM) (FM)
                   Plaintiffs,          :
        -against-                       :
                                        :    **DECLARATION OF**
CONSIST SOFTWARE SOLUTIONS, INC.,       :    **HYMAN L. SCHAFFER**
f/k/a CONSIST INTERNATIONAL, INC.       :    **IN OPPOSITION TO**
and NATALIO FRIDMAN,                    :    **MOTION FOR SANCTIONS**
                                        :
                   Defendants.          :
-------------------------------------------------------------------x

HYMAN L. SCHAFFER declares:

1.      I am a member of the law firm of Duane Morris LLP, attorneys for defendants

Consist Software Solutions, Inc. f/k/a Consist International, Inc. ("Consist") and Natalio Fridman

("Fridman") in the above-captioned action. I submit this Declaration in opposition to Plaintiffs'

motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.

2.      The purpose of this Declaration is to the present facts and documents which

establish that Plaintiffs' motion should be denied in its entirety.

**A.      January 16, 2008 Temporary Restraining Order Hearing**

3.      On January 15, 2008, Software AG filed a complaint, seeking declaratory

judgment, temporary, preliminary and permanent injunctive relief, and compensatory damages,

against Consist and Mr. Fridman based on Defendants' alleged intentional misrepresentations on the Brazilian website of Consist Consultoria Sistemas E Representaçoes LTDA ("Consist Brazil") and other actions taken after the verdict in the prior action between the parties, as well as for a mandatory injunction assigning two Brazilian trademarks held by Consist Brazil since 1986. The only relief requested in the Complaint relating to any assignment of trademarks concerns the Brazilian trademark registrations for ADABAS and NATURAL.

4.      When they filed their Complaint, Plaintiffs moved by Order to Show Cause for a temporary restraining order and preliminary injunction seeking to enjoin statements posted on the Brazilian website of Consist Brazil as allegedly false advertising under the Lanham Act, and to mandate the assignment of the Brazilian trademarks from Consist Brazil to Plaintiffs. Both the Complaint and the Preliminary Injunction motion focused explicitly and exclusively on Brazil. In aid of the preliminary injunction motion, Plaintiffs sought expedited discovery, which was attached to their application for Preliminary Injunction. In their Memorandum of Law In Support of Order to Show Cause and Temporary Restraining Order ("Pl.'s Mem."), Plaintiffs indicated that its most pressing need for discovery was the customer contracts entered into by Consist or Consist affiliates:

> Software AG needs discovery immediately to uncover the extent to which Consist has entered into [maintenance] agreements with end-users in the Territory that post-date the expiration of the Agreement. Software AG can only uncover the full extent of the suspected wrongdoing by proceeding with depositions and document discovery (<u>predominantly in the form of seeking customer contracts</u>) expeditiously.

Pl.'s Mem. at 22. (emphasis added).

5.      At the January 16, 2008 temporary restraining order hearing, the Court ordered expedited discovery. Specifically, the Court ordered document production to be completed in three days and depositions in five days. (1-16 Tr. 38.)

6.    Software AG's First Request for Production of Documents ("First Request") was

served on Consist as part of Plaintiffs' motion papers. A true and correct copy of Plaintiff's First

Request for Documents is annexed hereto as Exhibit A. Despite the exclusive focus of the

Preliminary Injunction Motion (and Complaint) on Brazil, the First Request broadly defined

"Consist" as including "its affiliate companies" and listed 15 individual document requests, with

subparts, that included numerous broad requests for documents located in South America and

written in foreign languages.

7.    For example, the requests sought: all of Consist's agreements that entitle a

Consist customer after December 31, 2007 to maintenance support of SAG software products

(Request No. 1); all documents that entitle Consist after December 31, 2007 to use a SAG

software product (Request No. 2); all Consist agreements between Consist and a customer

concerning a SAG software product executed after December 17, 2007 (Request No. 3); all

documents concerning entering into or renewing an agreement with Consist for Consist to

provide maintenance support after December 31, 2007 (Request No. 4); all documents

concerning Consists right to provide maintenance support after December 31, 2007 (Request No.

5); all documents concerning Consist customer inquiries for providing maintenance support after

December 31, 2007 (Request No. 6); all documents concerning interpretation of paragraphs 2, 3

and 4 of the 1998 Agreement (Request No. 7); all documents concerning litigation or threats of

litigation arising out of Consist's inability to provide maintenance support (Request No. 8); all

documents concerning the effect or potential effect on Consist's business if Consist cannot

provide maintenance support (Request No. 9); all documents concerning the unauthorized use of

SAG software products, documentation concerning SAG software products, or copyrights or

trademarks of SAG (Request No. 12); all documents concerning statements published on

3

Consist's website that Consist continues to have the ability or authorization to provide maintenance support (Request No. 13); all documents sufficient to show all uses by Consist of the copyrights and trademarks of Software AG (Request No. 14); and "[a]ll documents concerning Consist's ownership of, right to, pursuit of or maintenance of any intellectual property rights in the Territory, including but not limited to the trademarks ADABAS and NATURAL." (Request No. 15).

8.      Document Request No. 15 literally called for the production of every document relating to every patent, trademark, copyright or other intellectual property that Consist or its affiliates owned in South America, whether or not they had anything to do with Plaintiffs' products.  As such, it, like virtually all of the other numbered requests, was overbroad on its face, particularly in the context of the relief sought in the Preliminary Injunction motion.

9.      Plaintiffs later served a Second Request for Production of Documents on January 16, 2008 ("Second Requests").  A true and correct copy of Plaintiff's Second Request for Documents dated January 16, 2008 is annexed hereto as Exhibit B.

**B.      Consist's Voluntary Website Correction and the District Court's Order**

10.      On Friday, January, 18, 2008, Consist advised Plaintiffs and the Court that Consist Brazil had voluntarily amended statements made on the Brazilian website to address Plaintiffs' claim that the website included statements that were "literally false" under the Lanham Act.  It was Consist's hope that, by narrowing the issues before the Court, discovery could be similarly narrowed.  To this end, we wrote to the Court on January 18, 2008 and suggested that the amended statements mooted certain claims and would limit the need for expedited discovery.  The Court, however, refused to so limit the motion and ruled that "Defendants will produce documents."  (See Memo Endorsed, dated January 18, 2008, a copy of

which is annexed hereto as Exhibit C.) In doing so, the Court clearly did not rule on the propriety of any of Software AG's requests (to which Defendants had yet to respond) or hold that Consist had forfeited its right to object to the requests as drafted.

11.    Prior to issuing its Memo Order, the Court notified the parties of its ruling in a conference call that was convened at approximately 4:30P.M. on a Friday afternoon. At the conclusion of the call with the Court, I had a separate conversation with counsel for Plaintiffs, James David Jacobs, who demanded immediate production of all responsive documents that day. I advised Mr. Jacobs that Defendants could not possibly do so but were prepared to produce the responsive documents from the prior litigation (upon agreement to an updated confidentiality order) and to begin rolling production of additional documents. Mr. Jacobs advised me that he and his client were not interested in the documents from the prior litigation. I then asked Mr. Jacobs what documents he was most interested in receiving. He replied that "we knew" what documents Plaintiffs were most interested in for the purpose of the Preliminary Injunction hearing – the maintenance contracts entered into by Consist after December 17, 2007 and other contracts with maintenance obligations that extended past January 1, 2008. We thereafter immediately produced the Brazilian trademark registrations, which represent the only documents relating to those marks that Consist had.

