James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036-7703
Tel: 212-626-4100
Fax: 212-310-1600

Attorneys for Plaintiffs Software AG, Inc
and Software AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOFTWARE AG, INC. and SOFTWARE
AG,

                          Plaintiffs,

              -against-

CONSIST SOFTWARE SOLUTIONS,
INC. f/k/a CONSIST INTERNATIONAL,
INC. and Natalio Fridman,

                          Defendants;

Case No. 08 Civ 389 (CM) (FM)

**PLAINTIFFS' NOTICE OF MOTION TO HOLD
DEFENDANTS IN CONTEMPT OF DECISION
AND ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION**

Upon the Complaint filed January 15, 2008 by Plaintiffs Software AG, Inc. ("SAGA") and

Software AG ("SAG") (collectively "Software AG" or "Plaintiffs") against Defendants Consist

Software Solutions, Inc. ("Consist") and Natalio Fridman ("Fridman") (collectively "Defendants"), the

annexed Declaration of James David Jacobs dated March 12, 2008, the Decision and Order Granting

Plaintiffs' Motion for Preliminary Injunction dated February 21, 2008 ("Preliminary Injunction

Decision"), all prior pleadings and proceedings in this matter, Software AG moves this court pursuant

to Rules of Civil Procedure and Local Rule 83.9 of the Civil Rules of the United States District Courts

for the Southern and Eastern Districts, for an order:

(1) declaring Defendants in contempt of this court's Preliminary Injunction Decision; and

(2) requiring Defendants to comply with this court's Preliminary Injunction Decision by, *inter alia*,

(a) including a statement indicating that the Preliminary Injunction Decision is binding on Consist and Fridman unless and until such order is overturned by a court of competent jurisdiction in the United States of America,

(b) producing a certified statement to this court *under oath* that steps have been taken as outlined in this order, and shall describe with particularity exactly what has been done to comply with the Preliminary Injunction Decision,

(c) attaching to such certified statement copies of any and all papers filed with any court or administrative tribunal in Brazil or elsewhere in the Territory, including a certified copy of the translation of this court's Findings of Facts, Conclusions of Law and Preliminary Injunction; a copy of the notice to customers mailed or sent, and web-posted, in compliance with this order; a copy of any press release issued by Consist and/or Fridman and/or any of their subsidiaries or affiliates relating to or discussing the Preliminary Injunction Decision.

Dated: New York, New York
      February 13, 2008

BAKER & McKENZIE LLP

By:  */s James David Jacobs*__
    James David Jacobs
    Frank M. Gasparo
    Marcella Ballard
    1114 Avenue of the Americas
    New York, New York 10036
    (212) 626-4100
    Attorneys for Defendant/Counter-Plaintiff
    Software AG, Inc. and Defendant Software AG

James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036-7703
Tel: 212-626-4100
FAX: 212-310-1600

Attorneys for Software AG, Inc.
and Software AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOFTWARE AG, INC. and SOFTWARE
AG,

                              Plaintiffs,

        -against-

CONSIST SOFTWARE SOLUTIONS,
INC. f/k/a CONSIST INTERNATIONAL,
INC. and NATALIO FRIDMAN,
                              Defendants.

Case No. 08-CV-00389 (CM) (FM)

**DECLARATION OF JAMES
DAVID JACOBS IN SUPPORT OF
PLAINTIFFS' MOTION FOR
CONTEMPT**

James David Jacobs, under penalties of perjury, declares,

1.      I am a principal in Baker & McKenzie, LLP, attorneys for plaintiffs

Software AG and Software AG, Inc. ("Software AG").  I submit this declaration in

support of Software AG's motion to hold defendants Consist Software Solutions, Inc. and

Natalio Fridman ("Defendants") in contempt of this court's Decision and Order Granting

Plaintiffs' Motion for Preliminary Injunction dated February 21, 2008 (the "Preliminary

1

Injunction Decision"). Unless otherwise clear from the context I make this declaration based upon my personal knowledge.

2.    On February 21, 2008 this Court issued the Preliminary Injunction Decision. That decision granted Defendants 10 days to comply with its provisions. According to Federal Rule Civil Procedure 6(a) Defendants last day to comply was Thursday, March 6.

3.    On February 22, 2008 Defendants appealed to the Second Circuit the Preliminary Injunction Decision and on February 25, 2008 they moved the Court of Appeals for the Second Circuit ("Second Circuit") to vacate or stay that decision pending full appeal. Defendants did not move to expedite the appeal.

4.    Software AG and Defendants orally argued Defendants' stay motion before the Second Circuit on March 4, 2008. At the oral argument the Second Circuit requested that the parties respond to two questions raised during the oral argument on or before Thursday March 6, 2008.

5.    Subsequently, the Second Circuit extended Defendants' time to comply with the Preliminary Injunction Decision to 5 p.m. on March 7, 2008. (Exhibit 1)

6.    The parties submitted a joint letter to the Second Circuit on March 6, 2008 setting forth their respective positions on the two questions. In that letter the parties also informed the Second Circuit that the court in the Brazilian Trademark Action vacated the *ex parte* preliminary injunction on March 5, 2008 and a single judge of the Brazilian Court of Appeals in the Brazilian Maintenance Action suspended enforcement of the lower court's *ex parte* preliminary injunction. (Exhibit 2)

7.    As best we determined Defendants did not make any effort to comply with the Preliminary Injunction Decision until yesterday, Tuesday, March 11, 2008. Yesterday afternoon Defendants posted a Portuguese translation of the Preliminary Injunction Decision on their Brazilian web site and first contacted our Brazilian office to arrange withdrawal of the Brazilian suit.  However, Defendants did not include on their web site a statement as the Preliminary Injunction Decision requires that the Preliminary Injunction Decision "is binding on Consist and Fridman unless and until such order is overturned by a court of competent jurisdiction in the United States of America".

