James David Jacobs
Frank M. Gasparo
Marcella Ballard
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036-7703
Tel: 212-626-4100
FAX: 212-310-1600

Attorneys for Software AG, Inc.
and Software AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOFTWARE AG, INC. and SOFTWARE AG,<br><br>　　　　　　　　　　Plaintiffs,<br><br>-against-<br><br>CONSIST SOFTWARE SOLUTIONS, INC. f/k/a CONSIST INTERNATIONAL, INC. and NATALIO FRIDMAN,<br>　　　　　　　　　　Defendants. | Case No. 08-CV-00389 (CM) (FM)<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO HOLD DEFENDANTS IN CONTEMPT** |

Plaintiffs Software AG and Software AG, Inc. ("Software AG") submit this memorandum in support of their Motion to hold defendants Consist Software Solutions, Inc. and Natalio Fridman ("Defendants") in contempt of this court's Decision and Order Granting Plaintiffs' Motion for Preliminary Injunction dated February 21, 2008 (the "Preliminary Injunction Decision").

## FACTS

On February 21, 2008 this Court issued the Preliminary Injunction Decision. That decision granted Defendants 10 days to comply with its provisions. In pertinent part that decision orders Defendants to (1) mail to each of its customers a copy of the Preliminary Injunction Decision, (2) certify to this Court under oath that steps have been taken as outlined in the Preliminary Injunction Decision and (3) describe in the certification, with particularity, exactly what has been done to comply with the Decision. (Decision, p. 33). According to Federal Rule Civil Procedure 6(a) Defendants' last day to comply was Thursday, March 6.

On February 22, 2008 Defendants appealed to the Second Circuit the Preliminary Injunction Decision and on February 25, 2008 they moved the Court of Appeals for the Second Circuit ("Second Circuit") to vacate or stay that decision pending full appeal. Defendants did not move to expedite the appeal.

Software AG and Defendants orally argued Defendants' stay motion before the Second Circuit on March 4, 2008. At the oral argument the Second Circuit requested that the parties respond to two questions raised during the oral argument on or before Thursday March 6, 2008. Subsequently, the Second Circuit extended Defendants' time to comply with the Preliminary Injunction Decision to 5 p.m. on March 7, 2008. (*See* Jacobs Decl., Ex. 1)

The parties submitted a joint letter to the Second Circuit on March 6, 2008 setting forth their respective positions on the two questions. In that letter the parties also informed the Second Circuit that the court in the Brazilian Trademark Action vacated the ex parte preliminary injunction on March 5, 2008 and a single judge of the Brazilian

2

Court of Appeals in the Brazilian Maintenance Action suspended enforcement of the lower court's ex parte preliminary injunction. (*See* Jacobs Decl., Ex. 2)

As best Software AG can determine, Defendants did not make any effort to comply with the Preliminary Injunction Decision until yesterday, Tuesday, March 11, 2008. Yesterday afternoon Defendants posted a Portuguese translation of the Preliminary Injunction Decision on their Brazilian web site and first contacted Software AG's Brazilian attorneys to arrange withdrawal of the Brazilian suit. However, Defendants did not include on their web site a statement as the Preliminary Injunction Decision required that the Preliminary Injunction Decision "is binding on Consist and Fridman unless and until such order is overturned by a court o competent jurisdiction in the United States of America".

On March 10, 2008, the Court of Appeals for the Second Circuit ("Second Circuit") denied Defendants' emergency motion to vacate or stay enforcement of the Court's Preliminary Injunction Decision. (*See* Jacobs Decl., Ex. 3)

As of last night Software AG has no indication that Defendants have started to send the Preliminary Injunction Decision to their customers. Furthermore, Defendants have avoided stating by when Defendants intend to be in compliance with the Preliminary Injunction Decision and when Defendants intend to file their certificate of compliance as the Preliminary Injunction Order required. (*See* Jacobs Decl., Ex. 4)

**ARGUMENT**

These facts clearly justify holding Defendants in contempt of the Preliminary Injunction Decision. In this Circuit a party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear

3

and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal citations omitted). It need not be established that the violation was willful, even though it is abundantly clear that Defendants' refusal in this instance to comply with the Preliminary Injunction Decision is willful. *Id.* at 645.

The proof of Defendants' noncompliance is clear and convincing. As of Wednesday, March 12, 2008, five days after Defendants should have been in full compliance and three days after they learned that the Second Circuit denied their motion to stay the Preliminary Injunction Decision, Consist has failed to "certify to this Court *under oath* that steps have been taken as outline in this order". Also, Defendants apparently have not yet sent the Preliminary Injunction Decision to its customers. In what other ways they have failed to comply with this Court's Preliminary Injunction Decision are unknown. Clearly, Consist has not diligently attempted to comply in any reasonable manner.

*Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645 (2d Cir. 2004), is directly on point. This Circuit held that the contempt sanction was proper where the defendant clearly failed to reasonably and diligently comply with the district court's clear and unambiguous order to "immediately take all steps necessary to cause dismissal" of an action it filed in Brazil to evade arbitration.

## CONCLUSION

For the reasons stated above the present motion should be granted in all respects.

Dated: New York, New York
       March 12, 2008                    BAKER & McKENZIE LLP


                                         By:  */s James David Jacobs*
                                              James David Jacobs
                                              Frank M. Gasparo
                                              Marcella Ballard
                                              1114 Avenue of the Americas
                                              New York, New York 10036
                                              (212) 626-4100

                                              Attorneys for Defendant/Counter-Plaintiff
                                              Software AG, Inc. and Defendant Software
                                              AG