12.    Later that evening, Defendants served a formal response to the First Request and Second Request in which they asserted both general and specific objections, including a general objection to requests which would have required the production of "information or documents available to Plaintiffs where the burden of obtaining such information or documents is substantially the same for Defendants as Plaintiffs" (Objection No. 10) and "information which is publicly available from other sources." (Objection No. 11.). A true and correct copy of

5

Defendants' Responses and Objections to Plaintiff's First Request for Documents dated January

18, 2008 is annexed hereto as Exhibit D. A true and correct copy of Defendants' Responses and

Objections to Plaintiff's Second Request for Documents dated January 18, 2008 is annexed

hereto as Exhibit E.

**C.    Consist's Production**

13.    In the highly compressed time-period between the commencement of this action

and the preliminary injunction hearing, I had a number of conversations with Mr. Jacobs about

the document productions. In one such conversation, after Mr. Jacobs objected that we had

redacted the competitively-sensitive financial information from the Brazilian maintenance

contracts prior to producing them, we agreed to produce the contracts again without redaction. A

true and correct copy of the e-mail from James David Jacobs to Hyman Schaffer dated January

22, 2008 is annexed hereto as Exhibit F. Since many of the contracts had been redacted before

they were transmitted to us from Brazil, this meant that we had to arrange for the contracts to be

sent to us again from Brazil.

14.    In his January 22, 2008 e-mail, Mr. Jacobs claimed that the Court did not

authorize any redactions of documents and that doing so was a violation of the Court's order,

presumably the Memo Endorsed Order stating that Defendants "will produce documents." See

Ex F. In response to Mr. Jacobs' accusations, I responded via e-mail as follows:

> Your claims that we are violating the court's order is simply false.
> The agreements we already gave you--concluded between
> December 17, 2007 and year's end-- are the documents that you
> told me were the most crucial to your case after we got off the call
> with the court on Friday afternoon. None of the agreements that
> you seek are in New York or even the US. Because they are
> between Brazilians, they are in Brazil. We moved as quickly as we
> could and are still doing so. I have told you repeatedly that I am
> certainly not refusing to produce documents to you; I am doing so
> on a rolling basis as soon as I get them from my client, which

understands the necessity to move quickly. The court said that we were to "produce documents". . . .

I don't believe that the court was opining that your requests as drafted were proper, or not, overbroad, beyond the scope of permissible discovery or otherwise defective. I believe that we still maintain our rights to object to your requests, <u>but are acting as quickly as possible to produce to you documents that are abroad that are most directly relevant to your claims, as identified by you.</u> (This, by the way, in sharp contrast to your document response which, despite your effort to explain it away, basically refused to produce anything other than what you claimed you were going to rely upon. You never even called us to negotiate the scope of production so that you can comply with your own obligations respecting expedited discovery).

To be clear, we are continuing to provide you as quickly as we can with the documents and information you have identified as priority. We are not at all refusing to produce documents. . . .

(emphasis added). A true and correct copy of the e-mail from Hyman Schaffer to James D. Jacobs dated January 22, 2008 is annexed hereto as Exhibit G.

15.    Mr. Jacobs never responded to this e-mail in any way or took issue with my statements.

16.    In contrast to the exchanges over maintenance contracts, at no point in any of my discussions with Software AG's counsel about Consist's document production did the subject of trademark registrations ever come up. Even though Mr. Fridman had testified in November that he thought the marks ADABAS and NATURAL had been registered in Uruguay, we were not asked a single question about the existence of documents reflecting any such registrations or the absence of such documents from Consist's production. We also were never asked whether Brazil was the only country in which trademarks had been registered. Software AG's counsel knew that our production included only documents relating to Brazil, which was the exclusive focus of the Preliminary Injunction.

7

17.    In connection with the expedited discovery, Mr. Fridman was deposed over two days – January 21, 2008 and January 23, 2008.  At no time during either of those depositions was Mr. Fridman asked whether Consist or its affiliates had registered the trademarks ADABAS and NATURAL in any location other than Brazil.  In fact, the focus of each deposition related almost exclusively to activities of Consist and its affiliates in Brazil.

18.    No attempt was made to conceal the existence of any trademark registrations outside Brazil, nor would it have been possible to do so.  The registrations themselves are a matter of public record and information about them is readily available to anyone with an internet connection.  I am informed and believe that the trademark registrations in Uruguay and Argentina for the ADABAS and NATURAL trademarks are publicly available documents to which both parties to this action had and continue to have equal access.  A simple online search of the electronic databases of the trademark offices of Uruguay and Argentina provides the name of the owner of the registrations for the ADABAS or NATURAL trademarks.

19.    Despite Software AG's allegations to the contrary, Consist never "knowingly withheld" from Software AG the fact that it had registered the ADABAS and NATURAL trademarks in Uruguay and Argentina.  As already noted, Mr. Fridman testified on November 28, 2007 that Consist may have registered the marks in Uruguay.  A true and correct copy of relevant portions of Natalio Fridman's deposition transcript dated November 28, 2007 is annexed hereto as Exhibit H.  Thus, Software AG was put on notice as of last year that Consist may have registered other marks in the Territory, and cannot now claim that it was "surprised" that the marks were actually registered in Uruguay or, for that matter, anywhere else in Consist's former Territory.  If Software AG failed to investigate the matter in the nearly two months between November 28, 2007, when Mr. Fridman testified about trademarks in Uruguay, and January 15,

8

2008, when Software AG commenced this action – apparently not knowing where or whether its marks had been registered – it could not have been in reliance on anything Consist did or failed to do.

Pursuant to 28 U.S.C. § 1746, I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge information and belief.

Dated: New York, New York
       February 27, 2008

_____
Hyman L. Schaffer

9

A

James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036

Attorneys for Plaintiffs
Software AG, Inc. and Software AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOFTWARE AG, INC. and SOFTWARE AG,<br><br>                **Plaintiffs,**<br><br>     -against-<br><br>**CONSIST SOFTWARE SOLUTIONS, INC. f/k/a CONSIST INTERNATIONAL, INC. and NATALIO FRIDMAN,**<br><br>                **Defendants.** | Case No. 08 CV 00389 (CM) (FM)<br><br><br>Plaintiffs Software AG, Inc.'s and Software AG's First Request for Production of Documents, Electronically-Stored Information and Things |

     Plaintiffs Software AG, Inc. and Software AG serve this their First Request for

Production of Documents, Electronically-Stored Information and Things pursuant to Fed. R. Civ.

P. 34, and request that Defendants produce the following documents by the close of business

Friday, January 16, 2008 at the offices of Baker & McKenzie LLP, 1114 Avenue of the

Americas, New York, NY 10036, attn: Frank M. Gasparo.

## DEFINITIONS

     The following definitions apply to each of the requests for documents set forth below and

are deemed to be incorporated in each of those requests.