8.    On March 10, 2008, the Court of Appeals for the Second Circuit ("Second Circuit") denied Defendants' emergency motion to vacate or stay enforcement of the Court's Preliminary Injunction Decision.  (Exhibit 3)

9.    As of last night we have no indication that Defendants have started to send the Preliminary Injunction Decision to their customers or otherwise fulfill the mandate of that decision.

10.    I have contacted counsel for Defendants and he has not stated by when Defendants intend to be in compliance with the Preliminary Injunction Decision and when Defendants intend to file their certificate of compliance as the Preliminary Injunction Order required.  Attached as Exhibit 4 is an email string that records our most recent exchanges.

11.    No prior request for the instant relief had been made to this or any other court.

I declare under penalty of perjury that the foregoing is true and correct.

3

Dated: New York, New York
　　　 March 12, 2008

_____
James David Jacobs

4

1

S.D.N.Y.-N.Y.C.
08-cv-0389
McMahon, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March, two thousand eight,

Present:

Hon. Sonia Sotomayor,
Hon. Debra Ann Livingston,
*Circuit Judges*,
Hon. Loretta A. Preska,*
*District Judge*.



Software AG, Inc. and Software AG,

*Plaintiffs-Appellees*,

v.                                                              08-0879-cv

Consist Software Solutions Inc., formerly known as Consist International, Inc., and Natalio Fridman,

*Defendants-Appellants*.

The district court's February 21, 2008 order is stayed until 5pm eastern standard time on Friday March 7, 2008 for the parties to confer about the issues raised at oral argument.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

---

* The Honorable Loretta A. Preska of the United States District Court for the Southern District of New York, sitting by designation.

**2**

DuaneMorris®

HYMAN L. SCHAFFER
DIRECT DIAL: 212.692.1078
PERSONAL FAX: 212.208.4330
*E-MAIL:* hlschaffer@duanemorris.com

*www.duanemorris.com*

BAKER & McKENZIE

James David Jacobs
Tel: +1 212 891 3951
Fax: +1 212 310 1600
James.D.Jacobs@bakernet.com

www.bakernet.com

March 6, 2008

**VIA FACSIMILE & HAND DELIVERY**

Hon. Sonia Sotomayor, Circuit Judge
Hon. Debra Ann Livingston, Circuit Judge
Hon. Loretta A. Preska, District Judge
c/o Clerk of the Court
United States Court of Appeals
  for the Second Circuit
The Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> **Re:**   *Software AG Inc., et al. v. Consist Software Solutions, Inc. et al*
> Docket No. 08-0879

Dear Judges Sotomayor, Livingston, and Preska:

This letter is jointly submitted by defendants-appellants Consist Software Solutions, Inc. ("Consist") and Natalio Fridman and plaintiffs-respondents Software AG, Inc. and Software AG (collectively "Software AG"), the parties to the above-entitled appeal, (1) to bring to the Court's attention certain recent developments concerning the two pending actions in Brazil and (2) to respond to the questions that the Court asked counsel to address during oral argument of Defendant/Appellant's Emergency Motion To Vacate or Stay on March 4, 2008.

1.    **Status of Brazilian Actions**

Since the Court of Appeals heard argument on March 4, we have been advised of the following activity in the underlying Brazilian actions:

The Brazilian Trademark Action (*Consist Consultoria Sistemas E Representaçoes LTDA v. Software AG Informatica E Servicos LTDA*).  Consist's affiliates commenced this action on January 28, 2008, and an *ex parte* preliminary injunction was issued on February 13, 2008. Upon Software AG's appearance and application, including presenting the District Court's February 21, 2008 decision, the Brazilian court vacated the *ex parte* preliminary injunction on March 5, 2008.  Procedurally, Consist Brazil would have the option of appealing the Brazilian court's vacatur of the injunction.  The action remains pending.

The Honorable Sonia Sotomayor
The Honorable Debra Ann Livingston
The Honorable Loretta A. Preska
March 6, 2008
Page 2

The Brazilian Maintenance Action *Consist Consultoria Sistemas E Representaçoes LTDA and Consist Software LTDA v. Software AG and Software AG Brazil Informactica E Servicos LTDA.* Consist's affiliates commenced this action on February 1, 2008, and an *ex parte* preliminary injunction was issued on February 12, 2008. Upon Software AG's appearance and application, including presenting the District Court's February 21, 2008 decision, the court of original instance declined to vacate or modify its injunction pending a March 13, 2008 hearing. However, Software AG also appealed the original *ex parte* order and a single judge of the Brazilian Court of Appeals has suspended enforcement of the lower court's preliminary injunction, pending a full examination of the motion brought by Software AG to lift the injunction before a full panel of the court. Procedurally, Consist Brazil would have the opportunity to respond to Software AG's motion to vacate the injunction. The action remains pending.