(a) **Local Rule 26.3**. All terms defined in Local Rule 26.3 (c) are defined as set forth therein.

(b) "Agreement" means the Distributorship Agreement between Software AG Americas, Inc. and Consist International, Inc. dated effective January 1, 1998 and expired on December 31, 2007.

(c) "Consist" or "You" means Consist Software Solutions, Inc., f/k/a Consist International, Inc. and its affiliate companies, including owners, directors, officers, employees, and agents, and Natalio Fridman.

(d) "Software AG" means and includes Software AG, Software AG, Inc. and their affiliates.

(e) "SAG Software Products" means software products manufactured in whole or in part by Software AG, including but not limited to ADABAS and NATURAL.

(f) Terms defined in the Agreement and capitalized in these requests are given the meanings as defined in the Agreement.

## INSTRUCTIONS

1. **Organization**. In producing documents pursuant to this request, please produce them as they are kept in the ordinary course of business or organize and label them to correspond with the categories in the request, pursuant to Fed. R. Civ. P. 34(b).

2. **Complete Documents**. All documents shall be produced in the form in which they are maintained. A request for a document shall be deemed to include transmittal sheets, cover letters, exhibits, enclosures or attachments to the document in addition to the document itself.

3. **Electronically Stored Information; Form**. Electronically stored information ("ESI") shall be produced in native format.

4. **Partial Response and Production**. When a full and complete response to a particular request is not possible, production should be made to the extent possible and a statement should be made indicating why only a partial production is given and what must occur before a complete production may be given.

## REQUESTS FOR DOCUMENTS

1. All of Consist's agreements that entitle a Consist customer after December 31, 2007 to use, technical assistance, training, maintenance or support of a SAG Software Product, either perpetually or for a limited time, including but not limited to new software releases of a SAG Software Product.

2. All documents that entitle Consist after December 31, 2007 to use a SAG Software Product, including but not limited to new software releases of a SAG Software Product.

3. All of Consist's agreements between Consist and a customer concerning a SAG Software Product that were actually executed by at least one party on or after December 17, 2007.

4. All documents concerning entering into or renewing an agreement with Consist for Consist to provide for at least in part technical assistance, training, maintenance or support of a SAG Software Product after December 31, 2007.

5. All documents concerning Consist's right or inability to provide technical assistance, training, maintenance or support of a SAG Software Product after December 31, 2007.

6. All documents concerning a Consist customer inquiry or request to Consist for providing technical assistance, training, maintenance or support of a SAG Software Product after December 31, 2007, including but not limited to providing new software releases of a Software AG Product.

7. All documents concerning the interpretation of Paragraphs 2, 3 and 4 of the Agreement.

8. All documents concerning litigation or threats of litigation arising out of Consist's inability after December 31, 2007 to provide technical assistance, training, maintenance or support for a SAG Software Product, including but not limited to providing new software releases of a SAG Software Product.

9. All documents concerning the effect or potential effect on Consist's business if Consist cannot provide technical assistance, training, maintenance or support for a SAG Software Product after December 31, 2007, including but not limited to providing new software releases of a SAG Software Product.

10. All source code developed by or for Consist that has been developed to access ADABAS, calls ADABAS or calls an interface to ADABAS and used by Consist after December 31, 2007, including but not limited to direct calls to ADABAS or indirect calls to ADABAS via a wrapper or otherwise, and internal source code comments and any documentation that describes the implementation or functionality of the source code.

11. All source code developed by Consist written in NATURAL after December 31, 2007.

12. All documents concerning the unauthorized use or alleged unauthorized use of:

a. a SAG Software Product;

b.  documentation concerning a SAG Software Product; or

c.  copyrights or trademarks of Software AG.

13.  All documents concerning Consist's statements published on the Consist website, and those set forth in a January 10, 2008 email from Mr. Natalio Fridman to Karl-Heinz Streibich, as well as those made directly to Consist's customers, that Consist continues to have the ability or authorization from Software AG to offer maintenance or support of a SAG Product after December 31, 2007.

14.  Documents sufficient to show all uses by Consist of the copyrights and trademarks of Software AG, including but not limited to the trademarks ADABAS and NATURAL.

15.  All documents concerning Consist's ownership of, right to, pursuit of or maintenance of any intellectual property rights in the Territory, including but not limited to the trademarks ADABAS and NATURAL.

Dated: New York, New York
January 16, 2008

Respectfully submitted,

James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 626-4100 (Telephone)
(212) 310-1600 (Facsimile)

ATTORNEYS FOR PLAINTIFFS
Software AG, Inc. and Software AG

-5-

## CERTIFICATE OF SERVICE

I hereby certify that, on the 16th day of January 2008, I served the foregoing "Plaintiffs Software AG, Inc.'s and Software AG's First Request for Production of Documents, Electronically-Stored Information and Things" by emailing a copy to Defendants' attorneys of record as follows:

Hyman L. Schaffer
Brian Damiano
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036

Frank M. Gasparo

B

James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036

Attorneys for Plaintiffs
Software AG, Inc. and Software AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SOFTWARE AG, INC. and SOFTWARE AG,** | |
| **Plaintiffs,** | Case No. 08 CV 00389 (CM) (FM) |
| -against- | |
| **CONSIST SOFTWARE SOLUTIONS, INC. f/k/a CONSIST INTERNATIONAL, INC. and NATALIO FRIDMAN,** | Plaintiffs Software AG, Inc.'s and Software AG's Second Request for Production of Documents, Electronically-Stored Information and Things |
| **Defendants.** | |

   Plaintiffs Software AG, Inc. and Software AG serve this their Second Request for

Production of Documents, Electronically-Stored Information and Things pursuant to Fed. R. Civ.

P. 34, and request that Defendants produce the following documents by the close of business

Friday, January 16, 2008 at the offices of Baker & McKenzie LLP, 1114 Avenue of the

Americas, New York, NY 10036, attn: Frank M. Gasparo.

## DEFINITIONS

   · The following definitions apply to each of the requests for documents set forth below and

are deemed to be incorporated in each of those requests.

1

    (a)    **Local Rule 26.3**.  All terms defined in Local Rule 26.3 (c) are defined as set forth therein.

## INSTRUCTIONS

1.    **Organization**.  In producing documents pursuant to this request, please produce them as they are kept in the ordinary course of business or organize and label them to correspond with the categories in the request, pursuant to Fed. R. Civ. P. 34(b).

2.    **Complete Documents**.  All documents shall be produced in the form in which they are maintained.  A request for a document shall be deemed to include transmittal sheets, cover letters, exhibits, enclosures or attachments to the document in addition to the document itself.

3.    **Electronically Stored Information; Form**.  Electronically stored information ("ESI") shall be produced in native format.

4.    **Partial Response and Production**.  When a full and complete response to a particular request is not possible, production should be made to the extent possible and a statement should be made indicating why only a partial production is given and what must occur before a complete production may be given.

## REQUESTS FOR DOCUMENTS

1.    Documents sufficient to show the corporate relationship from January 1, 1998 to present between Consist Software Solutions, Inc., f/k/a Consist International, Inc. and each of its domestic and foreign affiliates and subsidiaries.