Copies of the Brazilian courts' orders suspending and revoking the injunctions are annexed hereto as Exhibit A (as well as unofficial English translations of those orders provided by Software AG).[1]

## 2.    Response to the Court's Questions

During oral argument, the Court asked the parties a) whether as a procedural matter the Brazilian actions can be stayed or dismissed without prejudice, and b) whether the parties could agree on an alternative to sending the full decision of the District Court to customers of Consist's South American affiliates.

Although we had hoped to be able to agree on the responses to the Court's questions, we have been unable to do so and our respective positions are therefore set forth below:

### A.    Available Procedures in the Brazilian Actions.

#### i.    Consist's Position.

Consist maintains that the Brazilian actions should be stayed pending appeal of the District Court's decision. The Brazilian actions were pending well prior to either of the District Court's decisions and requiring dismissal of the actions would alter that status quo. While the trademark injunction has been revoked, and the maintenance injunction temporarily suspended, Consist Brazil still has a right to proceed with those actions in Brazil should Consist prevail in this Court, and there is no guarantee that Consist Brazil would be able to secure new injunctions in the future if it were to dismiss the Brazilian proceedings voluntarily. Moreover, it appears that the Brazilian court handling the trademark case was under the mistaken impression that Consist did

---
[1] Consist does not concede the accuracy of Software AG's translations.

The Honorable Sonia Sotomayor
The Honorable Debra Ann Livingston
The Honorable Loretta A. Preska
March 6, 2008
Page 3

not advise the court of the "highly-relevant" decision of the District Court at the time of its application.[2]  This simply is not the case; the District Court's decision (and its emergency interim anti-suit injunction) were issued <u>after</u> the Brazilian court had already granted its injunction.

The parties apparently agree that there is nothing preventing Consist from either staying or dismissing (without prejudice) the Brazilian actions.  It is Consist's understanding that counsel in Brazil may jointly apply for a stay of proceedings for a period of up to six months (<i>see</i> Brazilian Code of Civil Procedure Article 265, Item II, par. 3), and that a one year stay is available where the basis of the stay is the pendancy of a litigation elsewhere (Brazilian Code of Civil Procedure Article 265, Item IV, par. 5).  Software AG has agreed to waive any statute of limitations defense should the actions be voluntarily dismissed, and upon reinstatement after dismissal Software AG represented that they would be willing to waive Software AG's attorneys fees and costs associated solely with reinstatement of the Brazilian actions.

If the Brazilian actions are to be halted at this juncture, Consist believes that a stay of the Brazilian actions is the preferable alternative and the one better suited maintain the status quo between the parties.  If Consist Brazil agrees to a dismissal, the remaining maintenance injunction, albeit temporarily suspended pending further review from the Brazilian court, would summarily be dismissed as well.  If Consist prevails on appeal and its affiliates are ultimately determined to have the right to proceed with litigation parallel to the New York action, Consist Brazil will be prejudiced because it will be more difficult to have the injunctions granted anew, after a consensual dismissal, than reactivated after a stay.

     **ii.**     **Software AG's Position.**

Now that the Brazilian maintenance injunction, which required Software AG to provide maintenance to Consist, has been vacated, any claim that Consist will suffer irreparable harm because it cannot provide that maintenance to its customers is now entirely eviscerated.  Accordingly, Consist and Mr. Fridman have failed to demonstrate that they will sustain any irreparable harm in the absence of a stay from this Court and thus this Court's standard to issue a stay dictates that their motion pending appeal should be denied.

We attach the Declaration of Marcio Polto, an attorney admitted to the Brazilian courts, as Exhibit B.  He testifies that, under Brazilian law, there is no impediment to Consist withdrawing the Brazilian actions and no penalty to Consist as a consequence except for court costs associated with its refiling.  On the other hand, under Brazilian law, any stay of the Brazilian actions is limited to six months and is renewable only in the Brazilian court's discretion.  He has also avers

---

[2] In several places in its presentation, Software AG advances argument in addition to the information sought by the Court. While Consist disagrees with Software AG's positions, they will not take issue with those arguments here, but rather in the appropriate place – in their brief on appeal.

The Honorable Sonia Sotomayor
The Honorable Debra Ann Livingston
The Honorable Loretta A. Preska
March 6, 2008
Page 4

that the one year stay that Consist mentions above is not available. That means that, should the appeal process in this Court take more than six months, Consist would be entitled to resume prosecuting the Brazilian actions following the expiration of that six-month period even though this Court may not have been able to render its decision by that point. In light of Consist's and Mr. Fridman's less than forthright conduct in this matter, a six-month stay would not provide appropriate relief to Software AG. Accordingly, Software AG's position is that, pending appeal, the portion of Judge McMahon's Decision and Order requiring Consist to cause Consist Brazil to discontinue the two Brazilian actions without prejudice should not be stayed.

One additional comment is necessary. Consist claims above that the Brazilian trademark court's "mistaken impression" that Judge McMahon's Decision and Order preceded Consist's application for an injunction caused it to wrongly "handle the trademark case". That conclusion is unwarranted. In fact, the Brazilian court stated "[Consist] mislead me by not informing [me of] very relevant fact." (Emphasis added; unofficial translation) (Exhibit A). More likely is that the Brazilian court was referencing the fact that there was a pending Second NY Litigation and the very issue presented to that Brazilian court was before Judge McMahon in that Second NY Litigation. It is unlikely that the Brazilian Judge could have misapprehended the date of Judge McMahon's Decision--the date is prominently displayed in a black stamp on the top of the Decision's first page.