2.    Documents sufficient to show the corporate relationship from January 1, 1998 to present between each member of the "Group Consist" as that term is used by Natalio Fridman in the two notices annexed to the Complaint as Exhibits 5 and 6.

3.      Documents sufficient to show all shareholders, owners, directors and officers from January 1, 1998 to present of Consist Software Solutions, Inc., f/k/a Consist International, Inc. and each of its domestic and foreign affiliates and subsidiaries.

4.      Documents sufficient to show all shareholders, owners, directors and officers from January 1, 1998 to present of each member of the "Group Consist" as that term is used by Natalio Fridman in the two notices annexed to the Complaint as Exhibits 5 and 6.

5.      Documents sufficient to show the organizational structure from January 1, 1998 to present of Consist Software Solutions, Inc., f/k/a Consist International, Inc. and each of its domestic and foreign affiliates and subsidiaries, including but not limited to organizational charts with employee names and positions.

6.      Documents sufficient to show the organizational structure from January 1, 1998 to present of each member of the "Group Consist" as that term is used by Natalio Fridman in the two notices annexed to the Complaint as Exhibits 5 and 6.

Dated: New York, New York              Respectfully submitted,
January 16, 2008

                                       James David Jacobs
                                       Frank M. Gasparo
                                       Marcella Ballard
                                       BAKER & MCKENZIE LLP
                                       1114 Avenue of the Americas
                                       New York, NY 10036
                                       (212) 626-4100 (Telephone)
                                       (212) 310-1600 (Facsimile)

                                       ATTORNEYS FOR PLAINTIFFS
                                       Software AG, Inc. and Software AG

3

## CERTIFICATE OF SERVICE

I hereby certify that, on the 16th day of January 2008, I served the foregoing " Plaintiffs Software AG, Inc.'s and Software AG's Second Request for Production of Documents, Electronically-Stored Information and Things" by emailing a copy to Defendants' attorneys of record as follows:

Hyman L. Schaffer
Brian Damiano
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036

Frank M. Gasparo

4

C

Case 1:08-cv-00389-CM    Document 57-4    Filed 02/27/2008    Page 2 of 4
JAN.18'20 Case 1:08-cv-00389-CM    Document 12    Filed 01/18/2008    Page 1 of 3
JAN.18'2008 2:08PM    BAKER MCKENZIE    #0701 P.001/003



**BAKER & McKENZIE**

CHAMBERS OF
COLLEEN McMAHON

**Facsimile Transmission**

Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036, USA

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakernet.com

# MEMO ENDORSED

| | | | |
|---|---|---|---|
| **Date** | January 18, 2008 | **Phone** | **Fax** |
| **To** | Honorable Judge Colleen McMahon, Southern District Court, New York, New York | 212 805 6325 | 212 805 6326 |
| **From** | James David Jacobs | +1 212 891 3951 | |
| **Client/Matter No.** | 56142904-000002 | | |
| **Re** | *Software AG, Inc. v. Consist Computer Solutions* 08 CV 00389 | | |
| **Pages (w/cover)** | 3 | | |

+1 212 310 1651

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/18/08

Dear Judge McMahon:

Literally minutes after we faxed our letter to you we received the enclosed letter from counsel for Consist. We would like to speak to Your Honor this afternoon if possible. Defendants' unilateral attempts to determine what will and will not be heard next Thursday are prejudicing our ability to prepare for the hearing.

Respectfully,

James D. Jacobs

cc: Hyman L. Schaffer

*[handwritten]* 1/18/2008
Other Consist complies with the discovery requests or I will not only draw adverse inferences, I will impose monetary sanctions on counsel for unilaterally telling the parties that they will not produce documents. Defendant does not control the content of the hearing. Defendant will produce documents to.
Colleen McM

**Privacy And Confidentiality Notice**

The information contained in this facsimile is intended for the named recipient only. It may contain privileged and confidential information and if you are not an intended recipient, you must not copy, distribute or take any action in reliance on it. If you have received this facsimile in error, please notify us immediately by a collect telephone call to Office Services at +1 212 626 4100 and return the original to the sender by mail. We will reimburse you for the postage.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**DuaneMorris®**

HYMAN L. SCHAFFER
DIRECT DIAL: 212.692.1078
PERSONAL FAX: 212.208.4330
E-MAIL: hlschaffer@duanemorris.com

www.duanemorris.com

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

January 18, 2008

BY ELECTRONIC MAIL

James D. Jacobs, Esquire
Baker & McKenzie LLP
1114 Avenue of the Americas
New York NY 10036-7703

Re: Software AG, Inc. et ano. v. Consist Software Solutions  (08 Civ. 0389) (CM) (FM)

Dear Jim:

By now, I am sure you have read the letter I sent to Judge McMahon earlier today and reviewed the attachments. In light of Consist's immediate and voluntary efforts to address SAG's claim that the statements on the Brazilian website were literally false, we believe that the only possible matter that could be determined at Thursday's hearing is whether SAG could somehow be entitled to an order requiring a Brazilian court or the Brazilian trademark office to order cancellation of the Brazilian trademark registrations owned by our clients' affiliate in Brazil. It is our view that the Court clearly lacks jurisdiction to grant the relief SAG seeks and that, in any event, there is no need for emergency relief. Accordingly, we request that you agree to withdraw your clients' request for a preliminary injunction.

Since SAG no longer requires the Court to compel Consist to change the disclosure on the Brazilian website, expedited discovery should be limited accordingly. If you do not agree to withdraw your clients' request for a preliminary injunction, we therefore intend to provide and take expedited discovery only on the narrow trademark issue that SAG raised in its motion. To the extent that we have not already done so, we will produce today responsive documents in our clients' possession pertaining to this issue, including any registration materials and certificates for the trademarks. We will also stipulate to amend the confidentiality order entered into in the prior litigation to permit SAG to use any pertinent documents previously produced which are relevant to the current trademark issue. For this reason, we will not re-produce such materials in this action.

**Duane Morris**

James D. Jacobs, Esquire
January 18, 2008
Page 2

    With respect to depositions, the elimination of the false advertising claim makes it unnecessary to depose Mr. MacSwain or Mr. Daly. While we will proceed with the SAG 30(b)(6) deposition on January 22, we will confine the examination to the trademark issue.

Very truly yours,

*Hyman Schaffer /SD*

Hyman L. Schaffer

cc:    Frank M. Gasparo, Esq.
       Marcella Ballard, Esq.
       John Basinger, Esq.

D

DUANE MORRIS LLP
Hyman L. Schaffer
Fran M. Jacobs
Gregory P. Gulia
Brian Damiano
1540 Broadway
New York, New York 10036
(212) 692-1000
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SOFTWARE AG, INC. and SOFTWARE AG,

                            Plaintiffs,

        -against-

CONSIST SOFTWARE SOLUTIONS, INC.,
f/k/a CONSIST INTERNATIONAL, INC.
and NATALIO FRIDMAN,

                            Defendants.