**B.    Proposed Alternate Notice to Customers.**

**i.    Consist's Position.**

Following this Court's suggestion at oral argument that the parties work on a notice to customers that advises them of the District Court's preliminary rulings, Consist prepared and circulated to Software AG a proposed notice to Consist's affiliate's customers. A copy of Consist's proposed notice to customers is attached as Exhibit C.

The attached notice would be utilized if a) this Court denies the motion to stay, but directs a modification of the notice requirement, or b) this Court grants the stay but still requires customers be notified of certain aspects of the District Court's underlying preliminary findings. Under either alternative, Consist believes the attached notice clearly and succinctly summarizes the commercial implications of the District Court's decision in a neutral fashion that will not unduly harm Consist or its business and will be far more useful and easily understood by customers than publishing the District Court's 33-page opinion as is. Consist believes this alternate notice would provide Consist's affiliate's customers with a clear indication as to which company is authorized to provide maintenance services in the territory and which company can use the respective trademarks based on the District Court's findings.

The Honorable Sonia Sotomayor
The Honorable Debra Ann Livingston
The Honorable Loretta A. Preska
March 6, 2008
Page 5

To the extent this Court denies the stay of the anti-suit injunction and believes that customers should be advised of the existence of the Brazilian actions and the District Court's anti-suit injunction with respect to them, Consist is prepared to include the following language in its proposed notice, which we believe fairly does so in a manner comprehensible to a layman:

> Consist Brazil brought two lawsuits in the Courts of Brazil: one a trademark action seeking to prevent Software AG from utilizing the trademarks ADABAS and NATURAL, and the other seeking to compel Software AG to provide maintenance support services to Consist Brazil. Consist Brazil obtained injunctions in those actions that are currently not in force. The United States District Court has ordered Consist to compel Consist Brazil to dismiss these lawsuits and to refrain from bringing any additional suits against Software AG concerning the trademarks or the 1998 Distributor Agreement. The Brazilian lawsuits have been dismissed.

Consist believes that its proposed notice would advise customers of their technical support options and avoid unfairly damaging the reputation of Consist or its affiliates. Consist has invited Software AG to provide its comments or suggest any additional commercial terms that should be added. Software AG has not identified any to date.

ii.    **Software AG's Position.**

We understand that the Court asked the parties to consider eliminating those portions of Judge McMahon's Decision and Order that refer to Consist's and Mr. Fridman's bad faith. We therefore suggest, as an alternative to Consist publishing and circulating the entire Decision and Order, that Consist publish and circulate only the decrial portions contained under the heading "Injunction" beginning on page 30 of the Decision and Order. Alternatively, we suggest that Consist publish and circulate the Decision and Order with the specific references to bad faith redacted.

The customer notice that Consist proposes is selective and misleading. Thus, it does not inform end-users of Software AG's products of the full effect and purpose of Judge McMahon's Decision and Order. A major purpose of circulating the Decision and Order to end-users is to clear up the massive confusion that Consist's misrepresentations and frivolous and duplicative Brazilian lawsuits caused and continue to cause in the Brazilian marketplace. No summary can accurately restate that order. Consist's proposed notice also trivializes the injunctive relief associated with Consist's use of Software AG's trademarks . For instance, it totally ignores Judge McMahon's order that "Consist cease using any of the trademarks or trade names in connection with their business in the Territory."

The Honorable Sonia Sotomayor
The Honorable Debra Ann Livingston
The Honorable Loretta A. Preska
March 6, 2008
Page 6

Consist's supplemental language for its proposed customer notice regarding Judge McMahon's anti-suit provisions is similarly lacking in specifics and incorrectly summarizes the Brazilian suits. A summary should, at a minimum, reflect all relevant events. Consist's proposed summary, however, egregiously omits, among other things, that the Brazilian injunctions were obtained *ex parte* (which Judge McMahon mentions in her Injunction) and that the Brazilian courts have themselves vacated or stayed both of the Brazilian injunctions.

We are available to answer any additional questions the Court may have.

Respectfully submitted,

**DUANE MORRIS, LLP**

By: _John Schaffer_
　　Hyman L. Schaffer, Esq.
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1093
Facsimile: (212) 692-1020

and

**SULLIVAN & CROMWELL**
John L. Warden, Esq.
125 Broad Street
New York, New York 10004
Telephone: (212) 558-3610
Facsimile: (212) 558-3588

*Attorneys for Defendants/Appellants
Consist Software Solutions, Inc. f/k/a Consist
International Inc. and Natalio Fridman*

Attachments

**BAKER & McKENZIE**

By: _James D Jacobs by permission MAT_
　　James David Jacobs, Esq.
1114 Avenue of the Americas
New York NY 10036-7703
Telephone: (212) 891-3951
Facsimile: (212) 310-1651

*Attorneys for Plaintiffs/Appellees
Software AG, Inc. and Software AG*

# EXHIBIT A

## The Brazilian Trademark Action

*Consist Consultoria Sistemas E Representaçoes LTDA v. Software AG Informatica E Servicos LTDA.*

### *Unofficial English Translation*

March 4, 2008 - Issuance of Court Decision
Pages 140/158: Indeed, the defendant [Software AG] is right, having submitted several documents, particularly the recent ruling of the court in New York, which recognized the defendant's rights over the trademarks that are being discussed in this lawsuit. The plaintiff [Consist] mislead me by not informing very relevant fact. Therefore, I revoke the injunction. In regard to the other aspects, await the answer. Notify the parties.