------------------------------------------------------------------x

08 CV 00389 (CM) (FM)

**DEFENDANTS' RESPONSES
AND OBJECTIONS TO
PLAINTIFFS' FIRST
REQUEST FOR PRODUCTION
OF DOCUMENTS**

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Consist

Software Solutions, Inc., f/k/a Consist International, Inc. ("Consist") and Natalio Fridman

("Fridman"), collectively referred to herein as "Defendants," by and through their attorneys,

Duane Morris LLP, hereby object and respond as follows to the First Request for Production of

Documents of Plaintiffs Software AG, Inc.'s and Software AG's ("Plaintiffs" or "SAG") (the

"Document Requests") served upon Defendants on January 16, 2008:

## GENERAL OBJECTIONS

       1.    Defendants object to the Document Requests to the extent they impose any

obligation beyond that which is required under the Federal Rules of Civil Procedure or the local

rules of the Southern District of New York.

2.      Defendants object to the Document Requests to the extent they rely on Instructions or Definitions that are inconsistent with the Federal Rules of Civil Procedure or the local rules of the Southern District of New York.

3.      Defendants object to the Document Requests to the extent they seek information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or exemption, or which constitutes material prepared in anticipation of litigation and/or which is exempt from disclosure pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Rule 26"), upon the grounds that privileged matter is exempt from discovery and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in Rule 26(b)(3) and (b)(4), which prerequisites have not been satisfied. ["Objection on the ground of privilege."]

4.      Defendants object to the Document Requests to the extent they seek documents that are neither relevant to the issues of law and fact in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ["Objection on the ground of relevance."]

5.      Defendants object to the Document Requests to the extent they seek information or documents which are overly broad. ["Objection on the ground of over breadth."]

6.      Defendants object to the Document Requests to the extent they are vague or ambiguous, or otherwise lack sufficient precision or particularity with respect to what information is sought. ["Objection on the ground of vagueness."]

7.      Defendants object to the Document Requests to the extent they seek confidential information, including without limitation, competitively sensitive documents or information such as trade secrets or other confidential research, development, or commercial information that is confidential business information. Defendants will disclose such information upon the entry of

2

an appropriate protective order against the unauthorized use or disclosure of such information. ["Objection on the ground of confidentiality."]

8.   Defendants object to the Document Requests to the extent they seek information which is unduly burdensome to provide, whether in terms of compilation time, effort and/or expense. ["Objection on the ground of undue burden."]

9.   Defendants object to the Document Requests to the extent they seek information that is cumulative or duplicative of other discovery. ["Objection on the ground of duplicativeness."]

10.   Defendants object to the Document Requests to the extent they purport to require Defendants to disclose information or documents available to Plaintiffs where the burden of obtaining such information or documents is substantially the same for Defendants as Plaintiffs. ["Objection on the ground that the information is readily obtainable by Plaintiffs."]

11.   Defendants object to the Document Requests to the extent they purport to require Defendants to produce information which is publicly available from other sources or in the possession of third parties.

12.   Defendants object to the Document Requests to the extent they seek documents which were previously requested and produced in a previously filed litigation, *Consist Software Solutions, Inc. v. Software AG, Inc. and Software AG*, Case No. 07-7047 ("The First Litigation") as such documents are equally available to Plaintiffs.

13.   Defendants object to the Document Requests to the extent they imply the existence of legal duties that do not exist.

14.   Defendants object to the Document Requests to the extent that they do not specify the time period to which they relate.

3

15.    The documents produced in response to the Document Requests are produced without prejudice to Defendants' right to present as evidence additional documents which Defendants may later discover or which have been mistakenly omitted by Defendants. Defendants object and produces documents on the basis of its understanding and interpretation of the Document Requests. If Plaintiffs understand or interpret any portion of the Document Requests differently, Defendants reserve the right to supplement any of these responses, either with additional objections or otherwise.

16.    Defendants reserve their right to supplement or amend their responses as appropriate.

17.    Inadvertent production or disclosure by Defendants of any information that is confidential, privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such document(s), information or the subject matter thereof.

18.    Defendants' responses are not intended to be, nor shall be deemed, an admission of the matters stated, implied or assumed by the Document Requests. In responding, Defendants neither waive nor intend to waive, but expressly reserve, any and all objections as to the admissibility at trial of any information or documents produced. By agreeing to produce documents, to the extent that they exist, Defendants are not representing that responsive documents exist and are only agreeing to undertake a search for responsive documents. Production of a document shall not constitute a waiver of any ground for objecting to disclosure with respect to other documents, information or material relating thereto or concerning the same issues, the subject matter thereof or any information contained therein.

4

19.    Neither an indication that a document will be produced nor an objection to a particular request indicates that any such document exists.

20.    Each of the following responses shall be deemed to incorporate and be subject to the foregoing objections, whether or not such objections are specifically set forth therein.

## OBJECTIONS AND RESPONSES

**Request No. 1:**

All of Consist's agreements that entitle a Consist customer after December 31, 2007 to use, technical assistance, training, maintenance or support of a SAG Software Product, either perpetually or for a limited time, including but not limited to new software releases of a SAG Software Product.

**RESPONSE:** Defendants object to this Document Request on the grounds of relevance, overbreadth, undue burden, and confidentiality. Subject to and without waiver of these objections and the General Objections, Defendants state that documents responsive to this Request, to the extent they exist and can be located, will be produced.

**Request No. 2:**

All documents that entitle Consist after December 31, 2007 to use a SAG Software Product, including but not limited to new software releases of a SAG Software Product.

**RESPONSE:** Defendants object to this Document Request on the grounds of relevance, vagueness, and that the information is readily obtainable by Plaintiffs. Subject to and without waiver of these objections and the General Objections, Defendants refer SAG to the Distributorship Agreement dated as of January 1, 1998 (the "Agreement"), a copy of which will be produced. Defendants further state that any additional responsive documents, to the extent they exist and can be located, will be produced.

5

<u>Request No. 3:</u>

All of Consist's agreements between Consist and a customer concerning a SAG Software Product that were actually executed by at least one party on or after December 17, 2007.

**RESPONSE:** Defendants object to this Document Request on the grounds of relevance, vagueness, and confidentiality. Subject to and without waiver of these objections and the General Objections, Defendants state that documents responsive to this Request, to the extent they exist and can be located, will be produced.

<u>Request No. 4:</u>

All documents concerning entering into or renewing an agreement with Consist for Consist to provide for at least in part technical assistance, training, maintenance or support of a SAG Software Product after December 31, 2007.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege, relevance, overbreadth, vagueness, undue burden and confidentiality. Subject to and without waiver of these objections and the General Objections, Defendants state that documents responsive to this Request, to the extent they exist and can be located, will be produced.

<u>Request No. 5:</u>

All documents concerning Consist's right or inability to provide technical assistance, training, maintenance or support of a SAG Software Product after December 31, 2007.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege, relevance, overbreadth, vagueness, and that the information is readily obtainable by Plaintiffs. Defendants further object to this Request to the extent that it calls for documents which were previously requested and produced in The First Litigation, specifically in response to SAG's Amended First Set of Document Requests, request nos. 12, 19 and 28. Subject to and without waiver of these objections and the General Objections, Defendants refer Plaintiffs to the "Agreement" which will be produced. Defendants further state that additional documents

6

responsive to this Request, to the extent they exist and can be located, will be produced.