*Portuguese Version* (Please note that the following was obtained from the Brazilian court's website, as we have been unable to obtain a hard copy)

04/03/2008 Despacho Proferido
Fls. 140/158: De fato, com razão a ré, a qual trouxe fartos documentos, em especial a recente sentença da Corte de Nova Iorque, reconhecendo os direitos da ré sobre as marcas aqui discutidas. A autora induziu este juízo em erro ao não informar o fato de extrema relevância. Assim, revogo a tutela antecipada. No mais, aguarde-se a contestação. Int.

AI n. 7.228.931-9

1. Defiro o efeito suspensivo e, consequentemente, suspendo a eficácia da r. decisão recorrida até o julgamento, pelo Colegiado, deste recurso. É que vislumbro o *fumus boni iuris* e o *periculum in mora* que favorecem a agravante.

2. Quanto ao primeiro, não vejo antagonismo entre os termos da cláusula 3ª, seja qual for a tradução correta. O *finito* não pode conter o *infinito*, de sorte que se o contrato de representação tinha limitação de tempo — e tinha — e poderia, ainda, ser rescindido sem justa causa mediante notificação prévia — como podia — não poderia conter, *logicamente*, disposição que remetesse a vigência depois de sua rescisão. Seria um absurdo e é regra elementar de hermenêutica a que ordena o desprezo as interpretações que levem ao absurdo. Assim, harmonizando as disposições contratuais, há de se concluir que o prazo indeterminado, ou o perpétuo, de que fala o contrato, está limitado pelo prazo de sua vigência. Não é de se estranhar, pois, tenha sido o entendimento da MM. Juíza norte-americana, da primeira ação, de que o contrato expirou em 31.12.07 (cf. fls. 173), e que o MM. Juiz MACMAHON, da Circunscrição Judiciária de Nova York, tenha impedido a agravada de tomar qualquer medida judicial contra a agravante ou de impedi-la de comerciar ou prestar assistência relativamente à sua marca.

3. O perigo de mora, de outra parte, consiste na perda, pela agravante, de recursos fruto de sua atividade empresarial. Não se vê prejuízos para terceiros porquanto a recorrente bem poderá substituir a recorrida na assistência técnica a eles. Convém lembrar, aliás, não estar legitimada a agravada para, em nome próprio, defender direitos de terceiros (cf. CPC, 6º). De qualquer forma, se prejuízo houver, será dela, agravada exclusivamente. Forçoso é reconhecer, porém, que estava ela sujeita a contrato por prazo determinado ou a rescisão imotivada, pelo que a cessação dos negócios era esperada.

4. Esclarece-se que não há aqui qualquer pré-julgamento. As decisões judiciais devem ser necessariamente fundamentadas sob pena de nulidade (cf. CF, 93, IX), o que inclui as decisões interlocutórias, concessivas ou negatórias de tutela de urgência. O que difere tais

decisões das sentenças de mérito e sua *provisoriedade*, e não a sua *fundamentação*, que pode e deve ser *exauriente*. E erro palmar em matéria de Direito Processual Civil entender que as decisões interlocutórias devem ser fundamentadas superficialmente, para não se ingressar no mérito. Muito ao contrário, deve ser a decisão, quer concessiva, quer negatória do pedido da parte, bem fundamentada a fim de que ela possa saber os motivos dela.

5.  É o que se decide em foro de tutela de urgência. O Colegiado, evidentemente, dará a palavra final que poderá ser diversa.

6.  Oficie-se.

7.  Às agravadas para contraminutarem, se quiserem, no prazo legal.

Intimem-se.

São Paulo, 3 de março de 2008.

SILVEIRA PAULILO
Relator

**Brazilian Maintenance Action**

*Consist Consultoria Sistemas E Representaçoes LTDA and Consist Software LTDA v. Software AG and Software AG Brazil Informactica E Servicos LTDA.*

*Unofficial English Translation*

Interlocutory Appeal # AI 7.228.931-9

1.      I hereby grant the injunctive relief and, consequently, immediately suspend the effects of the appealed decision until this interlocutory appeal is ruled by the State Court of Appeals, for that I find present the grounds and requirements of indication of a right to be protected (*fumus boni iuris*) and imminent risk of irreparable harm (*periculum in mora*) that favor the appellant (Software AG).