## Request No. 6:

All documents concerning a Consist customer inquiry or request to Consist for providing technical assistance, training, maintenance or support of a SAG Software Product after December 31, 2007, including but not limited to providing new software releases of a Software AG Product.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege, relevance, overbreadth, vagueness, confidentiality, and undue burden. Defendants further object to this Document Request to the extent it is not limited in time. Subject to and without waiver of these objections and the General Objections, state that documents responsive to this Request, to the extent they exist and can be located, will be produced.

## Request No. 7:

All documents concerning the interpretation of Paragraphs 2, 3 and 4 of the Agreement.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege, relevance, duplicativeness, and that the information is readily obtainable by Plaintiffs. Defendants further object to this Request to the extent that it calls for documents which were previously requested and produced in The First Litigation, specifically in response to SAG's Amended First Set of Document Requests, request no. 3. Subject to and without waiver of these objections and the General Objections, Defendants refer Plaintiffs to the "Agreement" which will be produced and to all documents produced in The First Litigation concerning the drafting of the Agreement and prior versions of the Agreement. Defendants further state that additional documents responsive to this Request, to the extent they exist and can be located, will be produced.

7

**Request No. 8:**

All documents concerning litigation or threats of litigation arising out of Consist's inability after December 31, 2007 to provide technical assistance, training, maintenance or support for a SAG Software Product, including but not limited to providing new software releases of a SAG Software Product.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege, relevance, and vagueness. Defendants further object to this Request to the extent that it calls for documents which were previously requested in The First Litigation, specifically in response to SAG's Amended First Set of Document Requests, request no. 27. Subject to and without waiver of these objections and the General Objections, Defendants state that additional documents responsive to this Request, to the extent they exist and can be located, will be produced.

**Request No. 9:**

All documents concerning the effect or potential effect on Consist's business if Consist cannot provide technical assistance, training, maintenance or support for a SAG Software Product after December 31, 2007, including but not limited to providing new software releases of a SAG Software Product.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege, relevance, overbreadth, vagueness, confidentiality, and undue burden. Defendants further object to this Request to the extent that it calls for documents which were previously requested and produced in The First Litigation, specifically in response to SAG's Amended First Set of Document Requests, request no. 27.

**Request No. 10:**

WITHDRAWN BY PLAINTIFFS

**Request No. 11:**

WITHDRAWN BY PLAINTIFFS

8

**Request No. 12:**

All documents concerning the unauthorized use or alleged unauthorized use of:

     a.    a SAG Software Product;
     b.    documentation concerning a SAG Software Product; or
     c.    copyrights or trademarks of Software AG.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege,

relevance, overbreadth, vagueness, undue burden, and that the information is readily obtainable

by Plaintiffs. Defendants further object to this Request to the extent that it calls for documents

which were previously requested and produced in The First Litigation, specifically in response to

SAG's Amended First Set of Document Requests, request nos. 48(b) and 48(c). Subject to and

without waiver of these objections and the General Objections, Defendants refer Plaintiffs to the

documents produced in The First Litigation. In addition, Defendants state that additional

documents responsive to this Request, to the extent they exist and can be located, will be

produced.

**Request No. 13:**

All documents concerning Consist's statements published on the Consist website, and those set
forth in a January 10, 2008 email from Mr. Natalio Fridman to Karl-Heinz Streibich, as well as
those made directly to Consist's customers, that Consist continues to have the ability or
authorization from Software AG to offer maintenance or support of a SAG Product after
December 31, 2007.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege,

relevance, and that the information is readily available to Plaintiffs. Subject to and without

waiver of these objections and the General Objections, Defendants state that documents

responsive to this Request, to the extent they exist and can be located, will be produced.

9

**Request No. 14:**

Documents sufficient to show all uses by Consist of the copyrights and trademarks of Software AG, including but not limited to the trademarks ADABAS and NATURAL.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege, relevance, overbreadth, vagueness, undue burden, and duplicativeness. Defendants also object to this request to the extent it is not limited in time. Defendants further object to this Request to the extent that it calls for documents which were previously requested and produced in The First Litigation, specifically in response to SAG's Amended First Set of Document Requests, request nos. 13 and 14. Subject to and without waiver of these objections and the General Objections, Defendants refer Plaintiffs to the documents produced in The First Litigation. In addition, Defendants state that additional documents responsive to this Request, to the extent they exist and can be located, will be produced.

**Request No. 15:**

All documents concerning Consist's ownership of, right to, pursuit of or maintenance of any intellectual property rights in the Territory, including but not limited to the trademarks ADABAS and NATURAL.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege, relevance, overbreadth, vagueness, undue burden, and duplicativeness. Defendants further object to this Request to the extent that it calls for documents which were previously requested and produced in The First Litigation, specifically in response to SAG's Amended First Set of Document Requests, request nos. 13 and 14. Subject to and without waiver of these objections and the General Objections, Defendants refer Plaintiffs to the documents produced in The First Litigation. In addition, Defendants state that additional documents responsive to this Request, to the extent they exist and can be located, will be produced.

10

Dated: New York, New York
      January 18, 2008

DUANE MORRIS LLP

By: _Hyman Schaffer / BD_
      Hyman L. Schaffer
      Fran M. Jacobs
      Gregory P. Gulia
      Brian Damiano
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
*Attorneys for Defendants*

TO:    James D. Jacobs
      Frank M. Gasparo
      Marcella Ballard
      BAKER & McKENZIE LLP
      1114 Avenue of the Americas
      New York, New York 10036
      Telephone: (212) 626-4100
      Facsimile: (212) 310-1600
      *Attorneys for Plaintiffs*

E

DUANE MORRIS LLP
Hyman L. Schaffer
Fran M. Jacobs
Gregory P. Gulia
Brian Damiano
1540 Broadway
New York, New York 10036
(212) 692-1000
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SOFTWARE AG, INC. and SOFTWARE AG,     :

                     Plaintiffs,     :

     -against-     :

CONSIST SOFTWARE SOLUTIONS, INC.,     :
f/k/a CONSIST INTERNATIONAL, INC.     :
and NATALIO FRIDMAN,     :

                 Defendants.     :

-------------------------------------------------------------------x

08 CV 00389 (CM) (FM)

**DEFENDANTS' RESPONSES
AND OBJECTIONS TO
PLAINTIFFS' SECOND
REQUEST FOR PRODUCTION
OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Consist

Software Solutions, Inc., f/k/a Consist International, Inc. ("Consist") and Natalio Fridman

("Fridman"), collectively referred to herein as "Defendants," by and through their attorneys,

Duane Morris LLP, hereby object and respond as follows to the Second Request for Production

of Documents of Plaintiffs Software AG, Inc.'s and Software AG's ("Plaintiffs" or "SAG") (the

"Document Requests") served upon Defendants on January 16, 2008:

## GENERAL OBJECTIONS

1.     Defendants object to the Document Requests to the extent they impose any

obligation beyond that which is required under the Federal Rules of Civil Procedure or the local

rules of the Southern District of New York.