2.      In regard to the first legal requirement (i.e., *fumus boni iuris*), I do not find any antagonism between the provisions of clause 3, regardless of whichever may be the correct translation. The *finite* cannot contain the *infinite*, hence if the agreement contains a limited term of validity – and it did – and, further, could have been terminated without just cause upon prior notice – and this was possible – evidently it could not contain a provision that referred it to effectiveness after it was terminated. This would be an absurdity, and the disregard of interpretations that lead to an absurdity constitutes a basic rule of interpretation. Thus, harmonizing the contractual clauses, it must be concluded that the indefinite term of validity, or perpetual term, referred in the contract, is limited by the term of its effectiveness. Therefore, is it not odd that the U.S. judge that handled the first lawsuit found that the contract expired on December 31, 2007 (page 173) and that Judge MCMAHON, of the New York court, barred the appealed party (Consist) from pursuing any legal action against the appellant (Software AG) or prevent it from providing technical support to its brand.

3.      The risk irreparable harm/damages (*periculum in mora*), caused by the opposite party (Consist), resides in the loss by the appellant (Software AG) of resources generated by the business in which it is engaged. There are no damages in regard to third parties inasmuch as the appellant (Software AG) may perfectly replace the appealed party (Consist) in the technical support that is provided to them. It is worthy to emphasize that the appealed party (Consist) is not a legitimate party to

defend, in its own name, third parties' interests (Article 6 of the Brazilian Code of Civil Procedure). Anyway, if there were any damages in this case, they would be caused by the appealed party (Consist), exclusively. Moreover, it must be recognized that it (Consist) was subject to a contract that had a predetermined term of validity and subject to termination without cause, thus the interruption of the business was foreseeable.

4.  It should be clarified that there is no prejudgment in this regard. The court's ruling must necessarily be grounded, under penalty of nullity (Article 93 "IX" of the Brazilian Constitution), and this principle covers the interlocutory appeals decisions that grant or reject injunctions. What differentiates decisions from rulings on merits is the provisory aspect of the former, not the grounding, which may and should be exhaustive. It is an error in civil procedural law matter to adopt the understanding that the interlocutory decisions should be superficially grounded, so that the merits are not covered. Quite to the contrary, the decision, whether it is a grant or a rejection of the party's claim, must be well-grounded so that the motivation thereof is acknowledged.

5.  The foregoing constitutes what is ruled as urgent matter. Evidently, the Panel of Justices will issue the definitive ruling, which may differ.

6.  Publish this ruling.

7.  Notify the appealed parties (Consist) to reply to the interlocutory appeal, should they so desire, within the legal term.

    Notify the parties hereon.

    São Paulo, March 3, 2008.

    (signed)
    SILVEIRA PAULILO
    Reporting Justice

# EXHIBIT B

James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036-7703
Tel: 212-626-4100
FAX: 212-310-1600

Attorneys for Plaintiffs-Appellees
Software AG, Inc. and Software AG

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SOFTWARE AG, INC. and SOFTWARE
AG,

                          Plaintiffs,

           -against-

CONSIST SOFTWARE SOLUTIONS,
INC. f/k/a CONSIST INTERNATIONAL,
INC. and NATALIO FRIDMAN,
                          Defendants.

Case No. 08-CV-00389 (CM) (FM)

**DECLARATION OF MARCIO
POLTO**

MARCIO POLTO declares and states as follows:

     I.     I am a partner in the Brazilian law firm Trench, Rossi e Watanabe

Advogados associated with Baker & McKenzie International, a Swiss Verein, Av. Dr.

Chucri Zaidan, 920, 13th floor, São Paulo, SP, Brazil. I have been working as a lawyer

since 1996 and joined Baker & McKenzie International, a Swiss Verein in 1998. I am also

a full professor of law, in the field of civil procedure, and have taught in different law

schools in the State of São Paulo. I am an attorney duly licensed to practice law in the

Federative Republic of Brazil under OAB/SP License No. 144.384. I have held this license

1

since 1996. I attended the University of São Paulo Law School, and graduated with a law degree in 1995. I have a specialization in civil and commercial law and also earned a masters degree in law ("L.L.M.") at the University of Pennsylvania Law School in 2005. In 2005, I also practiced law in the United States, as a foreign lawyer, taking part in the dispute resolution group at Baker & McKenzie LLP. I am fluent in English.

2.      Consist Consultoria Sistemas e Representações Ltda. and Consist Software Ltda. (collectively referred to as "Consist Brazil") brought two lawsuits against Software AG, Inc. and Software AG Informática e Serviços Ltda. (collectively referred to as "Software AG") in the Brazilian courts, one for trademark infringement and the other related to maintenance services ("Brazilian Actions").

3.      Under Brazilian Code of Civil Procedure Article 267, Item VIII, Paragraph 4, Consist Brazil can voluntarily withdraw both Brazilian Actions without prejudice as long as Software AG does not answer the respective complaints or the time to answer has not expired. Indeed, Software AG has not yet answered the complaint in either lawsuit, nor has the time expired.

4.      Therefore, Consist Brazil will not be prejudiced if it withdraws both Brazilian Actions as ordered by Judge Colleen McMahon on February 21, 2008 ("February 21, 2008 Order").

5.      If Consist Brazil prevails in its appeal of the February 21, 2008 Order, Consist Brazil can simply re-file both Brazilian Actions and get the same relief that it originally requested.

6.      Under Brazilian Code of Civil Procedure Article 267, Item V, and Article 268, Sole Paragraph, Consist Brazil can voluntarily withdraw and re-file each Brazilian

2

Action up to three (3) times. Therefore, after originally filing and withdrawing the Brazilian Actions, Consist Brazil can thereafter again voluntarily withdraw and re-file each Action up to two (2) times, with no penalty or prejudice to Consist Brazil (except for the relevant judicial costs for re-filing the lawsuits).