2.    Defendants object to the Document Requests to the extent they rely on Instructions or Definitions that are inconsistent with the Federal Rules of Civil Procedure or the local rules of the Southern District of New York.

3.    Defendants object to the Document Requests to the extent they seek information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or exemption, or which constitutes material prepared in anticipation of litigation and/or which is exempt from disclosure pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Rule 26"), upon the grounds that privileged matter is exempt from discovery and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in Rule 26(b)(3) and (b)(4), which prerequisites have not been satisfied. ["Objection on the ground of privilege."]

4.    Defendants object to the Document Requests to the extent they seek documents that are neither relevant to the issues of law and fact in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ["Objection on the ground of relevance."]

5.    Defendants object to the Document Requests to the extent they seek information or documents which are overly broad. ["Objection on the ground of over breadth."]

6.    Defendants object to the Document Requests to the extent they are vague or ambiguous, or otherwise lack sufficient precision or particularity with respect to what information is sought. ["Objection on the ground of vagueness."]

7.    Defendants object to the Document Requests to the extent they seek confidential information, including without limitation, competitively sensitive documents or information such as trade secrets or other confidential research, development, or commercial information that is confidential business information. Defendants will disclose such information upon the entry of

an appropriate protective order against the unauthorized use or disclosure of such information.
["Objection on the ground of confidentiality."]

8.    Defendants object to the Document Requests to the extent they seek information which is unduly burdensome to provide, whether in terms of compilation time, effort and/or expense. ["Objection on the ground of undue burden."]

9.    Defendants object to the Document Requests to the extent they seek information that is cumulative or duplicative of other discovery. ["Objection on the ground of duplicativeness."]

10.    Defendants object to the Document Requests to the extent they purport to require Defendants to disclose information or documents available to Plaintiffs where the burden of obtaining such information or documents is substantially the same for Defendants as Plaintiffs. ["Objection on the ground that the information is readily obtainable by Plaintiffs."]

11.    Defendants object to the Document Requests to the extent they purport to require Defendants to produce information which is publicly available from other sources or in the possession of third parties.

12.    Defendants object to the Document Requests to the extent they seek documents which were previously requested and produced in a previously filed litigation, *Consist Software Solutions, Inc. v. Software AG, Inc. and Software AG*, Case No. 07-7047 ("The First Litigation") as such documents are equally available to Plaintiffs.

13.    Defendants object to the Document Requests to the extent they imply the existence of legal duties that do not exist.

14.    Defendants object to the Document Requests to the extent that they do not specify the time period to which they relate.

3

15.     The documents produced in response to the Document Requests are produced without prejudice to Defendants' right to present as evidence additional documents which Defendants may later discover or which have been mistakenly omitted by Defendants. Defendants object and produce documents on the basis of their understanding and interpretation of the Document Requests.  If Plaintiffs understand or interpret any portion of the Document Requests differently, Defendants reserve the right to supplement any of these responses, either with additional objections or otherwise.

16.     Defendants reserve their right to supplement or amend its responses as appropriate.

17.     Inadvertent production or disclosure by Defendants of any information that is confidential, privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such document(s), information or the subject matter thereof.

18.     Defendants' responses are not intended to be, nor shall be deemed, an admission of the matters stated, implied or assumed by the Document Requests.  In responding, Defendants neither waives nor intends to waive, but expressly reserves, any and all objections as to the admissibility at trial of any information or documents produced.  By agreeing to produce documents, to the extent that they exist, Defendants are not representing that responsive documents exist and are only agreeing to undertake a search for responsive documents. Production of a document shall not constitute a waiver of any ground for objecting to disclosure with respect to other documents, information or material relating thereto or concerning the same issues, the subject matter thereof or any information contained therein.

4

19.    Neither an indication that a document will be produced nor an objection to a particular request indicates that any such document exists.

20.    Each of the following responses shall be deemed to incorporate and be subject to the foregoing objections, whether or not such objections are specifically set forth therein.

## OBJECTIONS AND RESPONSES

**Request No. 1:**

Documents sufficient to show the corporate relationship from January 1, 1998 to present between Consist Software Solutions, Inc., f/k/a Consist International, Inc. and each of its domestic and foreign affiliates and subsidiaries.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege, relevance, overbreadth, and undue burden. Subject to and without waiver of these objections and the General Objections, Defendants state that documents responsive to this Request, to the extent they exist and can be located, will be produced.

**Request No. 2:**

Documents sufficient to show the corporate relationship from January 1, 1998 to present between each member of the "Group Consist" as that term is used by Natalio Fridman in the two notices annexed to the Complaint as Exhibits 5 and 6.

**RESPONSE:** Defendants object to this Document Request on the grounds of privilege, relevance, overbreadth, and undue burden. Subject to and without waiver of these objections and the General Objections, Defendants state that documents responsive to this Request, to the extent they exist and can be located, will be produced.

**Request No. 3:**

Documents sufficient to show all shareholders, owners, directors and officers from January 1, 1998 to present of Consist Software Solutions, Inc., f/k/a Consist International, Inc. and each of its domestic and foreign affiliates and subsidiaries.

**RESPONSE:** Defendants object to this Document Request on the grounds of relevance,

overbreadth, undue burden and confidentiality. Subject to and without waiver of these

objections and the General Objections, Defendants state that documents responsive to this

Request, to the extent they exist and can be located, will be produced.

**Request No. 4:**

Documents sufficient to show all shareholders, owners, directors and officers from January 1, 1998 to present of each member of the "Group Consist" as that term is used by Natalio Fridman in the two notices annexed to the Complaint as Exhibits 5 and 6.

**RESPONSE:** Defendants object to this Document Request on the grounds of relevance,

overbreadth, undue burden and confidentiality. Subject to and without waiver of these

objections and the General Objections, Defendants state that documents responsive to this

Request, to the extent they exist and can be located, will be produced.

**Request No. 5:**

Documents sufficient to show the organizational structure from January 1, 1998 to present of Consist Software Solutions, Inc., f/k/a Consist International, Inc. and each of its domestic and foreign affiliates and subsidiaries, including but not limited to organizational charts with employee names and positions.

**RESPONSE:** Defendants object to this Document Request on the grounds of relevance,

overbreadth, undue burden and confidentiality. Subject to and without waiver of these

objections and the General Objections, Defendants state that they are presently unaware of the

existence of any documents responsive to this Request.

**Request No. 6:**

Documents sufficient to show the organizational structure from January 1, 1998 to present of each member of the "Group Consist" as that term is used by Natalio Fridman in the two notices annexed to the Complaint as Exhibits 5 and 6.

**RESPONSE:** Defendants object to this Document Request on the grounds of relevance, overbreadth, undue burden and confidentiality. Subject to and without waiver of these objections and the General Objections, Defendants state that they are presently unaware of the existence of any documents responsive to this Request.