7.     Based on the nature of both Brazilian lawsuits, under Brazilian Civil Code Article 205, the applicable statute of limitation for all claims pled in those Actions is ten (10) years.  The 10 year period begins on the date that Consist Brazil's rights were allegedly violated by Software AG.

8.     Furthermore, under Brazilian Code of Civil Procedure Article 265, Item II, Paragraph 3, the Brazilian Actions can be stayed by mutual agreement between the parties, duly ratified by the trial judge, for a maximum period of six (6) months and can only be extended by judicial order in the judge's discretion.

9.     Considering that the ongoing litigation in the United States cannot be held and construed as "pending litigation" for the purposes of Brazilian Code of Civil Procedure Article 265, Item IV, a), Paragraph 5, the one-year stay period set forth in such Article does not apply to the Brazilian Actions.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:
March 5, 2008

_____
Marcio Polto

3

# EXHIBIT C

NOTICE TO ALL CUSTOMERS RECEIVING MAINTENANCE SUPPORT FOR

**ADABAS** and **NATURAL**

REGARDING DECISION OF

UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF NEW YORK

Case No. 08-00389 (CM)

*Software AG, Inc. and Software AG*

*v.*

*Consist Software Solutions, Inc. f/k/a Consist International, Inc. and Natalio Fridman*

Dear Consist Customer:

This letter is to notify customers receiving maintenance support from your local Consist affiliate for ADABAS (data management solution), NATURAL (application environment) or any other product of Software AG of certain decisions and rulings made by the United States District Court, Southern District of New York in two actions brought between Consist Software Solutions, Inc. f/k/a Consist International and Software AG, Inc. These decisions will affect how you receive maintenance support for your software products.

The following rulings were made by the United States District Court, Southern District of New York on December 17, 2007 after a trial in an action entitled *Consist Software Solutions, Inc. v. Software AG, Inc. and Software AG*, Case No. 07-7047:

1. Software AG, Inc. properly terminated the 1998 Distributor Agreement between Software AG, Inc. and Consist Software Solutions, Inc. f/k/a Consist International, Inc. effective December 31, 2007.

2. As a result of that termination, Consist Software Solutions is no longer the exclusive distributor of Software AG software products, including but not limited to ADABAS and NATURAL, in Brazil, Argentina, Chile, Bolivia, Peru, Paraguay, and Uruguay.

Consist has appealed these rulings to the United States Court of Appeals for the Second Circuit. That appeal is pending.

The following rulings were made, on a preliminary (that is – non-final) basis, by the United States District Court, Southern District of New York on February 21, 2008, in an action entitled *Software AG, Inc. and Software AG v. Consist Software Solutions, Inc. f/k/a Consist International, Inc. and Natalio Fridman*, Case No. 08-00389:

1. Due to the termination of the 1998 Distributor Agreement, Software AG is not obligated to provide Consist with Level 2 or Level 3 product support for customers utilizing ADABAS, NATURAL or any other Software AG product after December 31, 2007. Software AG is not obligated to provide Consist with software updates or new software releases for these products.

2.    As a result, Consist will not be able to provide customers with Software AG authorized and supported maintenance, software updates, or new software releases for customers with contracts extending beyond December 31, 2007.

3.    The trademarks ADABAS, NATURAL, TAMINO, ENTIRE-X, COM-PLETE, and PREDICT are associated with Software AG products.  Consist Software Solutions, Inc. is prohibited from preventing Software AG from utilizing these trademarks in Brazil, Argentina, Chile, Bolivia, Peru, Paraguay, and Uruguay.

Consist has appealed these preliminary rulings to the United States Court of Appeals for the Second Circuit.  That appeal is pending.  The litigation between the parties continues.

If you have a maintenance contract with Consist and require Level 2 or Level 3 technical support, please direct any inquiries regarding you Software AG products to Software AG at _____, while these appeals are pending.


Sincerely,

CONSIST SOFTWARE SOLUTIONS

**3**

S.D.N.Y.-N.Y.C.
08-cv-0389
McMahon, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand eight,

Present:

> Hon. Sonia Sotomayor,
> Hon. Debra Ann Livingston,
> > *Circuit Judges,*
>
> Hon. Loretta A. Preska,[*]
> > *District Judge.*



Software AG, Inc. and Software AG,

> *Plaintiffs-Appellees,*

v.

Consist Software Solutions, Inc., *et al.,*

> *Defendants-Appellants.*

08-0879-cv
08-0905-cv

Appellees move this Court that an anti-suit injunction issued by the district court be vacated or stayed pending appeal. Upon due consideration, it is hereby ORDERED that the motion is DENIED. The appellees have not made a sufficient showing of irreparable harm or a substantial possibility of success on appeal. *See Mohammed v. Reno,* 309 F.3d 95, 100-01 (2d Cir. 2002).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk
>
> By:

---

[*] The Honorable Loretta A. Preska of the United States District Court for the Southern District of New York, sitting by designation.