Dated: New York, New York
        January 18, 2008

DUANE MORRIS LLP

By: _Hyman Schaffer / BD_ .
        Hyman L. Schaffer
        Fran M. Jacobs
        Gregory P. Gulia
        Brian Damiano
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
*Attorneys for Defendants*

TO:        James D. Jacobs
        Frank M. Gasparo
        Marcella Ballard
        BAKER & McKENZIE LLP
        1114 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 626-4100
        Facsimile: (212) 310-1600
        *Attorneys for Plaintiffs*

7

F

----- Original Message -----
From: Jacobs, James D. <James.D.Jacobs@BAKERNET.com>
To: Schaffer, Hyman L.
Cc: Jacobs, James D. <James.D.Jacobs@BAKERNET.com>; Damiano, Brian J.; Gulia, Gregory P.;
Ballard, Marcella <Marcella.Ballard@BAKERNET.com>; Basinger, John A.
<john.a.basinger@bakernet.com>; Gasparo, Frank M <Frank.M.Gasparo@BAKERNET.com>
Sent: Tue Jan 22 07:16:26 2008
Subject: Consist's Document Redactions

Dear Hyman,

Many of the documents that Consist belatedly produced yesterday in its partial production are
redacted. Many of the redactions, particularly the cost of the maintenance services that Consist is
charging its customers, are particularly relevant to the issues to be tried at the preliminary injunction
hearing.

Judge McMahon ordered defendants to produce documents. She did not authorize any redactions.
Accordingly, your redactions are a deliberate violation of her order. Moreover, your efforts to redact
those documents are no doubt further delaying your already extremely belated production and a
further violation of her order.

Unless we have your representation by 10:00 this morning that you will produce all documents
unredacted no later than noon today, we will assume that you do not intend to produce Consist's
unredacted documents by noon and we will act accordingly. This demand is without prejudice to any
other right that plaintiffs' may have.

Regards,

James David Jacobs
Baker & McKenzie LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: +1 212 891 3951
Cell: +1 917 660 3425
Fax: +1 212 310 1651


Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice
contained in this communication (including any attachments) is not intended to be used, and cannot

1

be used, for the purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Click here <http://www.bakernet.com/disclaimer_bm> or visit www.bakernet.com/disclaimer_bm for other important information concerning this message.

G

**From:** Schaffer, Hyman L.
**Sent:** Tuesday, January 22, 2008 1:07 PM
**To:** 'Jacobs, James D.'; Gasparo, Frank M; Ballard, Marcella; Basinger, John A.
**Cc:** Jacobs, Fran M.; Gulia, Gregory P.; McQuillen, Brian; Turschmann, Michael A.; Damiano, Brian J.; Cortez, Maria E.; Chavez, Jr., Javier

**Subject:** Redacted Documents

Dear Jim--this responds to your email of this morning regarding redactions made to agreements we produced to you Monday morning. The redacted terms are the pricing terms of the agreements. They are among the most competitively sensitive parts of these agreements. We are extremely concerned that this information will become used competitvely through being made available to others or otherwise. The prices at which Consist is doing its business has not the SLIGHTEST relevance to any claim that is being heard on Thursday, as you surely know. Your insistence on a right to get this information is simply a continuation of your pattern since the last litigation. You are not interested in information relevant to your claims, but rather in obtaining competitive and proprietary information that your client can use to its commercial advantage and my client's disadvantage.

Your claims that we are violating the court's order is simply false. The agreements we already gave you--concluded between December 17, 2007 and year's end-- are the documents that you told me were the most crucial to your case after we got off the call with the court on Friday afternoon. None of the agreements that you seek are in New York or even the US. Because they are between Brazilians, they are in Brazil. We moved as quickly as we could and are still doing so. I have told you repeatedly that I am certainly not refusing to produce documents to you; I am doing so on a rolling basis as soon as I get them from my client, which understands the necessity to move quickly.

As I pointed out to you yesterday, the terms of any particular agreement are utterly irrelevant to any issue currently before the court. Even were we to have to try the issue of Consist's rights to grant maintenance agreements that extend beyond the expiration of the term--and we do not-- that question can be resolved simply on the basis of the fact that there is at least one such agreement that you yourself know about--PRODESP. Consist's rights either exist or not under the relevant distribution agreements. It makes not the least difference whether there is one agreement or one hundred, nor whether the term is for one month after the expiration date or in perpetuity.

The court said that we were to "produce documents". I don't believe that the court was opining that your requests as drafted were proper, or not, overbroad, beyond the scope of permissible discovery or otherwise defective. I believe that we still maintain our rights to object to your requests, but are acting as quickly as possible to produce to you documents that are abroad that are most directly relevant to your claims, as identified by you. (This, by the way, in sharp contrast to your document response which, despite your effort to explain it away, basically refused to produce anything other than what you claimed you were going to rely upon. You never even called us to negotiate the scope of production so that you can comply with your own obligations respecting expedited discovery).

To be clear, we are continuing to provide you as quickly as we can with the documents and information you have identified as priority. We are not at all refusing to produce documents, However, we reserve all rights--including to force you to return these pages and perhaps other information.

We don't believe that the court in any way restricted our ability to redact out clearly

irrelevant information. That said, however, we will produce to you unredacted pricing pages as soon as we can. They are to be treated as highly confidential, attorneys' eyes only. But we are producing them under full reservation of rights and with the most serious of warnings that if the information contained in or derived from any agreements or documents we produce to you is used in the market place, we will draw inferences as to exactly where that information came from and how it became known, and will take very prompt steps in dealing with it.  Regards--
Hyman

H

1

2    UNITED STATES DISTRICT COURT

3    SOUTHERN DISTRICT OF NEW YORK

4

-------------------------------------x

5

CONSIST SOFTWARE SOLUTIONS, INC.,

6

Plaintiff,

7

vs.

8

SOFTWARE AG, INC. and SOFTWARE AG

9

Defendant.

10

-------------------------------------x

11

12                    November 28, 2007

13                    11:00 a.m.

14

15    H I G H L Y   C O N F I D E N T I A L

16              ATTORNEYS' EYES ONLY

17

18        Deposition of NATALIO S. FRIDMAN, held

19    at the offices of Baker & McKenzie, 1114

20    Avenue of the Americas, New York, New York

21    10036, before David Henry, a Certified

22    Shorthand Reporter and Notary Public of the

23    State of New York.

24

25

1    Fridman - CONFIDENTIAL - ATTORNEYS' EYES ONLY

2        Q.  Has Consist registered the

3    trademark Adabas?

4        A.  I think so.  I think from

5    somewhere.

6        Q.  Has Consist registered the

7    trademark Adabas with any country other

8    than Brazil?

9        A.  I don't recall it.

10       Q.  Okay.

11       A.  Maybe Uruguay, I don't know.  Let

12   me explain why we registered the name.

13       Q.  Go ahead.  Why don't you go ahead

14   and explain why Consist registered the

15   names Adabas and Natural.

16       A.  Software AG never was interested

17   in any registration.  But we knew that we

18   cannot use the name Adabas, if some pirate

19   over there uses Adabas for something else.

20   So you cannot register the copyright in

21   somebody's name, and Software AG was not

22   interested in doing, in spending any money

23   on that, so we did it to protect our

24   market, our market in the territory.  So I

25   would like -- I checked after maybe