**4**

**Jacobs, James D.**

| | |
|---|---|
| **From:** | Jacobs, James D. |
| **Sent:** | Tuesday, March 11, 2008 9:34 PM |
| **To:** | Schaffer, Hyman L. |
| **Cc:** | Jacobs, Fran M.; Damiano, Brian J.; Gulia, Gregory P.; Turschmann, Michael A.; Gasparo, Frank M; Ballard, Marcella; Koh, Catherine |
| **Subject:** | RE: Consist's Compliance with Decision and Order |

Dear Hyman,

I do not see any difference between my emails.  What I find significant is the total absence of a substantive reply to my legitimate questions.  We shall act accordingly.

Regards,


-----Original Message-----
From: Schaffer, Hyman L. [mailto:HLSchaffer@duanemorris.com]
Sent: Tue 3/11/2008 6:38 PM
To: Jacobs, James D.
Cc: Jacobs, Fran M.; Damiano, Brian J.; Gulia, Gregory P.; Turschmann, Michael A.; Gasparo, Frank M; Ballard, Marcella; Koh, Catherine
Subject: Re: Consist's Compliance with Decision and Order

Dear jim- this is far different from your email of this morning. I probably should expect no different by now. We intend to and are complying with the courts order period. I don't know what other provisions of the order you are referrong to. Perhaps you will specify them foe me if you can. If we aren't complyng we will.

----- Original Message -----
From: Jacobs, James D. <James.D.Jacobs@BAKERNET.com>
To: Schaffer, Hyman L.
Cc: Jacobs, Fran M.; Damiano, Brian J.; Gulia, Gregory P.; Turschmann, Michael A.; Gasparo, Frank M <Frank.M.Gasparo@BAKERNET.com>; Ballard, Marcella <Marcella.Ballard@BAKERNET.com>; Koh, Catherine <Catherine.Koh@BAKERNET.com>
Sent: Tue Mar 11 18:24:12 2008
Subject: Consist's Compliance with Decision and Order

Dear Hyman,

Thank you for your email.   However, it raises a number of questions, some of which are in the next paragraph.

Would you please explain what it means that "The opinion itself is being delivered to Consist's customers individually"?  Does that it mean that it is being hand delivered?  If so, what are Consist's employees saying, if anything, upon delivery.  Or is it as you told me yesterday that Consist will be sending the Decision and Order to each customer in an email.   Or is it by some other means of delivery?  When do you expect delivery to be completed?  How many Decisions and Orders have been delivered as of this

evening?  Furthermore, when do you expect defendants will file their certificate of compliance?

We do not agree that there is substantial compliance without delivery of the Decision and Opinion to Consist's customers and filing of the certificate of compliance, both of which we view as among the most important provisions in the Decision and Order.  And of course the Decision and Order had provisions other than those which you mention with which defendants had to comply.

As I told you this afternoon, my clients are quite concerned about the delay.  Already 19 days have past since Judge McMahon issued the Decision and Order.  Absent satisfactory answers to the above questions by tomorrow morning, we will likely move the court for contempt.

Regards,

James David Jacobs
Baker & McKenzie LLP
1114 Avenue of Americas
New York, NY  10036
Office:  +1 212 891 3951
Cell:  +1 917 660 3425
Fax:  +1 212 310 1651

---

From: Schaffer, Hyman L. [mailto:HLSchaffer@duanemorris.com]
Sent: Tuesday, March 11, 2008 5:51 PM
To: Jacobs, James D.
Cc: Jacobs, Fran M.; Damiano, Brian J.; Gulia, Gregory P.; Turschmann, Michael A.; Gasparo, Frank M; Ballard, Marcella; Koh, Catherine
Subject: RE: Consist's Compliance with Decision and Order

Jim--My understandindg is that both Brazilian actions either have been or are in the process of being dismissed. Since there have been appearances by your counterparts, I understand that their consent is now required, and my information is that consent has either already been given or will be given shortly. The translated opinion now appears on Consist's websites. The opinion itself is being delivered to Consist's customers individually. I think that we are certainly in at least substantial compliance with the Court's order. If you have any different information or view, please let me know as soon as possible.--Hyman

---

From: Jacobs, James D. [mailto:James.D.Jacobs@BAKERNET.com]
Sent: Tuesday, March 11, 2008 11:30 AM
To: Schaffer, Hyman L.
Cc: Jacobs, Fran M.; Damiano, Brian J.; Gulia, Gregory P.; Turschmann, Michael A.; Gasparo, Frank M; Ballard, Marcella; Koh, Catherine
Subject: Consist's Compliance with Decision and Order

Dear Hyman,

During yesterday's call you told me that Consist and Fridman should be in compliance with Judge McMahon's Decision and Order of February 21, 2008 by yesterday evening.  As best we can tell your clients have made no progress in complying with that order.

You have not returned my telephone call of approximately 45 minutes ago.  During that call I intended to inquire when your clients would be in compliance.  We certainly do not want to bring unnecessary motions for contempt.  Please call me by 12 noon today to report your clients' intentions.  Absent a sufficient representation that your clients intend to be in substantial compliance by this evening, we have no choice but to move for contempt.

Regards,


James David Jacobs
Baker & McKenzie LLP
1114 Avenue of Americas
New York, NY  10036
Office:  +1 212 891 3951
Cell:  +1 917 660 3425
Fax:  +1 212 310 1651

Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Click here <http://www.bakernet.com/disclaimer_bm> or visit www.bakernet.com/disclaimer_bm for other important information concerning this message.


Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

3

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.